SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice* app. to be filed)
Andrew C. Boutros (*pro hac vice* app. to be filed)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendant
FUTUREWEI TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX Labs, Inc., Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. 5:18-cv-00534-BLF<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:         April 5, 2018<br>Time:        9:00 a.m.<br>Courtroom: 3 - 5th Floor<br><br>Complaint Filed:   Dec. 28, 2017 |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 5, 2018, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 - 5th Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Defendant Futurewei Technologies, Inc. ("Futurewei" or "Defendant") will move and hereby does move to dismiss Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc.'s ("CNEX") (collectively "Plaintiffs") Complaint under 28 U.S.C. § 1404(a). Should this Court decide not to dismiss Plaintiffs' Complaint, Futurewei alternatively requests that this action be transferred to the United States District Court for the Eastern District of Texas.

Futurewei moves this Court to enforce the mandatory Texas forum selection clause contained in the employment agreement on which Plaintiffs seek relief, and to dismiss this action or transfer it to the appropriate venue, Eastern District of Texas. Such forum selection clauses are prima facie valid, and courts routinely enforce them to dismiss or transfer actions brought by former employees seeking declaratory relief on employment agreements containing such clauses. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 579 (2013) ("enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system … a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

Moreover, courts routinely enforce forum selection clauses against non-signatories, such as Huang's current employer CNEX (which he also co-founded), who are closely related to the contractual relationship. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988); *Meras Engineering, Inc. v. CH20, Inc.*, No. C–11–0389 EMC, 2013 WL 146341, *13 (N.D. Cal. Jan. 14, 2013) (enforcing employment agreement's Washington forum selection clause against former employees and their non-signatory new employer who sought to invalidate an employment agreement with the former employer).

Plaintiffs cannot demonstrate any legally justifiable basis to avoid dismissal or transfer. Accordingly, this Court should reject Plaintiffs' attempt to clothe themselves with California's alleged public policies to analytically leapfrog the mandatory forum selection clause. California federal courts have repeatedly held that courts need not and should not address purported public policy concerns in a choice of law analysis where a valid forum selection clause exists, even in cases involving alleged violations of

1

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE
ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

California Business and Professions Code section 16600.

In the final alternative, Futurewei moves for an order staying the instant action until the completion of the action in the parties' parallel, pending action in Eastern District of Texas, in order to conserve judicial resources, minimize duplicative litigation, and avoid the risk that inconsistent obligations will be imposed on the parties. *See Huawei Technologies Co. Ltd. et al. v. Huang et al.*, No. 4:17-cv-00893 (E.D. Tex., filed Dec. 28, 2017).

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the Declarations of Paul C. Hashim and D. Joshua Salinas, the Request for Judicial Notice, and any other papers on file herein, and upon such other and further oral and written information as may be presented at or before the hearing on this motion.

DATED: January 31, 2018                     SEYFARTH SHAW LLP


By:   */s/ Robert B. Milligan*
      Robert B. Milligan
      D. Joshua Salinas
Attorneys for Defendant FUTUREWEI, TECHNOLOGIES, INC.