SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice* app. to be filed)
Andrew C. Boutros (*pro hac vice* app. to be filed)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendant
FUTUREWEI TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX Labs, Inc., Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation; and DOES 1 through 10,<br><br>Defendant. | Case No. 5:18-cv-00534-BLF<br><br>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:           April 5, 2018<br>Time:           9:00 a.m.<br>Courtroom:   3 - 5th Floor<br><br>Complaint Filed:   Dec. 28, 2017 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 2

III. ARGUMENT ....................................................................................................................... 4

    A. The Mandatory Texas Forum Selection Clause Requires Dismissal or Transfer of this Action. ............................................................................................... 4

        1. The forum selection clause is presumptively valid and enforceable. ................ 5

        2. The forum selection clause is binding on CNEX because CNEX is a closely related party. ......................................................................................... 6

        3. The *Atlantic Marine* analysis weighs heavily in favor of dismissal or, in the alternative, transfer. ..................................................................................... 7

            a. Plaintiffs' choice of forum bears no weight. ........................................... 8

            b. The Court need only consider the public interest factors when evaluating the forum selection clause, and those factors do not defeat transfer of this action. .................................................................. 8

        4. Plaintiffs cannot establish that litigation in Texas is inconvenient or improper. ............................................................................................................ 9

        5. Enforcement of the forum selection clause does not contravene any strong public policy of California. ..................................................................... 10

        6. Public policy favors the enforcement of the forum selection clause. ............. 12

    B. Alternatively, the Court Should Stay this Action in the Interest of Judicial Comity. .................................................................................................................... 13

IV. CONCLUSION .................................................................................................................. 14

i

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*AJZN, Inc. v. Yu*,
   No. 12–CV–03348–LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) .................................6, 10, 11

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
   134 S. Ct. 568 (2013) ............................................................................................................. passim

*Besag v. Custom Decorators, Inc.*,
   No. CV08-05463 JSW, 2009 WL 330934 (N.D. Cal. Feb. 10, 2009) .........................................5, 11

*Biotronik, Inc. v. St. Jude Med. S.C., Inc.*,
   No. 3:12-CV-1057-AA, 2012 WL 3264050 (D. Or. Aug. 5, 2012).................................................7

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585, 111 S. Ct. 1522 (1991)...........................................................................................12

*In re Google, Inc.*,
   2014 WL 5032336 (Fed. Cir. 2014)..............................................................................................13

*Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*,
   949 F. Supp. 1427 (N.D. Cal. 1997) ...............................................................................................7

*Gulf Oil Co. v. Gilbert*,
   330 U.S. 501 (1947) ........................................................................................................................8

*Harrison v. Synthes USA Sales, LLC*,
   No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662 (E.D. Cal. Mar. 13, 2013)...............................6

*Hartstein v. Rembrandt IP Solutions, LLC*,
   No. 12– CV–2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) .......................................6, 10

*Hopkinson v. Lotus Dev. Corp.*,
   No. C 95-1389 FMS, 1995 WL 381888 (N.D. Cal. June 20, 1995) ..............................................10

*Huawei Technologies Co. Ltd. et al. v. Huang et al.*,
   No. 4:17-cv-00893 (E.D. Tex., filed Dec. 28, 2017) .......................................................................2

*Jones v. GNC Franchising*,
   Inc.,  211 F.3d 495, 498 (9th Cir. 2000) ..........................................................................................5

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
   342 U.S. 180 (1952).......................................................................................................................13

*Knapp v. Depuy Synthes Sales Inc.*,
   983 F. Supp. 2d 1171 (E.D. Cal. 2013)...........................................................................................6

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972).......................................................................................................................5, 10

ii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

*Mahoney v. Depuy Orthopedics*,
   No. CIV F 07-1321 AWI SMS, 2007 WL 3341389 (E.D. Cal. Nov. 8, 2007) ...................... 6, 10, 11

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
   858 F.2d 509 (9th Cir. 1988) ............................................................................................ 1, 5, 6

*Marth v. Innomark Commc'ns LLC*,
   No. CV 16-8136 DMG (RAO), 2017 WL 3081684 (C.D. Cal. Apr. 19, 2017) ........................ 6

