SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
rmilligan@seyfarth.com
D. Joshua Salinas (SBN 282065)
jsalinas@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice* app. to be filed)
Andrew C. Boutros (*pro hac vice* app. to be filed)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendant
FUTUREWEI TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX Labs, Inc., Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation; and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 5:18-cv-00534-BLF<br><br>**DECLARATION OF PAUL C. HASHIM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:         April 5, 2018<br>Time:        9:00 a.m.<br>Courtroom: 3 - 5th Floor<br><br>Complaint Filed:   Dec. 28, 2017 |

## DECLARATION OF PAUL C. HASHIM

I, Paul C. Hashim, declare as follows:

1. I am Chief IP Counsel of Futurewei Technologies, Inc. ("Futurewei"). I have worked for Futurewei for nearly nine years. I have been Chief IP Counsel for Futurewei for the past five years. The following facts are true of my own personal knowledge, as to which I could competently testify.

2. I submit this declaration in support of Futurewei's Motion to Dismiss or, in the Alternative, to Transfer, or to Stay.

3. My responsibilities as Chief IP Counsel include oversight of Futurewei's various intellectual property (IP) functions, such as oversight of in-house counsel in connection with support of various Futurewei client research and development business units, evaluation of external service providers, procedural compliance of internal and external IP law support functions, personnel training, recruiting of attorneys, agents and paralegals, employee performance evaluation and compensation, and accountability for assigned activities over which I have responsibility. I also assist with the development and administration of Futurewei policies and guidelines, including agreements, procedures, and policies associated with protection of Futurewei's trade secret and confidential information. I have knowledge of and am familiar with Futurewei's corporate structure and the location of its principal place of business and corporate headquarters.

4. Futurewei is a Texas corporation, with its principal place of business at 5340 Legacy Drive, Suite 175, Plano, Texas 75024. In particular, the principal place of business for the ownership and management of the intellectual property assets at issue in this dispute is in Plano, Texas.

5. Futurewei is a subsidiary of Huawei Technologies Co., Ltd., which is a multinational networking and telecommunications equipment and services company headquartered in Shenzhen, Guangdong, China. Huawei develops, manufactures, and sells a diverse range of products that promote interconnectivity, including cellular mobile infrastructure equipment (e.g. base stations), routers, switches, security, and data and cloud storage devices.

6. Since its establishment in 2001, Futurewei has grown to over 1,000 employees located in multiple offices throughout the United States, including in Plano, Texas.

7. Since its establishment, Futurewei has helped Huawei become one of the leading technology companies in the United States and the world, with annual revenues exceeding $70B.

8. As part of his employment with Futurewei, Yiren Huang signed an Employment, Confidentiality, Proprietary Information and Inventions Agreement on January 19, 2011 (the "Employment Agreement") to protect Futurewei's intellectual property during and after his employment with Futurewei. Attached hereto as Exhibit A is a true and correct copy of that Employment Agreement. The Employment Agreement provides for application of Texas Law and venue in Texas courts.

9. Certain of Futurewei's corporate departments, such as Finance, Payroll, Standards, and Intellectual Property, are headquartered in Texas. Moreover, certain employment records, including the Employment Agreement at issue in the parties' dispute, are located in Texas, as well as relevant documents concerning the confidential, proprietary, and trade secret information Futurewei alleges Mr. Huang used to create the patents in dispute.

10. During Huang's employment with Futurewei, he would have interacted with individuals in Futurewei's HR and intellectual property law departments in Plano, Texas. Relevant interactions would have occurred telephonically, or via email.

11. Futurewei's trade secret and confidential information is of great value to Futurewei and Huawei, and could give any competitor of Futurewei, including Huang's current employer—CNEX Labs, Inc.—an unfair competitive advantage. Futurewei and Huawei routinely protect innovations developed by their respective employees by way of patents, where appropriate. In this regard, Futurewei in the United States – and Huawei globally – have filed seventeen patent applications arising from three provisional patent applications originated by Mr. Huang during the course of his employment at Futurewei. Four patents have issued to date form these applications. Details of these patent filings are listed below:

DECLARATION OF PAUL C. HASHIM

| U.S. Priority Date | U.S. Provisional Serial No. | Type | Title | Publication No. | Patent No. |
|---|---|---|---|---|---|
| Nov. 17, 2001 | 61/561160 | U.S. Provisional | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | N/A | N/A |
| | | U.S. Non-Provisional | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | 20130132643 | 9,767,058 |
| | | U.S. Non-Provisional | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | 20130135816 | Pending |
| | | U.S. Non-Provisional | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | 20170371825 | Pending |
| | | PCT | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | WO2013071892 | Pending |
| | | China National | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | 103907088 A | Pending |
| | | European Regional | Method and Apparatus for Scalable Low Latency Solid State Drive Interface | EP2780791 | Pending |
| Aug. 12, 2011 | 61/523,251 | U.S. Provisional | Method and Apparatus for Flexible RAID in SSD | N/A | N/A |
| | | U.S. Non-Provisional | Method and Apparatus for Flexible RAID in SSD | 20130042053 | 9,424,128 |
| | | U.S. Non-Provisional | Method and Apparatus for Flexible RAID in SSD | 20160320991 | Pending |
| | | PCT | Method and Apparatus for Flexible RAID in SSD | WO2013023564 | Pending |
| | | China National | Method and Apparatus for Flexible RAID in SSD | 103718162 A | 2012 80038141.1 |
| | | European Regional | Method and Apparatus for Flexible RAID in SSD | EP2732373 | Pending |
| July 20, 2011 | 61/509,930 | U.S. Provisional | Method and Apparatus for SSD Storage Access | N/A | N/A |
| | | U.S. Non-Provisional | Method and Apparatus for SSD Storage Access | 20130024599 | Pending |

DECLARATION OF PAUL C. HASHIM

| | | | | |
|---|---|---|---|---|
| | PCT | Method and Apparatus for SSD Storage Access | WO2013012901 | Pending |
| | China National | Method and Apparatus for SSD Storage Access | 103703450 A | 2012 80035706.0 |

12. Each of the foregoing U.S. patent applications was originated and prosecuted by the law firm of Slater and Matsil, located in Dallas, Texas, based upon numerous telephonic and email exchanges between Mr. Huang and Slater and Matsil personnel in Texas.

13. Witnesses and documents necessary to the claims and defenses in the litigation are located in Texas.

14. Futurewei asks prospective and current employees to review agreements before signing them. Futurewei's practice is to allow employees to ask questions about the terms of any agreements, and to attempt to address the questions to the extent possible. Employees are also allowed to seek the advice of their counsel before signing any agreements with Futurewei. As is the case with all Futurewei employees, Mr. Huang could request from Futurewei's HR Department a copy of his agreements with Futurewei at all times during his employment with Futurewei, and ask any questions of Futurewei HR and Legal Department personnel concerning such agreements.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and was executed this 25th day of January 2018, at Plano, Texas.

_____
Paul C. Hashim