1  MICHAEL J. SACKSTEDER (CSB No. 191605)
   msacksteder@fenwick.com
2  BRYAN A. KOHM (CSB No. 233276)
   bkohm@fenwick.com
3  GUINEVERE L. JOBSON (CSB No. 251907)
   gjobson@fenwick.com
4  SHANNON TURNER (CSB No. 310121)
   sturner@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:     415.875.2300
7  Facsimile:     415.281.1350

8  DANIEL J. MCCOY (CSB No. 206099)
   dmccoy@fenwick.com
9  FENWICK & WEST LLP
   Silicon Valley Center
10 801 California Street
   Mountain View, CA  94041
11 Telephone:     650.988.8500
   Facsimile:     650.938.5200

12
   Attorneys for Plaintiffs
13 CNEX LABS, INC. and YIREN HUANG

14
                    UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                        SAN JOSE DIVISION

17

18 YIREN HUANG, an individual, and CNEX          Case No.: 5:18-cv-00534-BLF
   LABS, INC., a Delaware corporation,
19                                               **FIRST AMENDED COMPLAINT FOR**
                    Plaintiffs,                  **DECLARATORY RELIEF**
20
            v.                                   DEMAND FOR JURY TRIAL
21
   FUTUREWEI TECHNOLOGIES, INC., a Texas         (original complaint filed in Santa Clara
22 corporation, and HUAWEI TECHNOLOGIES          County Superior Court Case No.
   CO., LTD., a Chinese corporation and DOES 1   17cv321153)
23 through 10,
                                                 Complaint Filed:  Dec. 28, 2017
24                  Defendants.

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NATURE OF THE ACTION

1.     Plaintiffs Yiren Ronnie Huang ("Mr. Huang") and CNEX Labs, Inc. ("CNEX") (collectively "Plaintiffs") seek judicial relief from an unfair and unlawful pattern of conduct by Defendants Futurewei Technologies, Inc. ("Futurewei") and Huawei Technologies Co., Ltd. ("Huawei") (collectively, "Defendants") aimed at increasing the burden and unfairly increasing the costs of resolving disputes involving their former employees.  By way of example, Defendants require employees to execute adhesion contracts containing numerous provisions that violate strong public policies of California, including without limitation (i) provisions specifying governing law other than California, (ii) forum-selection clauses specifying venue for disputes other than California, (iii) invention assignment clauses requiring assignment of inventions not conceived during employment or otherwise based on confidential information of Defendants, and (iv) non-compete/non-solicitation clauses.  Upon information and belief, Defendants know that the contracts that their California employees are required to sign violate strong public policies of California and do not provide employees the opportunity to negotiate with respect to those provisions violating California public policy.  On information and belief, Defendants take this course of action with the aim of inhibiting employees from exercising and protecting their rights under California law, and to drive up the cost of engaging in a dispute with Defendants.  The State of California has an expressly stated and fundamental public policy against contracts that seek to restrain employees from engaging in a lawful profession, trade or business.  By the claims asserted herein, Plaintiffs seek a declaration that the unlawful restrictive covenants are void as a matter of California law and unreasonable in their terms and scope, and for these reasons cannot be enforced against Mr. Huang or CNEX.

2.     Defendants also seek a declaration that they have not committed certain violations alleged by Defendants, including without limitation breach of contract for failure to disclose and assign patents containing Futurewei technology, breach of contract for disclosure of confidential information, breach of contract for solicitation of Futurewei employees, misappropriation, threatened misappropriation, and conspiracy to misappropriate trade secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836 et seq., misappropriation of trade secrets under

1  common law, misappropriation, threatened misappropriation, and conspiracy to misappropriate

2  trade secrets under Texas Uniform Trade Secrets Act ("TUTSA"), tortious interference with

3  contractual relations, tortious interference with prospective business relations, conspiracy to

4  commit Computer Fraud and Abuse Act ("CFAA") 18 U.S.C. §§ 1030, et seq., violations of and

5  conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C.

6  § 1962(c), conversion, breach of fiduciary duty, unjust enrichment, common law civil conspiracy,

7  corporate raiding, and unfair competition under the Lanham Act 15 U.S.C. § 1125(a) and Texas

8  Common and Statutory Law.

9  JURISDICTION AND VENUE

10  3.  This Court has jurisdiction because the matter in controversy exceeds the sum or

11  value of $75,000, with a specific remedy sought under the Federal Declaratory Judgments Act, 28

12  U.S.C. §§ 2201 and 2202, as well as addresses issues of federal law.  An actual, substantial, and

13  continuing justiciable controversy exists between CNEX, Mr. Huang, Futurewei and Huawei given

14  their multi-year dispute with respect to issues raised herein, as evidenced by a related case pending

15  in the United States District Court for the Eastern District of Texas. Case No. 4:17-cv-00893 (the

16  "Texas Action").  A true and correct copy of the Complaint in the Texas Action is attached hereto

17  as Exhibit A.  The Court also has jurisdiction because Futurewei removed this action to federal

18  court pursuant to 28 U.S.C. § 1441(b).  (*See* Notice of Removal (Dkt. No. 1) ¶ 5.)

19  4.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.  All of the events giving

20  rise to the claims occurred in this judicial district under § 1391(b)(2).  The Employment,

21  Confidentiality, Proprietary Information and Inventions Agreement between Futurewei and Mr.

22  Huang executed on January 19, 2011 (the "Employment Agreement") was negotiated and entered

23  into in this judicial district and the conduct at issue, including the performance of obligations under

24  the Employment Agreement, took place in the County of Santa Clara, State of California. The

25  technology at issue in this matter was developed in this judicial district and the assignment

26  transferring Mr. Huang's patent rights to CNEX was negotiated and executed in this judicial

27  district.

