1
2
3
4
5

SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

6
7
8
9

SEYFARTH SHAW LLP
Michael D. Wexler (*pro hac vice* appl. pending)
Andrew C. Boutros (*pro hac vice* appl. pending)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

10
11

Attorneys for Defendant
FUTUREWEI TECHNOLOGIES, INC.

12

**UNITED STATES DISTRICT COURT**

13

**NORTHERN DISTRICT OF CALIFORNIA**

14

**SAN JOSE DIVISION**

15

16
17
18
19
20
21
22

YIREN HUANG, an individual, and CNEX Labs, Inc., Delaware corporation,

Plaintiffs,

v.

FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, and HUAWEI TECHNOLOGIES, CO., LTD., a Chinese corporation, and DOES 1 through 10,

Defendants.

Case No. 5:18-cv-00534-BLF

**DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S NOTICE OF MOTION AND MOTION TO COORDINATE AND TO STAY DISCOVERY**

(Santa Clara County Superior Court Case No. 17CV321153)

Date:            June 21, 2018
Time:            9:00 a.m.
Courtroom:   3 - 5th Floor

Complaint Filed:   Dec. 28, 2017
FAC Filed:          Feb. 14, 2018

23
24
25
26
27
28

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

I.      INTRODUCTION .................................................................................................... 1

II.     RELEVANT PROCEDURAL AND FACTUAL BACKGROUND........................................ 2

III.    ARGUMENT ......................................................................................................... 4

      A.     This Court Should Coordinate the Pleading and Discovery Schedules ......................... 4

      B.     This Court Should Stay Discovery Until It Rules on Futurewei's Motion to Dismiss......................................................................................................................... 5

            1.    Futurewei's Motion to Dismiss Would Be Dispositive of the Entire Case and/or the Issues at Which Discovery is Directed.................................. 7

            2.    Discovery Is Not Necessary for Resolution of the Motion to Dismiss. ............. 7

      C.     All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss................. 8

            1.    A Stay Furthers the Goals of Efficiency Without Prejudice to Plaintiffs. ......... 8

            2.    There Is No Need for Immediate Discovery. .................................................. 10

            3.    Discovery Should be Stayed Because Plaintiffs' Requests are Not Relevant to the Current Needs of the Case. ..................................................... 10

IV.     CONCLUSION .................................................................................................... 12

1

2

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

3

4

**Federal Cases**

*Ameritel Inns v. Moffat Bros. Plastering, L.C.*,
   No. CV 06-359-S-EJL, 2007 WL 1792323 (D. Idaho June 20, 2007) ............................................9

*B.R.S. Land Investors v. U.S.*,
   596 F.2d 353 (9th Cir. 1979)..............................................................................................6

*In re Cathode Ray Tube Antitrust Litig.*,
   No. C–07–5944–SC, 2014 WL 5462496 (N.D. Cal. Oct. 23, 2014) ...........................................8

*CMAX Inc. v. Hall*,
   300 F.2d 265 (9th Cir. 1962)..............................................................................................4

*Dao v. Liberty Life Assurance Co. of Boston*,
   No. 14-CV-04749-SI (EDL), 2016 WL 796095 (N.D. Cal. Feb. 23, 2016) .................................11

*Evolutionary Intelligence, LLC v. Millenial Media, Inc.*,
   No. 5:13–CV–04206–EJD, 2014 WL 2738501 (N.D. Cal. Jun. 11, 2014).................................8, 10

*Genetic Techs. Ltd. v. Agilent Techs., Inc.*,
   No. C 12-01616 RS, 2012 WL 2906571 (N.D. Cal, July 16, 2012) ...........................................4

*Gibbs v. Carson*,
   No. C– 13–0860 TEH (PR), 2014 WL 172187 (N.D. Cal. Jan. 15, 2014) ....................................8

*Gilbert v. Ferry*,
   401 F.3d 411 (6th Cir. 2005)..............................................................................................5

*Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp.*,
   No. 14-CV-3073-PJH, 2016 WL 4698931 (N.D. Cal. Sept. 8, 2016) ...........................................7

*Golden v. Zwickler*,
   394 U.S. 103 (1969) ........................................................................................................7

*In re Graphics Processing Units Antitrust Litigation*,
   No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. Jul. 27, 2007) ...................................8, 9, 10

*Hall v. Tilton*,
   No. C 07–3233 RMW (PR), 2010 WL 539679 (N.D. Cal. Feb. 9, 2010) ...................................6, 7

