MICHAEL J. SACKSTEDER (CSB No. 191605)
msacksteder@fenwick.com
BRYAN A. KOHM (CSB No. 233276)
bkohm@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
MOLLY MELCHER (CSB No. 272950)
mmelcher@fenwick.com
SHANNON TURNER (CSB No. 310121)
sturner@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

DANIEL J. MCCOY (CSB No. 206099)
dmccoy@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Attorneys for Plaintiffs
CNEX LABS, INC. and YIREN HUANG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation; HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation, and DOES 1 through 10,<br><br>Defendants. | Case No.: 5:18-cv-00534-BLF<br><br>**DECLARATION OF YIREN RONNIE HUANG OPPOSITION TO MOTION TO DISMISS**<br><br>Date:    June 21, 2018<br>Time:    9:00 a.m.<br>Dept:    Courtroom 3, 5th Floor<br>Judge:   Hon. Beth Labson Freeman |

I, Yiren Ronnie Huang, do hereby declare as follows:

1.      I am the Chief Technology Officer at CNEX Labs, Inc.  I am a co-founder of the company and a member of its board of directors.  I have personal knowledge of the facts stated in this declaration and, if called to do so, I could and would competently testify thereto.

2.      I live in Santa Clara County, California and have lived there since approximately January, 1989.

3.      In late 2010 while working in San Jose, Futurewei began recruiting me to join their USA R&D Headquarters in Santa Clara, California.  All of the interviews I had with Futurewei personnel, in person or by video conference, occurred at Futurewei's offices in Santa Clara, California.

4.      During the time that Futurewei was recruiting me, I always understood that if I joined Futurewei, I would be based out of the Santa Clara facilities and that I would report to managers there.  While I understood that the job I was being considered for would potentially involve some travel to China, there was never a mention of me being required to travel to Texas for any reason.  During the recruiting process, Futurewei and I discussed the possibility of assigning certain of my previously developed intellectual property rights to Futurewei, but did not end up doing so in connection with my joining the company.

5.      Futurewei eventually invited me to join the company, and sent me an offer letter on December 22, 2010.  **Exhibit A** is a copy of the December 22, 2010 offer letter ("Futurewei Offer Letter" or "Offer Letter").  The Offer Letter stated "This letter is a final and integrated agreement with respect to the at-will nature of our employment relationship and regarding the terms of employment." I therefore understood the Futurewei Offer letter to reflect the material terms of our agreement, including base salary, terms of the company's bonus program and eligibility for Futurewei benefits.  The Offer Letter mentions the Employment and Confidentiality Agreement, which based on its name, I understood would contain typical confidentiality obligations.  There was no mention that the agreement would include a forum-selection clause or any clause requiring me to assign all of my inventions relating to Futurewei's business for one year after I left the company.  I had no reason to believe, and did not expect, that it would contain

DECLARATION OF YIREN RONNIE HUANG IN OPPOSITION TO MOTION TO DISMISS       1       Case No.: 5:18-cv-00534-BLF

a forum-selection clause, or any other provisions other than typical confidentiality provisions. At the time I received the Offer Letter, I did not anticipate that I would be expected to litigate any future disputes in Texas.

6. I accepted the terms of the Offer Letter and left my prior job. My first day of employment at Futurewei was in mid-January 2011 at Futurewei's USA R&D Headquarters in Santa Clara. At that time, I had not seen the Employment Agreement, and had not been informed of its terms other than what was said about them in the Offer Letter. I was never informed before joining Futurewei that Futurewei would impose significantly different terms as a condition of my continued employment.

7. After I had quit my previous job and began employment at Futurewei, I was asked to attend a new hire orientation session. During the session, I was presented for the first time with an Employment Agreement. I was required to sign the agreement in order to maintain my employment at Futurewei. Although I signed the Employment Agreement, I do not recall seeing the term "governing law" or "exclusive forum" and they were not pointed out to me by anyone at the training session.

8. I do not recall being given a copy of the Employment Agreement prior to the new hire orientation session where I was required to sign it, and was not permitted nor encouraged to consult with an attorney before signing it. I was given no opportunity to investigate, and was not made aware that any of the terms in the Employment Agreement were contrary to California law or policy.

9. I have been unable to locate, and believe I was not provided with, a copy of the Employment Agreement, until Futurewei, through its counsel, attached a copy of it to the July 2016 letter seeking to enforce that agreement. As a result I did not provide it to CNEX or make anyone at CNEX aware of its terms.

10. While employed by Futurewei, I was always based in its USA R&D Headquarters in Santa Clara, and I reported to Xian Jun Wang, whom I understood was based at various times in California or in China, but not in Texas. The work I performed for Futurewei was done primarily at Futurewei's offices in Santa Clara, though I traveled occasionally to China in

DECLARATION OF YIREN RONNIE HUANG IN OPPOSITION TO MOTION TO DISMISS       2       Case No.: 5:18-cv-00534-BLF

connection with my job duties. To my knowledge, I have never been to the Eastern District of Texas either in connection with my job at Futurewei or otherwise.

11. In late spring of 2013, I terminated my employment at Futurewei and began working at CNEX.

12. More than three years after I left Futurewei, I received a letter dated July 29, 2016 from Futurewei's outside counsel demanding that I assign certain patents to Futurewei—patents I had already assigned to CNEX in my capacity as an employee of that company. I have conducted a thorough search of my records and that is the only copy of the Employment Agreement I have.

13. Between September, 2016 and December, 2017, Futurewei, CNEX and I entered into a series of Confidentiality and Standstill Agreements, in order to facilitate a discussion between the parties in an attempt to resolve the dispute between them, which provided in part, that the parties agreed not to file suit against each other related to their dispute unless the standstill agreement was terminated with a specified amount of notice.

14. On December 23, 2017, counsel for Futurewei provided notice that it intended to terminate the operative Confidentiality and Standstill Agreement.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed at San Diego, California this 13th day of March, 2018.

>                           /s Yiren Ronnie Huang
>                           Yiren Ronnie Huang

## **ATTESTATION**

I, Michael J. Sacksteder, am the ECF User whose identification and password are being used to file the **DECLARATION OF YIREN RONNIE HUANG IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COORDINATE AND TO STAY DISCOVERY.** In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

Dated:   March 14, 2018                    By: */s/ Michael J. Sacksteder*
                                                Michael J. Sacksteder

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on March 14, 2018.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder