SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (admitted *pro hac vice*)
Andrew C. Boutros (admitted *pro hac vice*)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
FUTUREWEI TECHNOLOGIES, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, and HUAWEI TECHNOLOGIES, CO., LTD., a Chinese corporation and DOES 1 through 10,<br><br>Defendants. | Case No. 5:18-cv-00534-BLF<br><br>**DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO COORDINATE AND TO STAY DISCOVERY**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date: June 21, 2018<br>Time: 9:00 a.m.<br>Courtroom: 3 - 5th Floor<br><br>Complaint Filed: Dec. 28, 2017<br>FAC Filed: Feb. 14, 2018 |

## I. INTRODUCTION

Nothing in Plaintiffs[1] Opposition to Futurewei's Motion to Coordinate and to Stay Discovery disturbs the conclusion that this Court should coordinate the hearing dates on Defendants' motions to dismiss, transfer, or stay (the "Motions to Dismiss"), and stay discovery pending resolution of Futurewei's Motion to Dismiss. The Texas federal court in the parties' parallel Texas action has already set a hearing for April 4 and 18, 2018 on venue and injunctive relief, respectively.[2] That court has substantive claims before it, not declaratory and advisory opinions that are before this Court.

Plaintiffs' Opposition is rife with unfounded, fever-pitched, and offensive accusations that Defendants are purportedly engaging in litigation tactics to increase Plaintiffs' litigation expenses. Plaintiffs' accusations are patently false and Plaintiffs' positions in their Opposition epitomize sophistry. Indeed, Plaintiffs' desire for multiple hearings on Defendants' Motions to Dismiss--which involve overlapping issues--and refusal to agree to a coordination of hearings and brief stay of discovery undermines Plaintiffs' argument that they purportedly want to avoid the unnecessary expenditure of the Court's and parties' resources. Discovery is not necessary pending the hearing on Futurewei's Motion to Dismiss and there is no rush in this case since trial is not set until 2021. Thus, this Court should continue the hearing date of Futurewei's Motion to Dismiss and coordinate it with the hearing date on Huawei's contemplated Motion to Dismiss. This Court should also stay discovery pending a determination of Futurewei's Motion to Dismiss.

## II. ARGUMENT

### A. This Court Should Coordinate Defendants' Motions to Dismiss Hearing Dates

Nothing in Plaintiffs' Opposition disturbs the conclusion that this Court should coordinate the hearings on Defendants' Motions to Dismiss so that both motions are heard on the same day. This Court has the inherent authority to control the disposition of cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Plaintiffs' argument against the delay of any responsive pleading briefing is moot. Futurewei already filed its Motion to Dismiss, Plaintiffs filed their Opposition, and Futurewei plans to file its corresponding

---

[1] Yiren Huang ("Huang") and CNEX Labs, Inc.'s ("CNEX") are collectively referred to herein as "Plaintiffs". Futurewei Technologies, Inc. ("Futurewei") and Huawei Technologies Co., Ltd. ("Huawei") are collectively referred to herein as "Defendants".
[2] *See* Futurewei's concurrently filed Request for Judicial Notice, Exs. 1 and 2.

Reply on March 21, 2018. *See* Dkt. Nos. 47, 58. Futurewei's Motion to Dismiss will be fully briefed by the time this motion to coordinate is heard. The Court has also directed the parties to meet and confer on a discovery schedule. *See* Dkt. No. 62. Thus, the remaining issue on Futurewei's motion to coordinate is whether the Court should continue the June 21, 2018 hearing date on Futurewei's Motion to Dismiss so that it can be heard simultaneously with Huawei's to-be-filed Motion to Dismiss.

Plaintiffs' Opposition only further supports a coordination of the hearings on Defendants' Motions to Dismiss. Plaintiffs' Opposition is rife with unfounded accusations that Defendants are "harassing" Plaintiffs with costly litigation tactics and causing Plaintiffs to incur legal fees. *See, e.g.,* Opposition, p. 1, lines 18-24; p. 10:1-3, 16-18, 22-23. Plaintiffs' accusations are without any basis and Defendants vehemently deny those accusations. Nonetheless, Plaintiffs' desire for multiple hearings on Defendants' Motions to Dismiss, belies Plaintiffs' argument that they wish to avoid the unnecessary expenditure of litigation fees. Each of the Defendants' Motions to Dismiss will be briefed by the parties regardless if the Court grants or denies this motion to coordinate. Yet, having Defendants' Motions to Dismiss heard on the same day serves to conserve the Court's and parties' time and resources. Furthermore, Plaintiffs will suffer no prejudice as Huawei's current responsive pleading deadline is May 30, 2018 (*i.e.*, three weeks before the hearing on Futurewei's Motion to Dismiss) and the trial date in this matter is more than three and a half years away (*i.e.*, October 25, 2021).

