United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> FUTUREWEI TECHNOLOGIES, INC., et al., <br><br> Defendants. | Case No. 18-cv-00534-BLF <br><br> **ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> [Re: ECF 59] |

Before the Court is Plaintiffs' motion to seal an exhibit attached to their opposition to Defendant Futurewei Technologies, Inc.'s ("Futurewei") motion to dismiss or, in the alternative to transfer, or to stay ("Motion to Dismiss"). ECF 59. For the reasons set forth below, Plaintiffs' motion to seal at ECF 59 is DENIED without prejudice.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

However, "while protecting the public's interest in access to the courts, we must remain

1    mindful of the parties' right to access those same courts upon terms which will not unduly harm
2    their competitive interest." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1228–29 (Fed.
3    Cir. 2013). Records attached to motions that are "not related, or only tangentially related, to the
4    merits of a case" therefore are not subject to the strong presumption of access. *Ctr. for Auto
5    Safety*, 809 F.3d at 1099; *see also Kamakana*, 447 F.3d at 1179 ("[T]he public has less of a need
6    for access to court records attached only to non-dispositive motions because those documents are
7    often unrelated, or only tangentially related, to the underlying cause of action."). Parties moving
8    to seal the documents attached to such motions must meet the lower "good cause" standard of
9    Rule 26(c). *Kamakana*, 447 F.3d at 1179 (internal quotations and citations omitted). This
10   standard requires a "particularized showing," *id.*, that "specific prejudice or harm will result" if the
11   information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
12   1210–11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by
13   specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*,
14   966 F.2d 470, 476 (9th Cir. 1992). A protective order sealing the documents during discovery
15   may reflect the court's previous determination that good cause exists to keep the documents
16   sealed, *see Kamakana,* 447 F.3d at 1179–80, but a blanket protective order that allows the parties
17   to designate confidential documents does not provide sufficient judicial scrutiny to determine
18   whether each particular document should remain sealed. *See* Civ. L.R. 79-5(d)(1)(A) ("Reference
19   to a stipulation or protective order that allows a party to designate certain documents as
20   confidential is not sufficient to establish that a document, or portions thereof, are sealable.").
21   In addition to making particularized showings of good cause, parties moving to seal
22   documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R.
23   79-5(b), a sealing order is appropriate only upon a request that establishes the document is
24   "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under
25   the law." "The request must be narrowly tailored to seek sealing only of sealable material, and
26   must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the
27   submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable
28   material" which "lists in table format each document or portion thereof that is sought to be

sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

## II. DISCUSSION

Because the sealing motion is related to Futurewei's motion to dismiss, which is more than tangentially related to the merits of the case, the instant motion is resolved under the compelling reasons standard. Plaintiffs seek to seal an exhibit containing a copy of a job offer letter from Futurewei to Plaintiff Yiren Huang. ECF 59. Plaintiffs' declaration states that the submitted exhibit is sealable because it contains "private and confidential information." Kohm Decl., ECF 59-1. However, the mere conclusory statement that information is confidential does not provide sufficient reasons that justify sealing. *Kamakana*, 447 F.3d at 1178; *see also* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."). The designating party must provide "compelling reasons" sufficiently specific to bar the public access to the documents. *Kamakana*, 447 F.3d at 1178.

Accordingly, the Court rules as follows:

| **ECF No.** | **Document to be Sealed:** | **Result** | **Reasoning** |
|---|---|---|---|
| 59-3 | Exhibit A to Declaration of Yiren Ronnie Huang in Support of Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the alternative to transfer, or to Stay | DENIED without prejudice. | The exhibit contains a copy of a job offer letter from Futurewei to Mr. Huang. Plaintiffs represent that they are the designating party. Kohm Decl. ¶ 2. Plaintiffs' declaration states that the information contained in the exhibit is "private and confidential" and therefore sealable. *Id.* However, the mere conclusory statement that information is confidential does not provide sufficient reasons that justify sealing. |

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion at ECF 59 is DENIED without prejudice.

3

The Court is mindful that the exhibit may contain sealable material and that Defendant Futurewei may also consider certain portions to be sealable. Because Plaintiffs represented that they are the designating party, Futurewei may not have considered submitting a declaration in support of sealing. As such, the Court denies the instant motion without prejudice and will allow the parties to submit a declaration in support of sealing **within four (4) days of the date of this order**. The declaration must articulate compelling reasons to seal the exhibit and propose narrowly tailored redactions.

If no declaration is filed within four (4) days of the date of this order, for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days from the filing of this order.

**IT IS SO ORDERED.**

Dated: April 26, 2018

_____
BETH LABSON FREEMAN
United States District Judge