*Mechanix Wear, Inc. v. Performance Fabrics, Inc.*,
   No. 216CV09152ODWSS, 2017 WL 417193 (C.D. Cal. Jan. 31, 2017) ................................ 4, 6

*Meras Engineering, Inc. v. CH20, Inc.*,
   No. C–11–0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) ................................... *passim*

*Merial Ltd. v. Cipla Ltd.*,
   681 F.3d 1283 (Fed. Cir. 2012) ................................................................................................ 13

*Meyer v. Howmedica Osteonics Corp.*,
   No. 14CV2496 AJB NLS, 2015 WL 728631 (S.D. Cal. Feb. 19, 2015) .................................... 6

*Monastiero v. appMobi, Inc.*,
   No. C 13-05711 SI, 2014 WL 1991564 (N.D. Cal. May 15, 2014) ........................................... 4

*Paster v. Putney Student Travel, Inc.*,
   No. CV99-2062 RSWL, 1999 WL 1074120 (C.D. Cal. June 9, 1999) ...................... 5, 9, 10, 12

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
   741 F.2d 273 (9th Cir. 1984) ...................................................................................................... 5

*R.A. Argueta v. Banco Mexicano*,
   S.A., 87 F.3d 320 (9th Cir. 1996) ........................................................................................... 5, 9

*Rowen v. Soundview Commc'ns, Inc.*,
   No. 14-CV-05530-WHO, 2015 WL 899294 (N.D. Cal. Mar. 2, 2015) ...................................... 6

*Russel v. De Los Suenos*,
   No. 13-CV-2081-BEN DHB, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) ............................. 5

*In re Segal*,
   No. 11-10998-D, 2011 WL 1582517 (11th Cir. 2011) ............................................................... 8

*Spradlin v. Lear Siegler Mgmt. Servs. Co.*,
   926 F.2d 865 (9th Cir. 1991) ................................................................................................... 5, 9

*Stewart Org. Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ...................................................................................................................... 5

*Swenson v. T-Mobile United States, Inc.*,
   415 F. Supp. 2d 1101 (S.D. Cal. 2006) ........................................................................... 6, 10, 11

*Universal Operations Risk Management, LLC v. Global Rescue, LLC*,
   No. C 11–5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) ................................. 6, 8, 10

iii

*Universal Operations Risk Management, LLC v. Global Rescue, LLC*,
  No. C1-5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) .................................................. 6

*Whipple Industries, Inc. v. Opcon AB*,
  No. CV-F-05-0902 REC SMS, 2005 WL 2175871 (E.D. Cal. Sept. 7, 2005) .......................... 6, 10

**Federal Statutes**

28 U.S.C. § 1404(a) ................................................................................................................ *passim*

Defend Trade Secrets Act ........................................................................................................ 4, 13

Lanham Act .............................................................................................................................. 4, 13

Racketeer Influenced and Corrupt Organizations Act ............................................................. 4, 13

**State Statutes**

California Business and Professions Code § 16600 ........................................................ 5, 10, 11

Computer Fraud and Abuse Act .............................................................................................. 4, 14

Texas Uniform Trade Secrets Act ........................................................................................... 4, 13

iv

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

# I.     INTRODUCTION

Plaintiffs'[1] Complaint is a thinly veiled attempt to circumvent a mandatory forum selection provision that requires litigation of this action in Texas. Specifically, Plaintiffs seek declaratory relief arising from and related to an employment agreement between Futurewei and its former employee Huang, yet Plaintiffs' instant action deliberately violates that agreement's mandatory Texas forum selection clause. Accordingly, dismissal or transfer is warranted under 28 U.S.C. §1404(a) for the following reasons:

First, the employment agreement's mandatory forum selection clause is prima facie valid, and courts routinely enforce them by dismissing or transferring actions brought by former employees seeking declaratory relief on employment agreements containing such clauses.[2] *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 579 (2013) ("enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system … a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

Moreover, courts routinely enforce forum selection clauses against non-signatories, such as Huang's new employer CNEX (of which Huang is an owner), who are closely related to the contractual relationship. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Specifically, a forum selection clause is enforceable against a non-signatory under the closely related party doctrine where, as here, the entirety of the non-signatory's claims are based on interpreting and determining the validity of portions of the agreement containing that clause. *See Meras Engineering, Inc. v. CH20, Inc.*, No. C–11–0389 EMC, 2013 WL 146341, *13 (N.D. Cal. Jan. 14, 2013) (enforcing employment agreement's Washington forum selection clause against former employees and their non-signatory new employer who sought to invalidate a restrictive covenant agreement with the former employer).