28  5.  The Employment Agreement contains a forum-selection clause (among other

1  clauses that violate the strong public policy of California) specifying that Mr. Huang agrees to the

2  "exclusive personal jurisdiction and venue of any court on Collin County Texas."  A true and

3  correct copy of the Employment Agreement is attached hereto as Exhibit B..  The Employment

4  Agreement, including this forum-selection clause, violates strong California public policy and thus

5  is not enforceable.  Nevertheless, Defendants have already waived enforceability of this forum-

6  selection clause by filing the Texas Action, which includes claims based on the Employment

7  Agreement, in a court not located "on Collin County Texas."  Specifically, Defendants filed the

8  Texas Action in the United States District Court located in Sherman, Texas, which is located in

9  Grayson County, Texas.

10      6.      This Court has personal jurisdiction over Futurewei and Huawei because Futurewei

11  and Huawei have established minimum contacts with the forum and the exercise of jurisdiction

12  over Futurewei and Huawei would not offend traditional notions of fair play and substantial justice.

13  Futurewei and Huawei regularly conduct business in California, Futurewei maintains offices in

14  this judicial district, and Huawei's employees travel to and conduct business in Futurewei's

15  facilities in this judicial district.  The Court also has personal jurisdiction over Futurewei because

16  it removed this action to federal court.  (*See* Notice of Removal (Dkt. No. 1) ¶ 5.)

17                              THE PARTIES

18      7.      Mr. Huang is an individual currently residing in Santa Clara County, California.

19  Mr. Huang has been a California resident since approximately January, 1989.  Mr. Huang has been

20  domiciled in Santa Clara County, California since that time.

21      8.      CNEX is a Delaware corporation with its principal place of business in San Jose,

22  California.

23      9.      According to the website of Futurewei's parent company, Huawei, the "Futurewei

24  (R&D) USA Headquarters" are located at 2220 Central Expressway, Santa Clara, California

25  95050.

26      10.     Defendant Huawei is a multinational company headquartered in Shenzen, China.

27  On information and belief, Huawei's principal place of business is located at Huawei Industrial

28  Base, Bantian, Longgang District, Shenzhen, Guangdong, P.R. China 518129.

11.     The true names and capacities, whether individual, corporate or otherwise, of Defendants DOES 1-10, inclusive, are unknown to Plaintiffs, who therefore sue each and all of them by such fictitious names.  Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged.

GENERAL FACTUAL ALLEGATIONS

12.     This is a case involving unfair and unlawful practice by Defendants aimed at creating barriers to prohibit and/or unduly limit California companies and persons from exercising their rights under California law.  Specifically, Defendants knowingly coordinate to impose provisions in employment contracts with persons residing and working in California that violate California public policy and law.  Upon information and belief, Defendants know that these provisions violate California public policy and law, and Defendants nevertheless include the provisions in employment contracts in California for the purpose of misleading employees regarding their rights and obligations with respect to their employment relationship with Defendants.  Further, upon information and belief, Defendants knowingly include these unfair and unlawful provisions in employment contracts with California employees to increase the burden and cost of employees defending and/or exercising their rights under the contracts, given that such defense and enforcement is purportedly required to take place in a foreign state under foreign laws.

13.     Mr. Huang's Employment Agreement with Futurewei—which, upon information and belief, is the result of Defendant Huawei's direction—serves as an example of Defendants' use of unfair and unlawful employment contracts to create barriers and added costs to employees enforcing and/or defending their rights under California law.

14.     Mr. Huang is an engineer and inventor who has lived and worked in the state of California since 1989.  In June of 2013, Mr. Huang co-founded CNEX, which is chartered to deliver innovative system solutions in the form of semiconductors and software.  CNEX is headquartered in San Jose, California.

15.     Futurewei maintains significant ties to California.  On information and belief,

Futurewei has offices in at least Santa Clara and San Diego.  On information and belief, Futurewei has extensive operations in California, and, as of December 2017, employs over 130 employees in California.

16.     Futurewei is a subsidiary of its parent company, Huawei.  Huawei also has significant ties to California.  On information and belief, Huawei has significant operations there, and its employees travel to and conduct business in Futurewei's facilities there.

17.     In 2011, Mr. Huang accepted a position of at-will employment at Futurewei in California. On or about January 19, 2011, Futurewei required Mr. Huang to sign the Employment Agreement. Ex. B. Pursuant to the terms of the Employment Agreement, which was presented and entered into in California, Mr. Huang for a limited time functioned as a principal architect working solely in California and with his primary job responsibilities at Futurewei's R&D facility in Santa Clara, California.

18.     During his employment with Futurewei, Mr. Huang was at all times a resident of California and worked at Futurewei's office in California, and sometimes traveled to China.  Mr. Huang did not travel to Huawei's office in Texas for any purpose.

19.     As a condition of his employment, Mr. Huang was required to enter into broad covenants with Futurewei that required him to assign his rights to certain inventions that he developed entirely on his own time without using Defendants' equipment, supplies, facilities, or trade secrets, including inventions Mr. Huang developed at a time when he was not employed by Futurewei, and that purported to restrain his ability to engage in his lawful trade and profession in California as a senior researcher, engineer, and inventor.

20.     Section 3 of the Employment Agreement provides in relevant part:

> (a)     Definition. The term "Subject Ideas or Inventions" includes any and all ideas, processes, trademarks, service marks, inventions, designs, technologies, computer hardware or software, original works of authorship, formulas, discoveries, patents, copyrights, copyrightable works, products, marketing, and business ideas, and all improvements, know-how, date, rights, and claims related to the foregoing that, whether or not patentable, are conceived, developed or created which: (1) relate to the Company's current or contemplated business or activities; (2) relate to the Company's actual or demonstrably anticipated research or developments; (3) result from any work performed by me for the Company; (4) involve the use of the Company's equipment, supplies, facilities or trade

secrets; (5) result from or are suggested by any work done by the Company or at the Company's request, or any projects specifically assigned to me; or (6) result from my access to any of the Company's memoranda, notes, records, drawings, sketches, models, maps, customer lists, research results, data, formulae, specifications, inventions, processes, equipment or other materials (collectively, "Company Materials").