*Hanni v. Am. Airlines, Inc.*,
   No. C-08-00732 CW(EDL), 2009 WL 1505286, (N.D. Cal. May 27, 2009) ............................9, 11

*Huene v. U.S. Dept. of Treasury, I.R.S.*,
   No. 2:11–cv–2110 JAM AC PS, 2013 WL 417747 (E.D. Cal. Jan. 31, 2013)................................6

ii

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936)..................................................................................................1, 4, 6

*Little v. City of Seattle*,
  863 F.2d 681 (9th Cir. 1988).........................................................................................5, 8

*Pacific Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*,
  220 F.R.D. 349 (N.D. Cal. 2003) ..................................................................................6, 7

*Pragmatus AV, LLC v. Facebook, Inc.*,
  No. 11–CV–02168– EJD, 2011 WL 4802958 (N.D. Cal. Oct. 11, 2011) ....................10

*San Francisco Tech. v. Kraco Enters. LLC*,
  No. 5:11-cv-00355 EJD, 2011 WL 2193397 (N.D. Cal. Jun. 6, 2011)........................6, 7

*Wenger v. Monroe*,
  282 F.3d 1068 (9th Cir. 2002).........................................................................................6

*Wood v. McEwen*,
  644 F.2d 797 (9th Cir. 1981)...........................................................................................6

**Federal Statutes**

Lanham Act ................................................................................................................................2

RICO .........................................................................................................................................2

**State Statutes**

Business and Professions Code § 17200 ...................................................................................2

Computer Fraud and Abuse Act.................................................................................................2

Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act ...........................................2

**Rules**

Fed. R. Civ. Proc. 6(b)(1)......................................................................................................1, 4

Fed. R. Civ. Proc. 12(a) ............................................................................................................1

Fed. R. Civ. Proc. Rule 26 ........................................................................................................3

Fed. R. Civ. Proc. 26(b)(1)..................................................................................................10, 11

Fed. R. Civ. Proc. 26(c) ............................................................................................................1

Fed. R. Civ. Proc. 26(f) ......................................................................................................2, 3, 8

DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S MOTION TO COORDINATE AND TO
STAY DISCOVERY
CASE NO. 5:18-CV-00534-BLF

## NOTICE OF MOTION AND MOTION

**TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 21, 2018, at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3 - 5th Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California  95113, Defendant Futurewei Technologies, Inc. ("Futurewei" or "Defendant") moves the Court to coordinate the pleading and discovery schedules, and to stay discovery, so all parties are on the same schedule.

This motion is made on the grounds that Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc. ("CNEX") (collectively, "Plaintiffs") amended their Complaint to add a foreign defendant, Huawei Technologies Co., Ltd. ("Huawei"), who is entitled to a 90-day responsive pleading deadline for waiver of service of the First Amended Complaint. *See* Fed. R. Civ. Proc. 12(a). Moreover, this Court has the inherent authority to control its docket and extend pleading and discovery deadlines and schedules. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Fed. R. Civ. Proc. 6(b)(1).

A coordination and/or stay of the proceedings calculated from Huawei's responsive pleading deadline is efficient for the Court's own docket and the fairest course for the parties because Plaintiffs' joining of Huawei has disrupted and staggered Futurewei and Huawei's (collectively, "Defendants") pleading and discovery response deadlines by at least 90 days. Huawei has not been served and the proper course here is to have the hearings on Defendants' respective motions to dismiss or transfer on a set date at least 90 days after service of Huawei. Discovery should also be stayed in the meantime. Coordinating Defendants' pleading schedules to allow a single, joint responsive pleading would reduce the time and resources of the Court and parties and avoid duplicative briefings. Plaintiffs refused to agree to proceeding on such an organized fashion.

Futurewei also brings this motion pursuant to Federal Rule of Civil Procedure 26(c) on the ground that Plaintiffs should not subject Futurewei to costly and burdensome discovery unless and until the Court determines that Plaintiffs' First Amended Complaint can survive a motion to dismiss. This action should be dismissed or transferred pursuant to the mandatory Texas forum selection clause and this Court lacks subject matter jurisdiction as to Plaintiffs' claims on behalf of employees

1    and agreements not before this Court, which is the subject of Plaintiffs' overly broad discovery.