Accordingly, a coordination of Defendants' Motion to Dismiss hearings on the first available date after Huawei's Motion to Dismiss is filed, is both legally and practically justified. If Plaintiffs would have simply agreed to Futurewei's proposed stipulation on coordination, these hearings would have likely had been heard in June or July 2018.

**B.     This Court Should Stay Discovery Pending Futurewei's Motion to Dismiss**

This Court can and should issue a protective order staying discovery pending resolution of Futurewei's Motion to Dismiss because the Motion to Dismiss is (1) potentially dispositive of the entire case, or at least dispositive on the issues to which discovery is directed, and (2) the pending motion can be decided absent discovery.  And, there is precedent from this very Court for this relief. *See Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA,* 220 F.R.D. 349, 351 (N.D. Cal. 2003); *see also In re Nexus 6p Prod.*

*Liab. Litig.,* No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017).[3]

### 1. Futurewei's Motion to Dismiss Is Dispositive

Plaintiffs' Opposition does not dispute that Futurewei meets the first prong of the *Pacific Lumber* test; *i.e.*, if Futurewei's Motion to Dismiss prevailed on the merits it would be dispositive of the entire action. *See Hall v. Tilton*, No. C 07-3233 RMW (PR), 2010 WL 539679, at *1-2 (N.D. Cal. Feb. 9, 2010) (finding defendants to have met prong one because "their motion to dismiss, if meritorious, will dispose of the entire case"). Plaintiffs' Opposition instead disputes, among other things, whether Futurewei will prevail on its Motion to Dismiss after "taking a peek" at the merits. *See* Opposition, p. 4, lines 22-24. Plaintiffs' purported "evidence" against the enforceability of the forum selection clause, even accepted as true for purposes of the Motion to Dismiss, is not enough to overcome the strong presumption in favor of enforcing forum selection clauses. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004).

Here, Plaintiffs submit no competent evidence with their Opposition to Futurewei's Motion to Dismiss and supporting declarations detailing how Huang was purportedly "forced" to sign the Employment Agreement at issue, who were the primary actors, when he asked for and was denied the opportunity to seek counsel, and/or when he asked for and was denied an explanation of any agreement terms, let alone the forum selection clause at issue. Indeed, remarkably, Huang admits that "[w]hile Mr. Huang recalls signing an agreement, he does not recall seeing the terms "governing law" or "exclusive forum." *See* Declaration of Yiren Huang, ¶ 7. Moreover, there is no competent evidence that any Futurewei personnel made any statements to Huang regarding the agreement or the forum selection clauses at issue or even assuming that they did, that any such person had the authority to make such purported statements.

Additionally, Plaintiffs' position that their motion to dismiss for improper venue in the Texas action does not involve the forum selection clause at issue here contradicts Supreme Court precedent. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013). The Court there found that while a forum selection clause did not render venue "wrong" or "improper" in a district other than the one selected by the parties' agreement, valid forum selection clauses should still be enforced "in all but the most exceptional

---

[3] Contrary to Plaintiffs' claims to the contrary, *see* Opposition, p. 2, line 28, fn. 1, Futurewei's moving papers are consistent with the Court's standing order on page counts. Futurewei submitted two separate, consolidated motions (*i.e.*, a motion to coordinate the responsive pleading schedules under *Landis* and a motion for a protective order staying discovery under Rule 26).

cases" and § 1404(a) was the proper mechanism for enforcing such an agreement. *Id.* at 578. The Court did ***not*** state that a valid forum selection clause would nonetheless be ignored if venue was improper in the selected district. In fact, the Court stated just the opposite, noting ***in the disjunctive*** that 1404(a) "permits transfer to any district where venue is also proper (*i.e.*, "where [the case] might have been brought") ***or*** to any other district to which the parties have agreed by contract or stipulation." *Id.* at 579 (emphasis added).