---

[1] Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc. ("CNEX") are collectively referred to herein as "Plaintiffs." Defendant Futurewei Technologies, Inc. is referred to herein as ("Futurewei" or "Defendant").

[2] *See* collection of cases beginning at page 5, line 27 of this Memorandum.

1  Second, where, as here, a valid forum selection clause exists, Plaintiffs' choice of forum merits no weight, and Plaintiffs must establish that transfer to the forum for which the parties bargained is unwarranted under applicable law. *Atlantic Marine*, 134 S. Ct. at 581-582. Plaintiffs cannot make this showing. Under these circumstances, the Court must presume that the private interest considerations weigh entirely in favor of the pre-selected forum. *See id.* at 582. As such, the Court need only consider the public interest factors of potentially litigating this matter in Texas, albeit such factors "rarely defeat a transfer motion." *Id*. Plaintiffs cannot demonstrate any legally justifiable basis to avoid dismissal or transfer.

Accordingly, this Court should reject Plaintiffs' attempt to clothe themselves with California's alleged public policies to analytically leapfrog the mandatory forum selection clause. California federal courts have repeatedly held that courts need not and should not address purported public policy concerns in a choice of law analysis where a valid forum selection clause exists, even in cases involving restrictive covenants.[3] Thus, Futurewei respectfully asks this Court to dismiss this action or transfer it to the proper venue in Texas.

If the Court is not inclined to dismiss or transfer this action under the mandatory forum selection clause, this action should be stayed until completion of the parties' parallel and more comprehensive action pending in Texas to conserve judicial resources, minimize duplicative litigation, and avoid the risk that inconsistent obligations will be imposed on the parties. *See Huawei Technologies Co. Ltd. et al. v. Huang et al.*, No. 4:17-cv-00893 (E.D. Tex., filed Dec. 28, 2017).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Futurewei is a subsidiary of Huawei Technologies, Co., Ltd., which is a multinational networking and telecommunications equipment and services company that develops, manufactures, and sells a diverse range of products that promote interconnectivity, including cellular mobile infrastructure equipment (e.g. base stations), routers, switches, security, and data and cloud storage devices. *See* Declaration of Paul C. Hashim in Support of Defendant's Motion to Dismiss or, in the

---

[3] *See* collection of cases beginning at page 5, line 27 of this Memorandum.

Alternative, to Transfer, or to Stay ("Hashim Decl."), ¶ 5. Futurewei is a Texas corporation with its principal place of business in Plano, Texas. Decl. ¶ 4.

On January 19, 2011, Huang agreed to certain employment and post-employment obligations and restrictions with Futurewei. *See* Hashim Decl., ¶ 8, Ex. A ("Employment, Confidentiality, Proprietary Information and Inventions Agreement") (hereinafter referred to as the "Employment Agreement").

The Employment Agreement contains a mandatory Texas forum selection and jurisdiction consent provision in Paragraph 12(b):

> **(b) Exclusive Forum.** I hereby irrevocably agree that the exclusive forum for any suit, action, or other proceeding arising out of or in any way related to this Agreement shall be in the state or federal courts in Texas, and I agree to the exclusive personal jurisdiction and venue of any court in Collin County Texas.

The Agreement also contains a Texas governing law provision. *See* Hashim Decl., Ex. A, ¶ 12(a).

On or around May 31, 2013, Huang's employment with Futurewei ended. *See* Plaintiff's Complaint ("Compl."), ¶ 8. In June 2013, virtually overnight, Huang co-founded CNEX, purporting to have patents and technology similar, if not identical, to that of Futurewei. *Id*. at ¶ 9.

On or about July 30, 2016, Huang received a letter dated July 29, 2016 from Futurewei's counsel demanding that he assign certain patents to Futurewei. *Id*. at ¶ 26. Huang refused. Futurewei is informed and believes that Huang's employment with and assignment of certain patents and patent applications to CNEX violates the Employment Agreement. *Id*. at ¶ 27. Futurewei believes CNEX has purportedly interfered with and/or disputed the performance of the Employment Agreement. *Id*.