(b)    Company Ownership. All right, title, and interest in and to all Subject Ideas and Inventions, including but not limited to all registrable and patent rights which may subsist therein, shall be held and owned solely by the Company, and where applicable, all Subject Ideas and Inventions shall be considered works made for hire. I shall mark all Subject Ideas and Inventions with the Company's copyright or other proprietary notice as directed by the Company and shall take all actions deemed necessary by the Company to project the Company's rights therein. In the event that the Subject Ideas and Inventions shall be deemed no to constitute works made for hire, or in the event that I should otherwise, by operation of law, be deemed to retain any rights (whether moral rights or otherwise) to any Subject Ideas and Inventions, I agree to assign to the Company, without further consideration, my entire right, title and interest in and to each and every such Subject Idea and Invention.

(d)    Determination of Subject Ideas and Inventions. I further agree that all information and records pertaining to any idea, process, service mark, invention, technology, computer hardware or software, original work of authorship, design formula, discovery, patent, copyright, product, and all improvements, know-how, rights, and claims related to the foregoing ("Intellectual Property"), that I do not believe to be a Subject Idea or Invention, but that is conceived, developed, or reduced to practice by the Company (alone by me or with others) during the period of my employment and for one (1) year after the termination of such employment, shall be disclosed promptly by me to the Company (such disclosure to be received in confidence). The Company shall examine such information to determine if in fact the Intellectual Property is a Subject Idea or Invention subject to this Agreement.

(e)    Access. Because of the difficulty of establishing when any Subject Ideas or Inventions are first conceived by me, or whether they result from my access to Confidential Information or Company Materials, I agree that any Subject Idea and Invention shall, among other circumstances, be deemed to have resulted from my access to Company Materials if: (1) it grew out of or result from my work with the Company or is related to the business of the Company, and (2) it is made, used, sold, exploited or reduced to practice, or an application for patent, trademark, copyright or other proprietary protection is filed thereon, by me or with my significant aid, within one (1) year after my termination from employment.

21.    The Employment Agreement lacks any reference to California Labor Code Section

2870, et seq., and specifically lacks the requisite written notification that the agreement does not apply to inventions that qualify fully under those provisions.

22.     The above Section 3 of the Employment Agreement, entitled "Assignment of Inventions," is an unenforceable restraint of trade that violates Section 16600 of the California Business & Professions Code and thus is void to the extent it purports to restrain Mr. Huang from engaging in his lawful profession, trade, or business.

23.     Section 3 of the Employment Agreement is overbroad and unenforceable because it demands ownership of any technology invented by Mr. Huang "within one (1) year" of Mr. Huang's termination of employment with Futurewei that nominally "relates" to Futurewei's wide-ranging general business.  As such, Section 3 of the Employment Agreement constitutes a restriction on competition and is otherwise unenforceable as a restraint of trade.

24.     Section 3 of the Employment Agreement is further overbroad and unenforceable because it does not limit its restriction to reasonable geographic parameters.

25.     Section 3 of the Employment Agreement is an unenforceable invention assignment clause that violates Section 2870 of the California Labor Code and thus is void to the extent it requires Mr. Huang to assign certain inventions to his former employer "within one (1) year" of his termination of employment with Futurewei.

26.     Section 3 of the Employment Agreement is unenforceable because it requires Mr. Huang to assign certain inventions to his former employer that he developed entirely on his own time without using Futurewei's equipment, supplies, facilities, or trade secrets, including inventions Mr. Huang developed at a time when he was not employed by Futurewei.

27.     Section 3 of the Employment Agreement is unenforceable because it requires Mr. Huang to assign certain inventions to his former employer that did not result from any work performed by Mr. Huang for Futurewei.

28.     Section 3 of the Employment Agreement is unenforceable because it requires Mr. Huang to assign certain inventions to his former employer that were conceived or reduced to practice at a time when Mr. Huang was no longer employed by Futurewei.

29.     Section 3 of the Employment Agreement is an unenforceable invention assignment

1    clause that violates Section 2872 of the California Labor Code and thus is void to the extent it

2    requires Mr. Huang to assign any invention to his former employer.

3        30.    Section 3 of the Employment Agreement is unenforceable because it lacks any

4    written notification to Mr. Huang that the agreement does not apply to an invention which qualifies

5    fully under the provisions of Section 2870.

6        31.    Futurewei—upon information and belief at the direction of Huawei—included

7    additional unfair and lawful provisions in the Employment Agreement it required Mr. Huang to

8    sign as a condition of employment in California.

9        32.    For example, the Employment Agreement contains a "Governing Law" provision

10   that specifies:  "This Agreement will be governed by and construed according to the laws of the

11   State of Texas without regard to conflicts of law principles."  Ex. B at § 12(a).  This provision

12   violates strong public policy of California against requiring California residents working in

13   California having their employment relationship governed by a foreign state's laws.

14       33.    Defendants concealed from Mr. Huang that Section 12(a) was unlawful when Mr.

15   Huang was required to execute the Employment Agreement.

16       34.    Upon information and belief, Defendants require all of their California employees

17   to sign employment contracts containing a provision substantially identical to Section 12 of the

18   Employment Agreement and conceal from those employees that such a provision is unlawful.

19       35.    As another example of the unfair and unlawful provisions contained in Mr. Huang's

20   Employment Agreement, Section 12(b) of the Employment Agreement specifies that Mr. Huang

21   "agree[s] to the exclusive and personal jurisdiction and venue of any court on Collin County

22   Texas."  This provision violates a strong public policy of California against requiring California

23   residents that work in offices of an employer in California to agree to resolve disputes relating to

24   their employment in a foreign venue.