2    Plaintiffs' First Amended Complaint also adds unnecessary, duplicative declaratory relief claims that

3    seek advisory opinions on the causes of action first asserted by Defendants in the parties' parallel,

4    Texas action. Discovery should not proceed until the Court resolves whether Plaintiffs' action and

5    First Amended Complaint is viable in this Court and, if so, what the permissible scope of that First

6    Amended Complaint will be. Because a favorable resolution of Futurewei's contemplated motion to

7    dismiss, transfer, or stay would eliminate the need for discovery, good cause exists to stay all

8    discovery until that motion is decided.

9            Futurewei's counsel met and conferred with Plaintiffs' counsel regarding this motion at the

10   Rule 26(f) conference and on February 19, 20, and 21, 2018, but was unable to reach a resolution.

11           This motion is based on this Notice of Motion and Motion, the accompanying Memorandum

12   of Points and Authorities, the Declaration of D. Joshua Salinas, the pleadings and records on file

13   herein, and such other evidence and arguments as may be presented to the Court prior to or at the

14   hearing of this motion.

15   DATED: February 27, 2018                    SEYFARTH SHAW LLP

16

17                                               By:    /s/ Robert B. Milligan
                                                        Robert B. Milligan
18                                                      D. Joshua Salinas
                                                 Attorneys for Defendant FUTUREWEI,
19                                               TECHNOLOGIES, INC.

20

21

22

23

24

25

26

27

28

DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S MOTION TO COORDINATE AND
TO STAY DISCOVERY
CASE NO. 5:18-CV-00534-BLF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.       INTRODUCTION

Defendant Futurewei Technologies, Inc. ("Futurewei") moves the Court to coordinate the responsive pleading and discovery deadlines and schedules so that all parties are on the same schedule. This motion is made on the grounds that Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc. ("CNEX") (collectively, "Plaintiffs") amended their Complaint to add a foreign defendant, Huawei Technologies Co., Ltd. ("Huawei"), who is entitled to a 90-day responsive pleading deadline for waiver of service of the First Amended Complaint. *See* Fed. R. Civ. Proc. 12(a). Moreover, this Court has the inherent authority to control its docket and extended discovery and pleading deadlines. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); Fed. R. Civ. Proc. 6(b)(1).

Huawei has not been served and the proper course here is to have the hearings on Futurewei's and Huawei's (collectively, "Defendants") respective motions to dismiss or transfer on a set date at least 90 days after service of Huawei. Discovery should also be stayed in the meantime. Plaintiffs refused to agree to proceeding in such an organized fashion. Plaintiffs will suffer no prejudice from a coordination of the pleading and discovery schedules. Indeed, this case is still at the pleading stage and a case schedule has not been set.

Additionally, Futurewei respectfully moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order staying discovery until after this Court rules on Futurewei's contemplated motion to dismiss, transfer, or stay (the "Motion to Dismiss"). Good cause exists to stay discovery because the Court's ruling on Futurewei's Motion to Dismiss may completely dispose of the case, or significantly narrow the scope of issues in this action, rendering Plaintiffs' discovery requests moot. Thus, discovery is premature and potentially wasteful. Plaintiffs will suffer no prejudice from the requested stay because no discovery is required for the Motion to Dismiss. Furthermore, relevant evidence has been preserved.

For these reasons, as discussed below, this Court should grant Futurewei's motion to coordinate and motion for a protective order to stay discovery.

///

## II.    RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On December 28, 2017, Futurewei and Huawei, filed a Complaint against Huang and CNEX in the United States District Court for the Eastern District of Texas (*Huawei Technologies Co., LTD., et al. v. Huang et al.*, Case No. 4:17-cv-00893), asserting seventeen causes of action arising from or related to Huang's violation of his Employment Confidentiality, Proprietary Information and Inventions Agreement with Futurewei (the "Agreement"): actual and threatened misappropriation of trade secrets (under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and common law); conspiracy to misappropriate trade secrets, RICO violations and RICO conspiracy, tortious interference with contractual and prospective business relations, unfair competition under the Lanham Act and Texas common and statutory law, corporate raiding, common law civil conspiracy, breach of contract, disclosure of confidential information, unjust enrichment, conversion, violations of the Computer Fraud and Abuse Act, and breach of fiduciary duty. Declaration of D. Joshua Salinas in Support of Defendant Futurewei Technologies, Inc.'s Motion to Coordinate and to Stay Discovery ("Salinas Decl."), ¶ 3.