Thus, Huang's Employment Agreement and his consent to the exclusive jurisdiction of the Eastern District of Texas court and venue in that court should not be ignored. Accordingly, the first prong of the *Pacific Lumber* test is satisfied.

### 2. Discovery Is Not Necessary for Resolution of Futurewei's Dispositive Motion

Plaintiffs' Opposition fails to address the second prong of the *Pacific Lumber* test--whether discovery is necessary for the resolution of Futurewei's dispositive motion. Plaintiffs' Opposition has not identified any factual issues that require discovery prior to the resolution of Futurewei's Motion to Dismiss. Indeed, to the contrary, Plaintiffs submitted an Opposition to Futurewei's Motion to Dismiss and multiple declarations.

Plaintiffs' vague, conclusory, and unfounded allegation that "[d]elaying discovery also increases the likelihood that evidence will be lost, destroyed, or altered" lacks merit. *See* Opposition, p. 10, lines 3-4. As previously highlighted in Futurewei's moving papers, Plaintiffs raised no issue as to any need for discovery during the parties' Rule 26(f) conference or Joint Rule 26(f) Report despite Futurewei previously filing a Motion to Dismiss, Transfer, or Stay on Plaintiffs' original Complaint. Moreover, Plaintiffs and Futurewei each represented in the Joint Rule 26(f) Report that they have preserved relevant evidence. Plaintiffs have identified no specific evidence that will purportedly be lost, destroyed, or altered if a brief stay of discovery is issued. And, it is specious and fallacious for Plaintiffs to claim otherwise. Accordingly, the second prong of the *Pacific Lumber* test is satisfied.

### 3. All Other Factors Warrant Granting a Stay of Discovery

In addition to *Pacific Lumber*'s two factors, some of the other factors that courts consider in deciding whether to stay discovery also favor a stay in this case. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay appropriate where it furthered "the goal of efficiency for the court and litigants"). Plaintiffs' discovery requests at issue are not narrowly tailored as Plaintiffs assert in their Opposition. As previously

highlighted in Futurewei's moving papers, Plaintiffs' discovery requests seek overly broad discovery covering an indefinite period of time regarding trade secret issues, agreements, and Futurewei employees that are not properly before this Court. *See, e.g.,* Declaration of D. Joshua Salinas in Support of Futurewei's Motion to Coordinate and to Stay, Ex. A. (Requests for Production Nos. 2-8, 19-22).

Plaintiffs' reliance on *San Francisco Tech. v. Kraco Enterprises LLC,* No. 5:11-CV-00355 EJD, 2011 WL 2193397 (N.D. Cal. June 6, 2011) is misplaced because that court acknowledged that the case had been pending for a year and discovery could help the plaintiff prepare a more detailed Complaint if the underlying motion was granted with leave to amend . *Id.* at *4. This action is still in its infancy, has a trial date over three and a half years away, and would be disposed of should the Court uphold the Texas forum selection clause.

Plaintiffs attempt to distinguish *Hanni v. Am. Airlines, Inc.,* No. C-08-00732 CW(EDL), 2009 WL 1505286, at *8 (N.D. Cal. May 27, 2009)--a case cited by Futurewei--on grounds that discovery was stayed only after the plaintiff had obtained the discovery necessary to resolve pending motions for class certification and summary judgment motions. But, Plaintiffs have identified no such discovery as being needed to resolve any pending motions here. The same "fishing expedition" concerns highlighted in *In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577 (N.D. Cal. Jul. 27, 2007) are present with Plaintiffs' discovery requests seeking documents and information regarding Futurewei employees and agreements over an indefinite period of time for their § 17200 claim. *See* Salinas Decl., Ex A. (Request For Production Nos. 6, 10, 14, 19). Accordingly, this Court should stay discovery pending determination of Defendants' Motions to Dismiss.

### III.   CONCLUSION

For the foregoing reasons, Futurewei respectfully asks this Court to coordinate the hearing dates on Defendants' Motions to Dismiss and to stay discovery pending resolution of Futurewei's Motion to Dismiss.

DATED: March 20, 2018                               SEYFARTH SHAW LLP

By:   */s/ Robert B. Milligan*
Robert B. Milligan
Attorneys for Defendant FUTUREWEI, TECHNOLOGIES, INC.