On or about September 7, 2016, Plaintiffs and Futurewei entered into a Confidentiality and Standstill Agreement in order to facilitate a discussion to resolve the dispute involving the Employment Agreement. *Id*. at ¶ 31. The Confidentiality and Standstill Agreement expired at noon Pacific time December 28, 2017. *Id*.

At noon Pacific time on December 28, 2017, Futurewei, and its parent company Huawei, filed a Complaint against Huang and CNEX in the United States District Court for the Eastern District of Texas, asserting seventeen causes of action arising from or related to Huang's violation of his

3

Employment Agreement: actual and threatened misappropriation of trade secrets (under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and common law); conspiracy to misappropriate trade secrets, RICO violations and RICO conspiracy, tortious interference with contractual and prospective business relations, unfair competition under the Lanham Act and Texas common and statutory law, corporate raiding, common law civil conspiracy, breach of contract, disclosure of confidential information, unjust enrichment, conversion, violations of the Computer Fraud and Abuse Act, and breach of fiduciary duty. *See* Defendant's Request for Judicial Notice in Support of Its Motion to Dismiss or, in the Alternative, to Transfer, or to Stay ("RJN"), Exs. 1-2.

Also at noon Pacific time on December 28, 2017, Plaintiffs filed the present action against Futurewei in the Santa Clara County Superior Court, which consists of four causes of action for declaratory relief regarding the enforceability and interference with the Employment Agreement. *See* Compl.

Futurewei filed a Notice of Removal on January 24, 2018, removing the Plaintiffs' state court action to federal court. *See* Docket Entry No. 1.

### III.   ARGUMENT

**A.   The Mandatory Texas Forum Selection Clause Requires Dismissal or Transfer of this Action.**

The mandatory Texas forum selection clause requires dismissal or transfer of this action under 28 U.S.C. §1404(a).[4] "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atlantic Marine,* 134 S. Ct. at 580. "In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id*. at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the

---

[4] Dismissal is appropriate here under *Monastiero v. appMobi, Inc.,* No. C 13-05711 SI, 2014 WL 1991564 (N.D. Cal. May 15, 2014), which enforced a Pennsylvania forum selection clause in employment agreement and dismissed the action under §1404(a). *See also Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 216CV09152ODWSS, 2017 WL 417193, at *9 (C.D. Cal. Jan. 31, 2017) (dismissing action based on Michigan forum selection clause). But for a variety of reasons, courts have chosen to transfer.

4
DEFENDANT'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

most proper forum." *Id.* (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)); *see also Russel v. De Los Suenos*, No. 13-CV-2081-BEN DHB, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) (dismissing case based on agreement's Mexico forum selection clause).

Even nonsignatories may be bound by forum selection clauses when they are closely related to the contractual relationship or dispute. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988).

The ***single most important factor*** for the Court to consider on a section 1404(a) motion to dismiss or transfer venue in a lawsuit that involves a forum selection clause, is the forum selection clause itself. *Jones v. GNC Franchising*, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("[T]he presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis."). Indeed, the forum selection clause must be the central focus of the court's analysis. *Stewart Org., Inc.*, 487 U.S. at 29 (a forum selection clause "figures centrally in the district court's calculus").

### 1. The forum selection clause is presumptively valid and enforceable.

Federal common law governs the enforceability of forum selection clauses in federal court. *R.A. Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 325 (9th Cir. 1996); *Manetti-Farrow*, 858 F.2d at 513 (9th Cir. 1988) (federal law governs enforcement of forum selection clauses in diversity cases). Forum selection clauses are presumptively valid and a party challenging them "bears a heavy burden of proof" to show that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972); *see also Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991).

This mandate has been widely recognized and routinely followed in this circuit. *See, e.g., Manetti-Farrow*, 858 F.2d at 514-15; *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279-80 (9th Cir. 1984); *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934, at *2 (N.D. Cal. Feb. 10, 2009); *Paster v. Putney Student Travel, Inc.*, No. CV99-2062 RSWL, 1999 WL 1074120, at *1 (C.D. Cal. June 9, 1999).