25       36.    Upon information and belief, Defendants have required all or substantially all of

26   their California employees to execute employment contracts containing a provision substantially

27   identical to Section 12(b) of the Employment Agreement.

28       37.    On or about May 31, 2013, Mr. Huang's employment with Futurewei terminated.

38.     On or about June 3, 2013, Mr. Huang commenced his employment with CNEX.

39.     On or about July 30, 2016, Plaintiff Mr. Huang received a letter dated July 29, 2016 from Futurewei's counsel demanding that he assign certain patents to Futurewei.

40.     Mr. Huang and CNEX are informed and believe that Futurewei contends that Mr. Huang's new employment with and assignment of certain patents to CNEX violates the Employment Agreement and Futurewei has threatened to enforce that agreement, including Section 3. Mr. Huang and CNEX are informed and believe that Futurewei may also contend that CNEX has purportedly interfered with and/or disrupted the performance of that agreement.

41.     Mr. Huang and CNEX vigorously dispute that the assignment of certain patents to CNEX is prohibited by the Employment Agreement and assert that Section 3 of the Employment Agreement is void as a matter of law to the extent it requires Mr. Huang to assign any inventions he developed within one year of leaving his employment at Futurewei. Mr. Huang and CNEX further contend that Section 3 of the Employment Agreement is unlawful and unenforceable as a matter of law and because it is overbroad, vague and unreasonable in its terms.  Mr. Huang and CNEX further deny any accusation or implication of unlawful or tortious interference with the Employment Agreement.

42.     To the extent that the Employment Agreement is deemed enforceable, it does not require Mr. Huang or CNEX to assign the patents or intellectual property described by Futurewei in their July 29, 2016 and February 2, 2017 correspondence to Mr. Huang and CNEX.

43.     Defendants' attempts to enforce Section 3 of the Employment Agreement violates Mr. Huang's rights under California law and California's fundamental public policy, and constitutes an unlawful business practice and an illegal restraint of trade.

44.     On or about September 7, 2016, CNEX, Mr. Huang, and Futurewei entered into a Confidentiality and Standstill Agreement, which was amended from time to time, in order to facilitate a discussion between the parties in an attempt to resolve this matter.  Pursuant to the Confidentiality and Standstill Agreement, the parties agreed not to bring, file or institute in any way any complaint, pleading or action of any type between the parties related to certain allegations. Futurewei provided notice of termination on December 23, 2017, meaning the Confidentiality and

1    Standstill Agreement is terminated at 12:00 pm PST on December 28, 2017.

2        45.     On December 28, 2017, Defendants filed a complaint in the United States District

3    Court for the Eastern District of Texas, *Huawei Technologies Co., LTD., et al. v. Huang et al.*,

4    Case No. 4:17-cv-00893, asserting 22 causes of action against Plaintiffs. Ex. A.

5                                **FIRST CAUSE OF ACTION**

6    **UNFAIR BUSINESS PRACTICE UNDER CAL. BUS. & PROF. CODE § 17200 et seq.**

7                            **(by Plaintiffs against Defendants)**

8        46.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-45

9    of this Complaint, and incorporates them herein.

10       47.     Defendants have engaged in unlawful business practices, as described above, by

11   requiring employees residing and working in California to sign employment contracts containing

12   unfair and unlawful provisions that violate California public policy.  Upon information and belief

13   Defendants do so with the aim of misleading those employees into believing they must comply

14   with such unfair and unlawful provisions and to increase the barriers and costs of employees to

15   protect and/or enforce their rights under California law.

16       48.     Plaintiffs have suffered injury in fact, at least by virtue of Defendants' claim that

17   they own patent applications filed by Plaintiff Huang—and assigned to Plaintiff CNEX—after

18   termination of his employment with Futurewei.  The threatened loss of this property by Plaintiffs

19   would result directly from Defendants' unfair and unlawful business practices of requiring

20   California employees to execute unfair and unlawful employment agreements, such as Mr.

21   Huang's Employment Agreement, as a condition of employment in California.  In addition,

22   Plaintiffs have incurred the financial loss of paying legal fees and certain costs (such as

23   transportation costs) associated with Defendants' attempt to enforce the unlawful Employment

24   Agreement, which would not have been incurred but for Defendants' unfair and unlawful business

25   practice.

26

27

28

**SECOND CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(by Plaintiffs against Defendants)**

49.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-48 of this Complaint, and incorporates them herein.

50.     An actual controversy has arisen and now exists between Plaintiffs and Defendants over purported restrictions on Mr. Huang's employment activities following termination of the Employment Agreement, as evidenced by the parties' failed negotiations and the case pending in the United States District Court for the Eastern District of Texas.  *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893. Ex. A.

51.     Plaintiffs contend that Section 3 of the Employment Agreement should be governed by and construed under California law and that Section 3 of the Employment Agreement is invalid and unenforceable as a matter of law under Business & Professions Code §§ 16600 *et seq*. Business & Professions Code § 16600 provides, in pertinent part, that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

52.     The Employment Agreement provides that it is governed by the laws of the state of Texas, and that venue for any action arising out of the agreement shall be in the state or federal courts in Collin County, Texas. The laws of the State of Texas relating to contract provisions such as Section 3 of the Employment Agreement are in fundamental conflict with California.  The State of California has a materially greater interest than the State of Texas in having its laws applied to decide the enforceability of Section 3 of the Employment Agreement (a) because of the strong public policy in California in favor of free mobility of employees and against provisions restraining anyone from engaging in any lawful profession, trade, or business; and (b) because Section 3 of the Employment Agreement is interfering with the California-based employment relationship between Mr. Huang and CNEX.