On December 28, 2017, Plaintiffs filed the present action against Futurewei in the Santa Clara County Superior Court, which consisted of three causes of action for declaratory relief regarding enforceability and Plaintiffs' interference with Huang's Agreement. *See* Dkt. No. 1, Ex. A, "Complaint."

Futurewei timely removed the present action to this federal Court and subsequently moved to dismiss, transfer, or stay this action. *See* Dkt. Nos. 1 and 13.

During the February 8, 2018 Rule 26(f) conference between counsel for Plaintiffs and Futurewei, Plaintiffs' counsel proposed a stay of the California action pending a resolution of their pending motion to dismiss in Texas. *See* Salinas Decl., ¶ 4. Plaintiffs represented that they did not want to waste this Court's time and money with duplicate briefing schedules. *Id.* Plaintiffs and Futurewei were not able to reach a stipulation. *Id.*

On February 14, 2018, Plaintiffs filed a First Amended Complaint in this action which (1) added Huawei as a defendant, (2) added an additional claim under Business and Professions Code

1    section 17200 as to Defendants' alleged enforcement of their employment agreements against all of

2    their California employees, such as Huang's Agreement at issue here, and (3) added twenty-one

3    declaratory relief claims that are duplicative of Defendants' previously asserted causes of action in

4    the parties' parallel, Texas action where Defendants seek, among other things, to enforce Huang's

5    Agreement. See Dkt. No. 21; Salinas Decl., ¶ 5. In sum, the First Amended Complaint seeks an

6    advisory opinion on numerous claims not before this Court as opposed to the Texas action which has

7    the substantive claims before it.

8         On February 15, 2018, Plaintiffs and Futurewei held a continued Rule 26(f) conference.

9    During the conference, Futurewei reiterated that it believed discovery was premature in light of

10   Futurewei's Motion to Dismiss. *See* Salinas Decl., ¶ 6.

11        On February 16, 2018, Plaintiffs propounded requests for production of documents and

12   special interrogatories on Futurewei. *See* Salinas Decl., ¶ 7, Exs. A and B.

13        On February 19, 2018, Futurewei offered to receive the federal waiver of service forms for

14   Huawei as to the First Amended Complaint in exchange for coordinating and staying Futurewei's

15   pleading and discovery deadlines in light of the anticipated 90-day response deadline that Huawei

16   would receive for its waiver of service. *See* Salinas Decl., ¶ 8, Ex. C. Basically, Futurewei proposed

17   coordinating the pleading and discovery schedules so that Defendants could file a single joint

18   responsive pleading and all parties could be on the same schedules. Plaintiffs rejected the proposal.

19   *Id*.

20        This Court ultimately terminated Futurewei's previously filed motion to dismiss, transfer, or

21   stay as moot. *See* Dkt. No. 32. Futurewei plans to file its Motion to Dismiss Plaintiffs' First Amended

22   Complaint on or by February 28, 2018. *See* Salinas Decl., ¶ 9.

23        On February 22, 2018, Plaintiffs and Futurewei exchanged Initial Disclosures. *See* Salinas

24   Decl., ¶ 9). On February 22, 2018, Plaintiffs and Futurewei also filed a Joint Case Management

25   Conference Statement. *See* Dkt. No. 37. The parties' Joint Case Management Conference Statement

26   reflects that Plaintiffs and Futurewei have met and conferred regarding the steps taken to preserve

27   relevant evidence.

28

1     On February 23, 2018, Plaintiffs filed a Motion for Approval of Court-Ordered Service

2  concerning Huawei, which is noticed for hearing for June 21, 2018. *See* Dkt. No. 38. The 420 page

3  pleading packet Plaintiffs purportedly sent to Huawei in China did not include a waiver of service

4  form and, as of today, a properly drafted waiver of service form has yet to be presented to Huawei in

5  China.

6     To date, Plaintiffs refuse to coordinate or stay any pleading or discovery deadlines or

7  schedules accordingly.

8                  **III.    ARGUMENT**

9     This Court has the inherent authority to control the disposition of cases on its docket with

10  economy of time and effort for itself, for counsel, and for litigants. *See Landis v. N. Am. Co.*, 299

11  U.S. 248, 254 (1936); Fed. R. Civ. Proc. 6(b)(1). This Court also has the inherent authority to extend

12  responsive pleading deadlines. *See* Fed. R. Civ. Proc. 6(b)(1). District courts in the Ninth Circuit

13  weigh "the interests of conserving judicial resources by avoiding duplicative litigation," and "the

14  possibility of hardship or prejudice to the parties." *Genetic Techs. Ltd. v. Agilent Techs., Inc.*, No. C

15  12-01616 RS, 2012 WL 2906571, at *2 (N.D. Cal, July 16, 2012) (granting stay pending resolution

16  of motion to initiate multidistrict litigation); *see also CMAX Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir.