Moreover, even in disputes involving provisions alleged to be void under California Business and Professions Code section 16600, courts consistently uphold forum selection clauses and either

dismiss or transfer such actions. *See, e.g.*, *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 216CV09152ODWSS, 2017 WL 417193, at *9 (C.D. Cal. Jan. 31, 2017) (**dismissed**); *Marth v. Innomark Commc'ns LLC*, No. CV 16-8136 DMG (RAO), 2017 WL 3081684, at *4 (C.D. Cal. Apr. 19, 2017) (**transferred to the Southern District of Ohio**); *Rowen v. Soundview Commc'ns, Inc.*, No. 14-CV-05530-WHO, 2015 WL 899294, at *8 (N.D. Cal. Mar. 2, 2015) (**transferred to the Northern District of Georgia**); *Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB NLS, 2015 WL 728631, at *14 (S.D. Cal. Feb. 19, 2015) (**transferred to the District of New Jersey**); *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1178 (E.D. Cal. 2013) (**dismissed**); *Harrison v. Synthes USA Sales, LLC*, No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662, at *2-4 (E.D. Cal. Mar. 13, 2013) (**dismissed**); *Meras Eng'g, Inc. v. CH20, Inc.*, No. 11–CV–0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) (**dismissed**); *AJZN, Inc. v. Yu*, No. 12–CV–03348–LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) (**transferred to the District of Delaware**); *Hartstein v. Rembrandt IP Solutions, LLC*, No. 12–CV–2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) (**dismissed**); *Universal Operations Risk Management, LLC v. Global Rescue, LLC*, No. C 11–5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) (**dismissed**); *Mahoney v. Depuy Orthopedics*, No. CIV F 07-1321 AWI SMS, 2007 WL 3341389, at *8 (E.D. Cal. Nov. 8, 2007) (**dismissed**); *Swenson v. T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006) (**dismissed**); *Whipple Industries, Inc. v. Opcon AB*, No. CV-F-05-0902 REC SMS, 2005 WL 2175871, at *9-*10 (E.D. Cal. Sept. 7, 2005) (**dismissed**).

### 2. The forum selection clause is binding on CNEX because CNEX is a closely related party.

Forum selection clauses apply not just to signatories, but also to related parties. *Manetti-Farrow*, 858 F.2d at 514 ("[A] range of transaction participants, parties and non-parties, should benefit from and be subject to forum selection clauses."). District courts within the Ninth Circuit routinely enforce forum selection clauses against non-signatory parties when the non-signatory's claims or conduct is "closely related to the contractual relationship," including in employment agreement and restrictive covenant disputes. *See e.g., Universal Operations Risk Management, LLC*

6

*v. Global Rescue, LLC*, No. C1-5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012); *Meras Engineering, Inc. v. CH20, Inc.*, No. C–11–0389 EMC, 2013 WL 146341, *13 (N.D. Cal. Jan. 14, 2013) (enforcing employment agreement's Washington forum selection clause against former employees and their non-signatory new employer who sought to invalidate a restrictive covenant agreement with the former employer); *Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1434 (N.D. Cal. 1997) (enforcing New York forum selection clause against non-signatory because "[t]he causes of action alleged by [the non-signatory] relate to the central conflict over the interpretation of the [agreement], and therefore fall within the scope of the forum selection clause."); *Biotronik, Inc. v. St. Jude Med. S.C., Inc.*, No. 3:12-CV-1057-AA, 2012 WL 3264050 (D. Or. Aug. 5, 2012) ("Biotronik's claim arises from the Employment Agreement between Jue and St. Jude and is therefore 'closely related' to that contractual relationship.")

Here, CNEX is not a complete stranger to the Agreement containing the forum selection clause. Indeed, CNEX was co-founded by Huang. *See* Compl, ¶ 9. Moreover, Plaintiffs' entire action is based on Huang's Employment Agreement containing that forum selection clause. Resolving CNEX's claims against Futurewei necessarily involves interpreting and determining the validity of portions of the Employment Agreement. *See Meras*, 2013 WL 146341, at *11.

Enforcing the forum selection clause against CNEX also makes practical sense because it discourages contracting parties from using a third-party or other non-signatory to circumvent a forum selection clause that was initially bargained for by the contracting parties. Thus, CNEX is bound by the forum selection clause as a closely related party, and Plaintiffs' Complaint should be dismissed.