53.     Further, the forum-selection clause in the Employment Agreement is unenforceable because it contravenes California's strong public policy against requiring California employees to

1   adjudicate California claims outside of the state, as declared in California Labor Code § 925.  Mr.

2   Huang resides and works in California, and the claims at issue all arise from conduct which took

3   place in California.  Nevertheless, Defendants, which are national and multinational companies,

4   wish to enforce a forum-selection clause that would require Mr. Huang to take on the burden of

5   traveling to and adjudicating these claims in Texas: a requirement that is so unfair under California

6   public policy that Labor Code § 925 deems it unlawful.

7        54.    Plaintiffs respectfully seek a judicial declaration that this case may properly

8   proceed in California, that California law governs the enforceability of Section 3 of the

9   Employment Agreement, and that the Employment Agreement is invalid and unenforceable under

10  California law, including Section 3.

11       55.    To the extent that the Employment Agreement is deemed enforceable, Plaintiffs

12  respectfully seek a judicial declaration that neither he nor CNEX is contractually obligated to

13  assign any of the inventions or intellectual property in dispute to Futurewei.

14       56.    A judicial determination is necessary and appropriate at this time and under the

15  circumstances herein alleged to determine the parties' respective rights, duties and liabilities with

16  respect to the Employment Agreement.

17                    **THIRD ALLEGED CAUSE OF ACTION**

18          **DECLARATORY RELIEF REGARDING BREACH OF CONTRACT**

19       **Failing to Disclose and Assign Patents Containing Futurewei Technology**

20                    **(by Plaintiff Huang against Defendants)**

21       57.    Mr. Huang repeats and alleges each and every allegation contained in paragraphs

22  1-56 of this Complaint, and incorporates them herein.

23       58.    Defendants alleged that Mr. Huang breached his Employment Agreement by failing

24  to disclose and assign patents containing Futurewei technology.

25       59.    Mr. Huang did not breach his Employment Agreement by failing to disclose and

26  assign patents containing Futurewei technology.

27       60.    An actual controversy exists between Mr. Huang and Defendants, as evidenced by

28  the case pending in the United States District Court for the Eastern District of Texas, *Huawei*

*Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

61.    Mr. Huang respectfully seeks a judicial declaration that he has not breached his Employment Agreement by failing to disclose and assign patents containing Futurewei technology.

## FOURTH ALLEGED CAUSE OF ACTION

### DECLARATORY RELIEF REGARDING BREACH OF CONTRACT

**Disclosure of Confidential Information**

**(by Plaintiff Huang against Defendants)**

62.    Mr. Huang repeats and alleges each and every allegation contained in paragraphs 1-61 of this Complaint, and incorporates them herein.

63.    Defendants alleged that Mr. Huang breached his Employment Agreement by disclosing confidential information.

64.    Mr. Huang did not breach his Employment Agreement by disclosing confidential information.

65.    An actual controversy exists between Mr. Huang and Defendants, as evidenced by the case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

66.    Mr. Huang respectfully seeks a judicial declaration that he has not breached his Employment Agreement by disclosing confidential information.

## FIFTH CAUSE OF ACTION

### DECLARATORY RELIEF REGARDING BREACH OF CONTRACT

**Solicitation of Futurewei Employees**

**(by Plaintiff Huang against Defendants)**

67.    Mr. Huang repeats and alleges each and every allegation contained in paragraphs 1-66 of this Complaint, and incorporates them herein.

68.    Defendants alleged that Mr. Huang breached his Employment Agreement by soliciting Futurewei employees.

69.    Mr. Huang did not breach his Employment Agreement by soliciting Futurewei

1    employees.

2        70.     An actual controversy exists between Mr. Huang and Defendants, as evidenced by

3    the case pending in the United States District Court for the Eastern District of Texas.  Huawei

4    Technologies Co., LTD. v. Huang, Case No. 4:17-cv-00893.  Ex. A.

5        71.     Mr. Huang respectfully seeks a judicial declaration that he has not breached his

6    Employment Agreement by soliciting Futurewei employees.

7                              **SIXTH CAUSE OF ACTION**

8    **DECLARATORY RELIEF REGARDING MISAPPROPRIATION OF TRADE**

9                                      **SECRETS**

10   **Defend Trade Secrets Act – 18 U.S.C. §§ 1832, 1836, et seq.**

11                        **(by Plaintiffs against Defendants)**

12       72.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-71

13   of this Complaint, and incorporate them herein.

14       73.     Defendants alleged that Plaintiffs misappropriated Defendants' trade secrets under

15   the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

16       74.     Plaintiffs did not misappropriate Defendants' trade secrets under the Defend Trade

17   Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

18       75.     An actual controversy exists between Plaintiffs and Defendants, as evidenced by

19   the case pending in the United States District Court for the Eastern District of Texas, Huawei

20   Technologies Co., LTD. v. Huang, Case No. 4:17-cv-00893.  Ex. A.

21       76.     Plaintiffs respectfully seek a judicial declaration that they have not misappropriated

22   Defendants' trade secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

23                            **SEVENTH CAUSE OF ACTION**

24           **DECLARATORY RELIEF REGARDING THREATENED**

25            **MISAPPROPRIATION OF TRADE SECRETS**

26   **Defend Trade Secrets Act – 18 U.S.C. §§ 1832, 1836, et seq.**

27                        **(by Plaintiffs against Defendants)**

28       77.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-76

1    of this Complaint, and incorporate them herein.