17  1962) (noting the "competing interests are the possible damage which may result from the granting of

18  a stay, the hardship or inequity which a party may suffer in being required to go forward, and the

19  orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and

20  questions of law which could be expected to result from a stay").

21     Under this framework, the Court can and should coordinate the instant responsive pleading

22  and discovery deadlines so all parties are on the same schedule, as well as staying discovery until the

23  Court rules on Futurewei's Motion to Dismiss.

24       **A.    This Court Should Coordinate the Pleading and Discovery Schedules**

25     A coordination and/or stay of the proceedings to accommodate Huawei's anticipated

26  responsive pleading deadline is efficient for the Court's own docket and the fairest course for the

27  parties because Plaintiffs' joining of Huawei has disjoined and staggered Defendants' pleading and

28

discovery response deadlines by at least 90 days. Allowing Defendants to file a single, joint responsive pleading, along with consolidating and coordinating the anticipated briefing schedules and hearing dates, would reduce the time and resources of the Court and parties. Plaintiffs have also recently propounded requests for production of documents and special interrogatories in this action on Futurewei, which are premature and should be stayed until the Court rules on Futurewei's Motion to Dismiss.

Additionally, any purported delays were caused by Plaintiffs' own decision not to name Huawei in its initial Complaint. Futurewei offered to receive the federal waiver of service forms for Huawei in exchange for an extension and coordination of the pleading and discovery schedules. In particular, Futurewei requested a due date of 20 days after all parties were on the same schedule to answer or otherwise plead. Plaintiffs rejected this offer and instead elected to file a Motion for Approval of Court-Ordered Service regarding Huawei, which is noticed for hearing nearly 120 days away (i.e., June 21, 2018). At no time that Futurewei is aware of have Plaintiffs presented to Huawei a federal waiver of service request.

Even if Plaintiffs proceed with and prevail on their motion--which they should not--any alternative service on Huawei would not occur for at least 120 days and would still leave the parties' pleading and discovery schedules in delayed disarray.

Accordingly, this Court should coordinate the pleading and discovery schedules to the duplicative expenditure of time and resources by the Court and parties once Huawei is served.

**B.     This Court Should Stay Discovery Until It Rules on Futurewei's Motion to Dismiss**

This Court has "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). It is therefore appropriate for this Court to exercise this broad authority and discretion to stay proceedings when, as in this case, there are "preliminary questions" to resolve "that may dispose of the case" in this jurisdiction. *See Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding permissible the district court's stay pending a ruling on the motion to dismiss for lack of subject matter jurisdiction). Indeed, "[c]ommon examples of situations warranting a stay of

1    discovery are those with preliminary issues of **jurisdiction**, **venue**, or immunity." *Huene v. U.S.*

2    *Dept. of Treasury, I.R.S.*, No. 2:11–cv–2110 JAM AC PS, 2013 WL 417747, *7 (E.D. Cal. Jan. 31,

3    2013) (emphasis added) (citing *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554,

4    555-56 (D. Nev. 1997)). This Court's use of its inherent power to stay discovery in this case will not

5    be disturbed absent an abuse of discretion. *See Landis*, 299 U.S. at 248.

6          "The Ninth Circuit has recognized that a court may limit discovery 'for good cause . . . and

7    may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim

8    for relief.'" *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam); *B.R.S. Land Investors

9    v. U.S.*, 596 F.2d 353, 356 (9th Cir. 1979) (same); *see also Wenger v. Monroe*, 282 F.3d 1068, 1077

10   (9th Cir. 2002) ("We have held, however, that '[a] district court may . . . stay discovery when it is

11   convinced that the plaintiff will be unable to state a claim for relief.'") (citation omitted,

12   modifications in original).

13         While the Ninth Circuit has "yet to provide a specific standard" for assessing motions to stay

14   discovery, "federal district courts in California have applied a two-part test when evaluating a request

15   for a stay of discovery during the pendency of a dispositive motion." *Pacific Lumber Co. v. Nat'l

16   Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003) (Larson, J.); *Hall v.