      **3.**      **The *Atlantic Marine* analysis weighs heavily in favor of dismissal or, in the alternative, transfer.**

As here, the presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. *Atlantic Marine*, 134 S. Ct. at 581. ***First***, the plaintiff's choice of forum merits no weight, and instead, the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581-582. ***Second***, the Court should not consider arguments about the parties' private interests. *Id.* at 582. ***Finally***, when "a party bound

7

by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.* at 582.

### a. Plaintiffs' choice of forum bears no weight.

When a plaintiff signs an agreement permitting him or her to bring suit only in a specified forum, the plaintiff has effectively exercised "venue privilege" before a dispute arises. *Atlantic Marine,* 134 S. Ct. at 581-82. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed. *Atlantic Marine,* 134 S. Ct. at 582.

As a closely related party, CNEX cannot circumvent its owner's/employee's (i.e., Huang) decision to consent to the forum selection provision while seeking to invalidate that same agreement alongside its employee. *See, e.g.*, *Universal Operations Risk Management, LLC*, 2012 WL 2792444; *Meras Engineering, Inc.*, 2013 WL 146341 at *13. As such, Plaintiffs' choice to sue in state court merits no weight in the transfer analysis under § 1404(a). *Atlantic Marine,* 134 S. Ct. at 582.

### b. The Court need only consider the public interest factors when evaluating the forum selection clause, and those factors do not defeat transfer of this action.

The Court need only consider the public interest factors when analyzing a forum selection clause. *Atlantic Marine*, 134 S. Ct. at 582. A party acting in violation of a forum selection clause bears the burden of showing that public interest factors overwhelmingly disfavor a transfer. *Atlantic Marine*, 134 S. Ct. at 583.[5] Nonetheless, "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. *Atlantic Marine*, 134 S. Ct. at 574; *see also In re Segal,* No. 11-10998-D, 2011 WL 1582517, *1 (11th Cir. 2011).

Public interest factors the Court can consider include, "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the

---

[5] Private interest factors that the Court should ignore include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *See, e.g.*, *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508-09 (1947).

interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Atlantic Marine,* 134 S. Ct. at 583.

Plaintiffs cannot meet their heavy burden to show that the public interest factors overwhelmingly disfavor enforcement of the mandatory forum selection clause. The local interest factor favors having the controversy in Texas because Futurewei's principal place of business is in Texas and, thus, the harm that Futurewei would suffer if Plaintiffs were to violate and/or interfere with the Agreement would significantly affect Futurewei's business in Texas.

Further, the Employment Agreement provides that Texas law shall govern. Thus, there is an interest in having the trial in Texas, which is at home with the law the Employment Agreement requires to govern the instant action. The public interest factors support dismissing this action. Plaintiffs cannot carry their heavy burden of showing that public interest factors overwhelmingly disfavor a dismissal.

### 4. Plaintiffs cannot establish that litigation in Texas is inconvenient or improper.

A party objecting to the enforcement of a forum selection clause on the ground that the agreed-to forum is unreasonable must meet the "**heavy burden** of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Argueta*, 87 F.3d at 325, *quoting Pelleport Investors*, 741 F.2d at 28 (emphasis added). "Courts have routinely rejected the notion that the expense or inconvenience of prosecuting an action in the designated forum rises to the level of depriving one's day in court. Courts recognize that accepting typical arguments about expense and inconvenience would nullify the advantages of forum selection clauses." *Paster*, 1999 WL 1074120, at *3.

Thus, any inconvenience Plaintiffs may experience, if any at all, in travelling to Texas is insufficient to overcome the strong legal presumption in favor of enforcing an agreed upon forum selection clause. *See, e.g.*, *Spradlin*, 926 F.2d at 866, 869 (enforcing forum selection clause

9

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

designating **Saudi Arabia** as forum for suit even though the plaintiff was located in the United States); *Whipple*, 2005 WL 2175871, at *8-*9 (California plaintiff's declaration that business is faced with employee layoffs, loss of reputation and possibly bankruptcy insufficient to overcome application of forum selection clause designating dispute venue as **Sweden**); *Paster*, 1999 WL 1074120, at *3 (rejecting plaintiff's argument that small amount of damages, most of evidence and witnesses are in California, and expense of litigating in **Vermont** would effectively deny plaintiff her day in court); *Hopkinson v. Lotus Dev. Corp.*, No. C 95-1389 FMS, 1995 WL 381888, at *3 (N.D. Cal. June 20, 1995) (financial hardship that California plaintiffs allegedly would suffer if forced to litigate in **Massachusetts** "is insufficient to establish that the designated forum is gravely difficult and inconvenient").