2        78.    Defendants alleged that Plaintiffs threatened misappropriation of Defendants' trade

3    secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

4        79.    Plaintiffs have not threatened misappropriation of Defendants' trade secrets under

5    the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

6        80.    An actual controversy exists between Plaintiffs and Defendants, as evidenced by

7    the case pending in the United States District Court for the Eastern District of Texas, *Huawei*

8    *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

9        81.    Plaintiffs respectfully seek a judicial declaration that they have not threatened

10   misappropriation of Defendants' trade secrets under the Defend Trade Secrets Act 18 U.S.C. §§

11   1832, 1836, et seq.

12                          **EIGHTH CAUSE OF ACTION**

13              **DECLARATORY RELIEF REGARDING CONSPIRACY TO**

14                    **MISAPPROPRIATE TRADE SECRETS**

15           **Defend Trade Secrets Act – 18 U.S.C. §§ 1832, 1836, et seq.**

16                       **(by Plaintiffs against Defendants)**

17       82.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-81

18   of this Complaint, and incorporate them herein.

19       83.    Defendants alleged that Plaintiffs conspired to misappropriate Defendants' trade

20   secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

21       84.    Plaintiffs have not conspired to misappropriate Defendants' trade secrets under the

22   Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836, et seq.

23       85.    An actual controversy exists between Plaintiffs and Defendants given the live case

24   pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies*

25   *Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

26       86.    Plaintiffs respectfully seek a judicial declaration that they have not conspired to

27   misappropriate Defendants' trade secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832,

28   1836, et seq.

1

**NINTH CAUSE OF ACTION**

2

**DECLARATORY RELIEF REGARDING MISAPPROPRIATION OF TRADE**

3

**SECRETS UNDER COMMON LAW**

4

**(by Plaintiffs against Defendants)**

5      87.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-86

6   of this Complaint, and incorporate them herein.

7      88.     Defendants alleged that Plaintiffs misappropriated Defendants' trade secrets under

8   common law.

9      89.     Plaintiffs have not misappropriated Defendants' trade secrets under the common

10   law.

11      90.     An actual controversy exists between Plaintiffs and Defendants, as evidenced by

12   the case pending in the United States District Court for the Eastern District of Texas.  *Huawei*

13   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

14      91.     Plaintiffs respectfully seek a judicial declaration that they have not misappropriated

15   Defendants' trade secrets under the common law.

16

**TENTH CAUSE OF ACTION**

17

**DECLARATORY RELIEF REGARDING MISAPPROPRIATION OF TRADE**

18

**SECRETS UNDER TEXAS UNIFORM TRADE SECRETS ACT**

19

**(by Plaintiffs against Defendants)**

20      92.     Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-91

21   of this Complaint, and incorporate them herein.

22      93.     Defendants alleged that Plaintiffs misappropriated Defendants' trade secrets under

23   TUTSA.

24      94.     Plaintiffs have not misappropriated Defendants' trade secrets under TUTSA.

25      95.     An actual controversy exists between Plaintiffs and Defendants, as evidence by the

26   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

27   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

28      96.     Plaintiffs respectfully seek a judicial declaration that they have not misappropriated

Defendants' trade secrets under TUTSA.

**ELEVENTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING THREATENED MISAPPROPRIATION OF**

**TRADE SECRETS UNDER TEXAS UNIFORM TRADE SECRETS ACT**

**(By Plaintiffs against Defendants)**

97.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-96 of this Complaint, and incorporate them herein.

98.    Defendants alleged that Plaintiffs have threatened misappropriation of Defendants' trade secrets under TUTSA.

99.    Plaintiffs have not threatened misappropriation of Defendants' trade secrets under TUTSA.

100.    An actual controversy exists between Plaintiffs and Defendants, as evidenced by the case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

101.    Plaintiffs respectfully seek a judicial declaration that they have not threatened misappropriation of Defendants' trade secrets under TUTSA.

**TWELFTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING CONSPIRACY**

**TO MISAPPROPRIATE TRADE SECRETS**

**TEXAS UNIFORM TRADE SECRETS ACT**

**(By Plaintiffs against Defendants)**

102.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-101 of this Complaint, and incorporate them herein.

103.    Defendants alleged that Plaintiffs have conspired to misappropriate Defendants' trade secrets under TUTSA.

104.    Plaintiffs have not conspired to misappropriate Defendants' trade secrets under TUTSA.

105.    An actual controversy exists between Plaintiffs and Defendants, as evidenced by

the case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

106.    Plaintiffs respectfully seek a judicial declaration that they have not conspired to misappropriate Defendants' trade secrets under TUTSA.

**THIRTEENTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING TORTIOUS INTERFERENCE WITH**

**CONTRACTUAL RELATIONS**

**(By Plaintiff CNEX against Defendants)**

107.    CNEX repeats and alleges each and every allegation contained in paragraphs 1-106 of this Complaint, and incorporates them herein.

108.    Defendants alleged that CNEX has tortiously interfered with contractual relations between Mr. Huang and Futurewei.

109.    CNEX has not tortiously interfered with contractual relations between Mr. Huang and Futurewei.

110.    An actual controversy exists between CNEX and Defendants, as evidenced by the case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

111.    CNEX respectfully seeks a judicial declaration that it has not tortiously interfered with contractual relations between Mr. Huang and Futurewei.

**FOURTEENTH CAUSE OF ACTION**

**DECLARATORY RELIEF REGARDING TORTIOUS INTERFERENCE WITH**

**PROSPECTIVE BUSINESS RELATIONS**

**(By Plaintiff CNEX against Defendants)**

112.    CNEX repeats and alleges each and every allegation contained in paragraphs 1-111 of this Complaint, and incorporates them herein.