17   Tilton*, No. C 07–3233 RMW (PR), 2010 WL 539679, at *1 (N.D. Cal. Feb. 9, 2010) (staying

18   discovery pending disposition of motion to dismiss); *San Francisco Tech. v. Kraco Enters. LLC*, No.

19   5:11-cv-00355 EJD, 2011 WL 2193397, at *2 (N.D. Cal. Jun. 6, 2011) (same, and collecting cases).

20   First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the

21   issue at which discovery is directed. *Pacific Lumber Co.*, 220 F.R.D. at 351. Second, the court must

22   determine whether the pending dispositive motion can be decided absent discovery. *Id.* at 352. "If the

23   court answers these two questions in the affirmative, a protective order may issue. However, if either

24   prong of this test is not established, discovery proceeds." *Id.* Moreover, "[d]enying a protective order

25   is particularly appropriate if a stay of discovery could preclude either party from fully preparing for

26   the pending dispositive motion."

27   ///

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.    Futurewei's Motion to Dismiss Would Be Dispositive of the Entire Case and/or the Issues at Which Discovery is Directed.**

Futurewei meets the first prong of the *Pacific Lumber* test because Futurewei's Motion to Dismiss would be dispositive of the entire action and/or dispositive of the issues at which discovery is directed. Futurewei's Motion to Dismiss argues, among other things, that Plaintiffs sued in the wrong forum, Plaintiffs lack standing to bring claims on behalf of employees and agreements not before this Court, and Plaintiffs' request advisory opinions on claims brought elsewhere and are not actionable by Plaintiffs.

Prevailing on the forum issue would be entirely dispositive of Plaintiffs' case. Moreover, prevailing on the advisory opinion issue would dispose of the issues at which Plaintiffs' discovery is primarily directed. *See Golden v. Zwickler,* 394 U.S. 103, 108 (1969) ("The federal courts established pursuant to Article III of the Constitution do not render advisory opinions."); *Golden State Orthopaedics, Inc. v. Howmedica Osteonics Corp*., No. 14-CV-3073-PJH, 2016 WL 4698931, at *3 (N.D. Cal. Sept. 8, 2016) (finding company lacked standing to bring suit concerning its competitors' employment agreements: "it appears to the court highly questionable that [plaintiff] has standing to assert this claim as pled, as [plaintiff] is not a California employee who has been injured by the inclusion of a noncompete provision in his/her employment agreement."); *see also San Francisco Tech. v. Kraco Enters. LLC,* No. 5:11-CV-00355 EJD, 2011 WL 2193397, at *3 (N.D. Cal. June 6, 2011) (defendant met its burden for this portion of the test where defendant challenged the legal sufficiency of the one count brought in the Amended Complaint); *see also Hall*, 2010 WL 539679, at *1-2 (finding defendants met prong one because "their motion to dismiss, if meritorious, will dispose of the entire case"); *see also* Salinas Decl., Exs. B-C.

Accordingly, the first prong of the motion for a stay of discovery test is satisfied.

**2.    Discovery Is Not Necessary for Resolution of the Motion to Dismiss**

The second prong of the test is also met because discovery is not necessary for resolution of the Motion to Dismiss. There are no factual issues here that require discovery prior to the resolution of Futurewei's Motion to Dismiss. Indeed, Plaintiffs raised no issue as to any need for discovery

DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S MOTION TO COORDINATE AND
TO STAY DISCOVERY
CASE NO. 5:18-CV-00534-BLF

1  during the parties Rule 26(f) conference or Joint Rule 26(f) Report despite Futurewei previously

2  filing a motion to dismiss, transfer, or stay on Plaintiffs' original Complaint. Because Futurewei's

3  Motion to Dismiss would be dispositive and can be decided without discovery, and because discovery

4  would be enormously burdensome and costly, a protective order should be issued staying discovery

5  during the pendency of the Motion to Dismiss. *Gibbs v. Carson*, No. C– 13–0860 TEH (PR), 2014

6  WL 172187, at *3 (N.D. Cal. Jan. 15, 2014) (motion for stay granted where pending motion to

7  dismiss was potentially dispositive of the case and could be decided without discovery).