There are no facts, circumstances, or evidence of which Futurewei is aware by which Plaintiffs can show that litigation of their dispute with Futurewei would "be so manifestly and gravely inconvenient to [them] that [they] will effectively be deprived of a meaningful day in court," particularly where Huang consented in his Employment Agreement specifically to personal jurisdiction by the courts in Texas. *Bremen*, 407 U.S. at 19. Thus, enforcing the mandatory forum selection clause will not deprive Plaintiffs from any meaningful day in court.

### 5. Enforcement of the forum selection clause does not contravene any strong public policy of California.

Requiring Plaintiffs to pursue their claims in Texas would not be contrary to California public policy. In the context of litigation involving employment agreement provisions that purportedly violate California Business and Professions Code section 16600, California federal courts routinely enforce forum selection clauses while rejecting plaintiffs' arguments that enforcing the **forum selection clause** would violate California's public policy. *See Meras Eng.,* 2013 WL 146341, *14; *AJZN*, 2013 WL 97916, at *4; *Hartstein*, 2012 WL 3075084, at *6; *Universal Operations*, 2012 WL 2792444, at *6; *Mahoney*, 2007 WL 3341389, at *8; *Swenson*, 415 F. Supp. 2d at 1104-1105. "The forum selection clause determines where the case will be heard.  It is separate and distinct from choice of law provisions that are not before the court. . . .  The question is not whether the application

10

of the forum's law would violate the policy of the other party's state, but rather, whether enforcement of the forum selection agreement would violate the policy of the other party's state as to the forum for litigation of the dispute." *Mahoney*, 2007 WL 3341389, at *8, *citing Swenson*, 415 F. Supp. 2d at 1105.

The facts in *Swenson* are also particularly instructive. *See Swenson*, 415 F. Supp. 2d at 1102-03. In that case, T-Mobile filed suit in Washington state court to enforce restrictive covenant provisions in its agreement with Swenson, T-Mobile's former chief operating officer. *Id*. Two days later, Swenson filed suit in California state court seeking a declaration that the restrictive provisions in her employment contracts were invalid under Business & Professions Code § 16600. *Id*. The day after the California action was filed, T-Mobile removed it to federal court on diversity grounds. *Id.* Shortly thereafter, the Washington state court issued a preliminary injunction and found that Washington law applied and that Washington law permitted the use of reasonable restrictive covenant agreements to protect an employer's confidential information and trade secrets. *Id*.

Ultimately, the California district court dismissed the action, holding that venue for the dispute was properly in Washington.  Swenson argued that defendant's motion to dismiss was "an attempt to escape California law and public policy barring [defendant's] illegal employment prohibition." *Swenson*, 415 F. Supp. 2d at 1104. The court rejected her argument, explaining that "a Washington court's application of Washington law to the matter at hand may arguably lead to a result conflicting with provisions of § 16600, Swenson was free to, and in fact, did argue for the application of California law . . . the Washington court could have applied California law if it found application appropriate." *Id; see also Besag*, 2009 WL 330934, at *4 ("simply because Oregon ostensibly provides less favorable remedies compared with California is not sufficient in and of itself to invalidate the forum selection clause"); *see also AJZN*, 2013 WL 97916, at *4 (rejecting argument that enforcing forum selection clause would contravene California public policy regarding noncompete agreements and explaining "a Delaware court might apply California law … [or] … some other law that would be equally protective of the interests of California citizens.")

The result in this case should be no different. There is no reason to believe that a Texas court will not or cannot entertain Plaintiffs' choice of law arguments or that it cannot apply California law, if it is determined that California law governs. Accordingly, there is no support for the claims that the forum selection clause in the Agreement violates public policy and should not be enforced.