113.    Defendants alleged that CNEX has tortiously interfered with Defendants' prospective business relations.

114.    CNEX has not tortiously interfered with Defendants' prospective business

1    relations.

2         115.    An actual controversy exists between CNEX and Defendants, as evidenced by the

3    case pending in the United States District Court for the Eastern District of Texas, *Huawei*

4    *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

5         116.    CNEX respectfully seeks a judicial declaration that it has not tortiously interfered

6    with Defendants' prospective business relations.

7                                **FIFTEENTH CAUSE OF ACTION**

8    **DECLARATORY RELIEF REGARDING CONSPIRACY TO COMMIT COMPUTER**

9                            **FRAUD AND ABUSE ACT ("CFAA")**

10                              **18 U.S.C. §§ 1030, et seq.**

11                            **(By Plaintiffs against Defendants)**

12        117.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

13   116 of this Complaint, and incorporate them herein.

14        118.    Defendants alleged that Plaintiffs have conspired to commit CFAA violations under

15   18 U.S.C. §§ 1030, et seq.

16        119.    Plaintiffs have not conspired to commit CFAA violations under 18 U.S.C. §§ 1030,

17   et seq.

18        120.    An actual controversy exists between CNEX and Defendants, as evidenced by the

19   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

20   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

21        121.    Plaintiffs respectfully seek a judicial declaration that they have not conspired to

22   commit CFAA violations under 18 U.S.C. §§ 1030, et seq.

23                                **SIXTEENTH CAUSE OF ACTION**

24        **DECLARATORY RELIEF REGARDING RICO 18 U.S.C. § 1962(c)**

25                            **(By Plaintiffs against Defendants)**

26        122.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

27   121 of this Complaint, and incorporate them herein.

28        123.    Defendants alleged that Plaintiffs have committed RICO violations under 18 U.S.C.

1   § 1962(c).

2       124.    Plaintiffs have not committed RICO violations under 18 U.S.C. § 1962(c).

3       125.    An actual controversy exists between CNEX and Defendants, as evidenced by the

4   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

5   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

6       126.    Plaintiffs respectfully seek a judicial declaration that they have not committed

7   RICO violations under 18 U.S.C. § 1962(c).

8   **SEVENTEENTH CAUSE OF ACTION**

9   **DECLARATORY RELIEF REGARDING RICO CONSPIRACY 18 U.S.C. § 1962(d)**

10   **(By Plaintiffs against Defendants)**

11       127.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

12   126 of this Complaint, and incorporate them herein.

13       128.    Defendants alleged that Plaintiffs have conspired to commit RICO violations under

14   18 U.S.C. § 1962(d).

15       129.    Plaintiffs have not conspired to commit RICO violations under 18 U.S.C. §

16   1962(d).

17       130.    An actual controversy exists between CNEX and Defendants, as evidenced by the

18   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

19   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

20       131.    Plaintiffs respectfully seek a judicial declaration that they have not conspired to

21   commit RICO violations under 18 U.S.C. § 1962(d).

22   **EIGHTEENTH CAUSE OF ACTION**

23   **DECLARATORY RELIEF REGARDING CONVERSION**

24   **(By Plaintiffs against Defendants)**

25       132.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

26   131 of this Complaint, and incorporate them herein.

27       133.    Defendants alleged that Plaintiffs have converted Defendants' intellectual property.

28       134.    Plaintiffs have not converted Defendants' intellectual property.

1    135.    An actual controversy exists between CNEX and Defendants, as evidenced by the

2    case pending in the United States District Court for the Eastern District of Texas, *Huawei*

3    *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

4    136.    Plaintiffs respectfully seek a judicial declaration that they have not converted

5    Defendants' intellectual property.

6                    **NINETEENTH CAUSE OF ACTION**

7    **DECLARATORY RELIEF REGARDING BREACH OF FIDUCIARY DUTY**

8                    **(By Plaintiff Huang against Defendants)**

9    137.    Mr. Huang repeats and alleges each and every allegation contained in paragraphs

10   1-136 of this Complaint, and incorporates them herein.

11   138.    Defendants alleged that Mr. Huang has breached his fiduciary duties to Futurewei.

12   139.    Mr. Huang has not breached his fiduciary duties to Futurewei.

13   140.    An actual controversy exists between CNEX and Defendants, as evidenced by the

14   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

15   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

16   141.    Mr. Huang respectfully seeks a judicial declaration that he has not breached his

17   fiduciary duties to Futurewei.

18                    **TWENTIETH CAUSE OF ACTION**

19   **DECLARATORY RELIEF REGARDING UNJUST ENRICHMENT**

20                    **(By Plaintiffs against Defendants)**

21   142.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

22   141 of this Complaint, and incorporate them herein.

23   143.    Defendants alleged that Plaintiffs have unjustly enriched themselves by their

24   misappropriation of Defendants' trade secrets and other confidential, proprietary, and trade secret

25   information.

26   144.    Plaintiffs have not unjustly enriched themselves by misappropriation of

27   Defendants' trade secrets and other confidential, proprietary, and trade secret information.

28   145.    An actual controversy exists between CNEX and Defendants, as evidenced by the

case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

146.    Plaintiffs respectfully seek a judicial declaration that they have not unjustly enriched themselves by misappropriation of Defendants' trade secrets and other confidential, proprietary, and trade secret information.

## TWENTY-FIRST CAUSE OF ACTION

## DECLARATORY RELIEF REGARDING COMMON LAW CIVIL CONSPIRACY

### (By Plaintiffs against Defendants)

147.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-146 of this Complaint, and incorporate them herein.

148.    Defendants alleged that Plaintiffs have committed common law civil conspiracy to accomplish the unlawful purposes and torts discussed in this Complaint.

149.    Plaintiffs have not committed common law civil conspiracy to accomplish the unlawful purposes and torts discussed in this Complaint.