8       **C.      All Other Factors Warrant Granting a Stay Pending the Motion to Dismiss.**

9            The other factors that courts consider in deciding whether to stay discovery also favor a stay

10  here, including:  (1) whether the stay would further the goal of efficiency for the court and litigants;

11  or (2) whether there is a compelling need for prompt discovery. *Little v. City of Seattle*, 863 F.2d 681,

12  685 (9th Cir. 1988) (stay appropriate where it furthered "the goal of efficiency for the court and

13  litigants"); *In re Graphics Processing Units Antitrust Litigation*, No. C 06-07417 WHA, 2007 WL

14  2127577, *5 (N.D. Cal. Jul. 27, 2007) ("GPU") (staying discovery where the "immediate

15  circumstances omit any compelling reason for prompt discovery"); *Evolutionary Intelligence, LLC v.*

16  *Millenial Media, Inc.,* No. 5:13–CV–04206–EJD, 2014 WL 2738501, at *3-*6 (N.D. Cal. Jun. 11,

17  2014) (granting motion for stay pending inter parties' patent review based on the early stage of the

18  litigation, potential for simplification of issues, and lack of prejudice to Plaintiffs).

19       **1.      A Stay Furthers the Goals of Efficiency Without Prejudice to Plaintiffs.**

20            A stay of discovery will maximize efficiency in this litigation. As noted, if the Motion to

21  Dismiss is granted, the need for discovery will be eliminated in its entirety. Even if some aspects of

22  the First Amended Complaint survive, the scope of discovery may be more narrowly tailored and the

23  discovery negotiations more focused, depending on the Court's guidance on the legal sufficiency of

24  Plaintiffs' various allegations. *See, e.g.,* Salinas Decl., Ex. A. (Requests for Production No. 2-8) and

25  Ex B. (Interrogatory No. 14).

26            For example, in *GPU*, the court concluded that "first resolving the motion to dismiss is the

27  better course," even where documents requested in discovery had already been assembled and

28                                                8

produced to the grand jury. *GPU*, 2007 WL 2127577, at *5. Judge Alsup explained that the "immediate point is that adjudicating the motions to dismiss will shed light on the best course for discovery." *Id.*; *In re Cathode Ray Tube Antitrust Litig.*, No. C–07–5944–SC, 2014 WL 5462496, *8 (N.D. Cal. Oct. 23, 2014) (noting that discovery did not begin until after denial of the motion to dismiss because discovery was stayed during the pendency of the motion).

Whether or not the First Amended Complaint is dismissed, the evaluation and disposition of the Motion to Dismiss should be helpful in reducing at least some of the burden of discovery. A stay would allow for resolution of these issues addressed in the Motion to Dismiss before Futurewei expends tremendous efforts to collect, review and produce documents that may have no bearing on the litigation, including information regarding employees and agreements not before this Court. *See Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW(EDL), 2009 WL 1505286, at *8 (N.D. Cal. May 27, 2009) ("staying discovery now will not prejudice Plaintiffs in any way by cutting their discovery window short. Rather, the stay will phase this case in order to prevent the parties from incurring unnecessary costs.").

Plaintiffs should be required to advance past the pleading stage before subjecting Futurewei to such discovery, which, as further discussed below, is irrelevant to the needs of the case because it would necessitate the expenditure of significant time and resources for improperly asserted advisory opinions.

Moreover, a stay pending resolution of Futurewei's Motion to Dismiss will not unduly prejudice Plaintiffs. This case is in its infancy and not all parties have been served. No trial date or discovery deadlines have been set. While Plaintiffs and Futurewei have exchanged initial disclosures[1], the costs and burden of preparing such disclosures are trivial compared to the massive

---

[1] Futurewei's and Plaintiffs' exchange of their Rule 26 Initial Disclosures pursuant to the Court's Initial Case Management Order does not preclude Futurewei from seeking the requested protective order. Futurewei expressly stated in its Rule 26 Initial Disclosures and Joint Case Management Conference Statement that it was not waiving its right to object to further discovery, including, but not limited to, on the grounds that no discovery should be had until after this Court rules on Futurewei's Motion to Dismiss. *See Ameritel Inns v. Moffat Bros. Plastering, L.C.*, No. CV 06-359-S-EJL, 2007 WL 1792323, at *4 (D. Idaho June 20, 2007) (granting motion for protective order staying discovery except for Rule 26 Initial Disclosures).

9

1  burden of collecting potentially millions of documents, both electronic and hard copy, reviewing

2  them for responsiveness and privilege, and producing them. This is not a case where a stay of

3  discovery is sought in the middle of collections, review, and productions, or even in the middle of

4  depositions.