### 6. Public policy favors the enforcement of the forum selection clause.

In *Carnival Cruise Lines*, the Supreme Court discussed the beneficial purpose of an enforceable forum selection clause, especially in the case of a cruise line that interacts with passengers from all over the world. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 111 S. Ct. 1522, 1527-28 (1991). Without an enforceable forum selection clause, the Court noted, the cruise line would be exposed to litigation in innumerable fora. *Id.* The *Carnival Cruise Lines* Court found that a forum selection clause had the salutary effect of dispelling confusion about where a case should be brought, thereby conserving judicial and litigants' resources. *Id.* The Court also noted that a cruise line's passengers benefit from a forum selection clause in the form of reduced fares reflecting the reduced litigation expenses resulting therefrom. *Id.*

The *Carnival Cruise Lines* analysis applies with equal force here to the Employment Agreement. In light of the broad geographical scope of Futurewei's business, Futurewei has a legitimate interest in narrowing its obligation to defend itself to a single forum. *See Carnival Cruise Lines*, 499 U.S. at 593, 111 S. Ct. at 1527 (enforcing forum selection clause and reasoning that a cruise line "has a special interest in limiting the fora in which it potentially could be subject to suit" because a cruise ship "typically carries passengers from many locales," thus potentially subjecting the cruise line "to litigation in several different fora"); *Paster*, 1999 WL 1074120, at *2 (forum selection clause allowed defendant, which [contracted] with individuals throughout the world" and was "potentially subject to suit in many different fora," to "limit its susceptibility to litigation all over the world, thus saving it money"). Accordingly, the forum selection clause is consistent with California public policy

If this Court does not dismiss this action, it should transfer this action to Texas under the mandatory forum selection clause for the same reasons discussed above. *See Atlantic Marine Const.*

12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY
CASE NO. 5:18-CV-00534-BLF

*Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 579 (2013) ("enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system … a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.").

### B. Alternatively, the Court Should Stay this Action in the Interest of Judicial Comity.

If this Court does not dismiss or transfer this action, it should stay the case until the Eastern District of Texas resolves the Texas action. The United States Supreme Court repeatedly holds that under the doctrine of comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation. *In re Google, Inc.*, 2014 WL 5032336 at *2 (Fed. Cir. 2014); citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, (1976); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183 (1952). That rule reflects an elementary principle of "wise judicial administration." *Id*.

Parallel suits that could result in the two courts agreeing on the major issues could result in wasteful and unnecessary litigation. *See Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (The purpose of the rule is to "avoid conflicting decisions and promote judicial efficiency."). Where the record strongly suggests there will be substantial similarity involving the invalidity issues in the suits, the Court should strike or stay the requested relief. *In re Google Inc.*, 2014 WL 5032336 at *2.

A stay of this action will not prejudice Plaintiffs because all issues between the parties may be heard in the Texas federal court, including issues and causes of action that are not in Plaintiffs' Complaint. Compare Compl. (asserting causes of action for declaratory relief) *with* Defendant's RJN, Ex. 1 (asserting claims for actual and threatened misappropriation of trade secrets (under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and common law); conspiracy to misappropriate trade secrets, RICO violations and RICO conspiracy, tortious interference with contractual and prospective business relations, unfair competition under the Lanham Act and Texas common and statutory law, corporate raiding, common law civil conspiracy, breach of contract,

disclosure of confidential information, unjust enrichment, conversion, violations of the Computer Fraud and Abuse Act, and breach of fiduciary duty). Allowing this action to proceed forces the parties to litigate the same dispute in two jurisdictions and creates the risk that inconsistent obligations may be imposed on the parties. Accordingly, even if this Court concludes that dismissal or transfer is not appropriate at this time, a stay should be imposed pending resolution of the parties' Texas action, including any appeals.

## IV. CONCLUSION

For all of the foregoing reasons, Futurewei respectfully asks this Court to dismiss, transfer, or stay this action, and any stay should include the completion of any related appellate proceedings.

DATED: January 31, 2018                          SEYFARTH SHAW LLP


By:   */s/ Robert B. Milligan*
      Robert B. Milligan
      D. Joshua Salinas
      Attorneys for Defendant FUTUREWEI,
      TECHNOLOGIES, INC.