150.    An actual controversy exists between CNEX and Defendants, as evidenced by the case pending in the United States District Court for the Eastern District of Texas, *Huawei Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

151.    Plaintiffs respectfully seek a judicial declaration that they have not committed common law civil conspiracy to accomplish the unlawful purposes and torts discussed in this Complaint.

## TWENTY-SECOND CAUSE OF ACTION

## DECLARATORY RELIEF REGARDING CORPORATE RAIDING

### (By Plaintiffs against Defendants)

152.    Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-151 of this Complaint, and incorporate them herein.

153.    Defendants alleged that Plaintiffs have committed corporate raiding.

154.    No claim for corporate raiding exists and thus Plaintiffs cannot be liable for any claim for corporate raiding.  But to the extent that such a claim does exists, Plaintiffs have not

1   committed corporate raiding.

2   155.   An actual controversy exists between CNEX and Defendants, as evidenced by the

3   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

4   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

5   156.   Plaintiffs respectfully seek a judicial declaration that they have not committed

6   corporate raiding.

7   **TWENTY-THIRD CAUSE OF ACTION**

8   **DECLARATORY RELIEF REGARDING UNFAIR COMPETITION UNDER LANHAM**

9   **ACT AND TEXAS COMMON AND STATUTORY LAW**

10   **(By Plaintiffs against Defendants)**

11   157.   Plaintiffs repeat and allege each and every allegation contained in paragraphs 1-

12   156 of this Complaint, and incorporate them herein.

13   158.   Defendants alleged that Plaintiffs have committed unfair competition under the

14   Lanham Act 15 U.S.C. § 1125(a) and Texas common and statutory law.

15   159.   Plaintiffs have not committed unfair competition under the Lanham Act 15 U.S.C.

16   § 1125(a) and Texas common and statutory law, nor does Texas law apply to the parties'

17   relationship.

18   160.   An actual controversy exists between CNEX and Defendants, as evidenced by the

19   case pending in the United States District Court for the Eastern District of Texas, *Huawei*

20   *Technologies Co., LTD. v. Huang*, Case No. 4:17-cv-00893.  Ex. A.

21   161.   Plaintiffs respectfully seek a judicial declaration that they have not committed

22   unfair competition under the Lanham Act 15 U.S.C. § 1125(a) and Texas common and statutory

23   law.

24   **PRAYER FOR RELIEF**

25   WHEREFORE, Plaintiffs pray for judgment as follows:

26   1.   A judgment in favor of Plaintiffs against Defendants finding that Defendants

27   violated Cal. Bus. & Prof. Code § 17200 et seq.;

28   2.   A declaration that Mr. Huang's Employment Agreement is void;

3.    An injunction barring Defendants from seeking to enforce Mr. Huang's Employment Agreement;

4.    A declaration that all employment agreements between Defendants and California residents containing provisions substantially identical to those in Mr. Huang's Employment Agreement are void;

5.    An injunction barring Defendants from enforcing all employment agreements between Defendants and California residents containing provisions substantially identical to those in Mr. Huang's Employment Agreement;

6.    An injunction barring Defendants from engaging in the unfair business practices described herein;

7.    An award of damages to Plaintiffs for their injuries in an amount to be determined at trial;

8.    For a declaration by the Court that this case may properly proceed in California, that California law governs the enforceability of Section 3 of the Employment Agreement, and that Section 3 of the Employment Agreement is invalid and unenforceable against Mr. Huang;

9.    In the alternative, and to the extent that the Employment Agreement is deemed enforceable, for a declaration by the Court that the intellectual property and patents involved in this dispute are not captured by the language of the agreement and Mr. Huang is not contractually obligated to assign any inventions or intellectual property to Futurewei;

10.    To the extent that the Employment Agreement is deemed enforceable, for a declaration by the Court that Plaintiffs have not committed breach of contract for failure to disclose and assign patents containing Futurewei technology, breach of contract for disclosure of confidential information, breach of contract for solicitation of Futurewei employees, misappropriation, threatened misappropriation, and conspiracy to misappropriate trade secrets under the Defend Trade Secrets Act 18 U.S.C. §§ 1832, 1836 et seq., misappropriation of trade secrets under common law, misappropriation, threatened misappropriation, and conspiracy to misappropriate trade secrets under TUTSA, tortious interference with contractual relations, tortious interference with prospective business relations, conspiracy to commit violations of CFAA

1   18 U.S.C. §§ 1030, et seq., violations and conspiracy to violate RICO 18 U.S.C. § 1962(c),

2   conversion, breach of fiduciary duty, unjust enrichment, common law civil conspiracy, corporate

3   raiding, and unfair competition under the Lanham Act 15 U.S.C. § 1125(a) and Texas Common

4   and Statutory Law;

5         11.    For all attorneys' fees and costs incurred by Plaintiffs in investigating, bringing and

6   prosecuting this action; and

7         12.    For such other and further relief as the Court may deem just, proper and appropriate.

8

9   Dated:   February 14, 2018            FENWICK & WEST LLP

10

11                               By: */s/ Michael J. Sacksteder*

12                                 Michael J. Sacksteder

13                               Attorneys for Plaintiffs
                                  CNEX LABS, INC. and YIREN HUANG

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

DEMAND FOR JURY TRIAL

2

Plaintiffs Yiren Huang and CNEX Labs, Inc. hereby demand a trial by jury on all issues and

3

all causes of action alleged herein on which a right to a jury trial exists as a matter of law.

4

5

Dated:    February 14, 2018                    FENWICK & WEST LLP

6

7

By: /s/ Michael J. Sacksteder
    Michael J. Sacksteder

8

9

Attorneys for Plaintiffs
CNEX LABS, INC. and YIREN HUANG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28