5       Where, as here, there has been no "material progress in the litigation," a brief stay pending the

6  motion to dismiss should be granted. *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11–CV–02168–

7  EJD, 2011 WL 4802958, at *2-3 (N.D. Cal. Oct. 11, 2011) (granting stay pending re-examination of

8  patent where plaintiff had already filed infringement contentions, first set of interrogatories, requests

9  for admission, and requests for production of documents); *Evolutionary Intelligence*, 2014 WL

10  2738501, at *3 (the Northern District of California "strongly favors granting a stay where there has

11  been no material progress in litigation").

12               **2.**      **There Is No Need for Immediate Discovery.**

13       Once the Motion to Dismiss is decided, either the case will be dismissed or transferred, and

14  discovery will be moot or need coordination from the Texas court, or discovery will commence

15  immediately, guided by the Court's ruling on the Motion. In the interim, there is no compelling

16  reason for discovery to commence. Preservation concerns have been addressed; as Plaintiffs and

17  Futurewei respectively represented to the Court in their Joint Case Management Conference

18  Statement, the Plaintiffs and Futurewei have taken appropriate steps to preserve evidence. Moreover,

19  Plaintiffs have not identified any testimony that needs to be immediately produced and/or preserved.

20  As a result, there is "no urgent need for immediate discovery." *GPU*, 2007 WL 2127577, *5 (where

21  there is no provisional relief being sought or a need for witness testimony to be preserved due to ill

22  health, there is enough time "to critique the complaint and to then consider the best course for

23  discovery").

24               **3.**      **Discovery Should be Stayed Because Plaintiffs' Requests are Not Relevant**

25                     **to the Current Needs of the Case.**

     The amendments to Rule 26(b)(1) allow discovery of "any nonprivileged matter that is

26  relevant to any party's claim or defense and proportional to the needs of the case, considering the

27

28                             10

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Accordingly, the Court should consider both the nature of information sought and whether its production is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

"In discussing the impact of this amendment, one court of this district has recently explained that, 'No longer is it good enough to hope that the information sought might lead to the discovery of admissible evidence. In fact, the old language to that effect is gone. Instead, a party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.'" *Dao v. Liberty Life Assurance Co. of Boston*, No. 14-CV-04749-SI (EDL), 2016 WL 796095, at *3 (N.D. Cal. Feb. 23, 2016) citing *Gilead Scis., Inc. v. Merck & Co, Inc.*, No. 5:13–CV–04057–BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016).

Here, Plaintiffs propounded to Futurewei overly broad discovery that is irrelevant to the needs of the case. Plaintiffs seek discovery on Defendants' first-filed claims in the Texas action, including trade secrets claims that are not before this Court. Plaintiffs' discovery requests are a thinly veiled attempt to obtain discovery in this action to which they are not entitled.

Futurewei's Motion to Dismiss seeks to dismiss or transfer the case in its entirety based on the venue issues, and seeks to dismiss the claims that seek improper advisory opinions and where Plaintiffs lack standing. A stay pending the Motion to Dismiss will, as discussed above, prevent Futurewei from incurring significant discovery costs, which ultimately may be unnecessary. *See Dao v. Liberty Life Assurance Co. of Boston,* No. 14-CV-04749-SI (EDL), 2016 WL 796095, at *3 (N.D. Cal. Feb. 23, 2016) (denying motion to compel discovery because, among other things, considerations of relevance and proportionality depended on presiding judge's ultimate ruling on legal question related to discovery requests). Futurewei is amenable to extending any scheduled discovery period to reduce the likelihood of any prejudice to Plaintiffs by any shortened discovery window. *See Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW(EDL), 2009 WL 1505286, at *8 (N.D. Cal. May 27, 2009) ("staying discovery now will not prejudice Plaintiffs in any way by cutting their

11

1   discovery window short. Rather, the stay will phase this case in order to prevent the parties from

2   incurring unnecessary costs.")

3                                   **IV.    CONCLUSION**

4           For all of the foregoing reasons, Futurewei respectfully asks this Court to coordinate, extend,

5   and/or stay the current responsive pleading and discovery deadlines based on Huawei's ultimate

6   responsive pleading deadline, and to stay discovery until after this Court rules on Futurewei's Motion

7   to Dismiss.

8   DATED: February 27, 2018                          SEYFARTH SHAW LLP

9

10                                                    By: ___*/s/ Robert B. Milligan*_____

11                                                        Robert B. Milligan
                                                          D. Joshua Salinas
12                                                      Attorneys for Defendant FUTUREWEI,
                                                        TECHNOLOGIES, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                        12