# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., et al.,<br><br>Defendants. | Case No. 18-cv-00534-BLF<br><br>**ORDER GRANTING DEFENDANT FUTUREWEI TECHNOLOGIES, INC.'S MOTION TO COORDINATE AND TO STAY DISCOVERY**<br><br>[Re: ECF 44] |

Defendant Futurewei Technologies, Inc. ("Futurewei") filed a motion to coordinate and to stay discovery. Mot., ECF 44. Specifically, Futurewei requests that the Court coordinate the pleading schedule and discovery deadline given that Plaintiffs amended their complaint to add a foreign defendant, Huawei Technologies Co., Ltd. ("Huawei"), who is entitled to a 90-day deadline to respond to the complaint for waiver of service.[1] *Id.* at 1. Futurewei further seeks to stay discovery until after this Court rules on Futurewei's motion to dismiss, transfer, or stay ("Motion to Dismiss"). *Id.* Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc. ("CNEX") oppose the motion. Opp'n, ECF 57. Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument and hereby vacates the hearing set for June 21, 2018. For the reasons set forth below, Futurewei's motion is GRANTED.

## I. BACKGROUND

Futurewei is a subsidiary of Huawei, which is a multinational company headquartered in Shenzen, China. First Am. Compl. ¶¶ 9–10 ("FAC"), ECF 21. Huang is a California resident

---

[1] Huawei was not served when the instant motion was filed. Thereafter, Huawei filed a waiver of the service of summons. ECF 51. Huawei has until May 30, 2018—90 days after the waiver was sent outside the United States—to respond to the first amended complaint. *Id.*

1  residing in Santa Clara County, and CNEX is a Delaware corporation with its principal place of
2  business in San Jose, California. *Id.* ¶¶ 7–8. Huang was previously employed at Futurewei.
3  When he began working at Futurewei in early 2011, Huang signed an Employment Agreement
4  which contains a forum selection clause. *Id.* ¶¶ 17, 52. The forum selection clause provides that
5  Huang "agree[s] to the exclusive and personal jurisdiction and venue of any court on [sic] Collin
6  County, Texas." *Id.* ¶ 35. Around May 31, 2013, Mr. Huang's employment with Futurewei
7  ended. *Id.* ¶ 37. Around June 3, 2013, Huang began working at CNEX. *Id.* ¶ 38. According to
8  the FAC, Huang co-founded CNEX, "which is chartered to deliver innovative system solutions in
9  the form of semiconductors and systems." *Id.* ¶ 14. Thereafter, Huang and Futurewei began
10 disputing whether Huang was required to assign certain patents to Huawei. *Id.* ¶ 39–41.

On December 28, 2017, Futurewei and Huawei filed a complaint against Huang and CNEX in the United States District Court for the Eastern District of Texas, asserting 22 causes of action ("Texas Action"). FAC ¶ 45. On the same day, Huang and CNEX (collectively, "Plaintiffs") filed an action against Futurewei in the Superior Court of the State of California, County of Santa Clara. Notice of Removal ¶ 1, ECF 1. Futurewei removed this action to this District on January 24, 2018. *Id.* On February 14, 2018, Plaintiffs filed their FAC and added Huawei as a defendant. FAC.

Futurewei filed the instant motion to coordinate and to stay discovery on February 27, 2018. Mot. The following day, Futurewei also filed a motion to dismiss, transfer, or stay ("Motion to Dismiss," ECF 47). Briefing for both motions are complete.

## II. LEGAL STANDARD

A district court has "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "'convinced that the plaintiff will be unable to state a claim for relief.'" *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for

2

1 relief furthers the goal of efficiency for the court and the litigants.").

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Gibbs v. Carson*, No. C-13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed. *Pac. Lumber Co.*, 220 F.R.D. at 351 (citation omitted). Second, the court must determine whether the pending motion can be decided absent discovery. *Id.* at 352 (citation omitted). "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602.

## III. REQUEST FOR JUDICIAL NOTICE

In connection with its reply in support of the instant motion, Futurewei filed a request for judicial notice of two court orders in the Texas Action: (1) "Order Setting Hearing regarding Futurewei and Huawei Technologies Co. Ltd.'s Motion for Preliminary Injunction," dated March 4, 2018, in *Huawei Technologies Co. Ltd. et al. v. Huang et al.*, United States District Court for the Eastern District of Texas, Case No. 4:17-cv-00893 and (2) "Order Setting Hearing regarding Yiren Huang and CNEX Labs, Inc.'s Motion to Dismiss for Improper Venue," dated March 5, 2018, in *Huawei Technologies Co. Ltd. et al. v. Huang et al.*, United States District Court for the Eastern District of Texas, Case No. 4:17-cv-00893. RJN, ECF 65. These documents are properly subject to judicial notice because they are court filings and matters of public record. Fed. R. Evid. 201; *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, Futurewei's request for judicial notice is GRANTED.

## IV. DISCUSSION

### A. Stay of Discovery

The Court first turns to the parties' arguments whether a limited stay of discovery is

3

warranted in this case under the two-pronged test. Regarding the first-prong, Futurewei argues that its Motion to Dismiss would be dispositive of the entire action on the grounds that Plaintiffs sued in the wrong forum, Plaintiffs lack standing to bring claims on behalf of employees not before this Court, and Plaintiffs seek advisory opinions on claims brought in a different district. Mot. 7. Plaintiffs counter that the Motion to Dismiss is not dispositive because the Employment Agreement's forum selection clause is invalid and unenforceable. Opp'n 6, ECF 57. Given the unenforceability of the forum selection clause, Plaintiffs argue, the Court should apply a traditional § 1404(a) analysis which should disfavor transferring this action. *Id.*

The Court has considered, without deciding, the merits of Futurewei's Motion to Dismiss to determine whether the first prong is satisfied. *Tradebay*, 278 F.R.D. at 602. While transferring this case to Texas will not result in a dismissal of the claims, Futurewei's request for transfer is dispositive in this forum because, if granted, this proceeding will be concluded here and the action will likely be consolidated with the Texas Action. Plaintiffs do not argue otherwise. Rather, Plaintiffs assert that Futurewei's request for transfer is not dispositive on the grounds that the request is without merit due to the purported invalidity of the Employment Agreement. Opp'n 6–7.

While a substantive analysis of Futurewei's Motion to Dismiss would be premature at this time, the Court has taken a "preliminary peek" and determined that a limited stay of discovery is warranted. *Tradebay*, 278 F.R.D. at 602. There is no dispute that Huang's Employment Agreement includes a forum selection clause:

> I hereby irrevocably agree that the exclusive forum for any suit, action, or other proceeding arising out of or in any way related to this Agreement shall be in the state or federal courts in Texas, and I agree to the exclusive personal jurisdiction and venue of any court on Collin County Texas.

Ex. B to FAC § 12(b) ("Employment Agreement"), ECF 21-2. The Employment Agreement clearly states that Texas courts will be exclusive forum for any lawsuit, and Huang has signed the agreement. *Id.* Under a request to transfer under § 1404(a), the forum selection clause is "given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (citing *Stewart Organization, Inc. v. Ricoh*

4

1    *Corp.*, 487 U.S. 22, 33 (Kennedy, J., concurring)).

2    In their opposition to the Motion to Dismiss, Plaintiffs contend that the § 1404(a) analysis should ignore the forum selection clause because it is invalid. Pls.' Opp'n to Mot. to Dismiss 6, ECF 58. Specifically, Plaintiffs argue that Huang was unaware of the forum selection clause when he accepted employment at Futurewei and thus that clause was procured by fraud. *Id.* at 6–9. However, while Plaintiffs submit Huang's declaration and his offer letter in support of their position, Futurewei proffers evidence that undermines Huang's position. For example, Futurewei points out the fact that Huang's offer letter references the Employment Agreement and that Huang added handwritten additions to the exhibits attached to that agreement. Reply in Supp. of Mot. to Dismiss 4, ECF 66; *see also* Ex. A to Huang Decl. in Opp'n to Mot. to Dismiss ("Offer Letter"), ECF 58-2; Employment Agreement. Hence, the Court is persuaded that Futurewei's request to transfer based on the purportedly valid forum selection clause is not meritless.

Plaintiffs also assert that requiring a California employee to litigate claims in a distant forum contravenes California public policy and thus the forum selection clause at issue is unenforceable. Pls.' Opp'n to Mot. to Dismiss 9–11. Futurewei counters that numerous courts have rejected similar arguments. Reply in Supp. of Mot. to Dismiss 5–6 (collecting cases). At this juncture, it would be premature to decide the merits of the parties' argument. But, given the fact that some courts have upheld non-California forum selection clauses, Futurewei's argument that the Employment Agreement's forum selection clause is within the bounds of California' public policy is reasonable and there is a possibility that Futurewei's transfer request will be granted. *Atl. Marine Const. Co.*, 571 U.S. at 60 (holding that a valid forum selection clause is "given controlling weight in all but the most exceptional cases" in conducting a § 1404(a) analysis).

Based on a "preliminary peek" at Futurewei's Motion to Dismiss, the Court finds that Futurewei has sufficiently shown that the pending motion is potentially dispositive. *Tradebay*, 278 F.R.D. at 602. Thus, the first-prong of the two part test is satisfied. To be clear, this finding does not constitute any ruling regarding the Motion to Dismiss on the merits. Such a ruling is premature at this time.

The second prong is also met. Futurewei argues that discovery is not necessary to resolve its Motion to Dismiss. The Court is persuaded by Futurewei's argument. Briefing on the Motion to Dismiss is closed and neither party represents that further discovery is necessary to resolve that motion. *See Pac. Lumber Co.*, 220 F.R.D. at 352 (indicating that stay of discovery may be appropriate when neither party requires discovery in preparing the pending dispositive motion).

In addition, other considerations support staying discovery until Futurewei's Motion to Dismiss is resolved. If Futurewei's transfer request is granted, this action will be transferred to the Eastern District of Texas and most likely be consolidated with the Texas Action. In that situation, coordinating discovery in the consolidated action will serve judicial economy and efficiency for the parties due to the overlapping issues raised in this action and the Texas Action. If Futurewei's transfer request is denied, resolution on the Motion to Dismiss may narrow the issues and benefit both parties. Under these circumstances, the Court concludes that "first resolving the motion to dismiss is the better course." *See In re Graphics Processing Units Antitrust Litig.*, No. C 06-07417 WHA, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007). Moreover, the Court does not find that Plaintiffs will be prejudiced by the limited stay. There is minimal concern on evidence preservation as the parties have represented that they have taken steps to preserve relevant information. Joint Case Management Statement 10, ECF 37. Neither party identifies evidence that is particularly vulnerable to spoliation.

Accordingly, under Ninth Circuit law and the two-pronged approach applied by courts in this district, the Court finds that good cause exists to stay discovery until the pending Motion to Dismiss is resolved. *Pac. Lumber Co.*, 220 F.R.D. at 351 ("If the court answers these two questions in the affirmative, a protective order may issue."). This discovery stay furthers the goal of efficiency for the court and the litigants, *Little*, 863 F.2d at 685, and the Court does not find that Plaintiffs will be prejudiced by the limited stay. This ruling has no bearing on the merits of Futurewei's Motion to Dismiss.

### B. Coordinating the Pleading Schedule

The Court now addresses Futurewei's request to coordinate the pleading schedule and discovery deadline given that Plaintiffs amended their complaint to add a foreign defendant,

Huawei. The deadline for Huawei to respond to the FAC is May 30, 2018. ECF 51.

Futurewei states that it had proposed coordinating the pleading schedule so that Futurewei and Huawei could file a single joint response to the complaint and that all parties could be on the same schedule. Mot. 3. According to Futurewei, Plaintiffs rejected that proposal. Futurewei further asserts that allowing Futurewei and Huawei file a joint response to the complaint and coordinating the briefing and hearing would reduce the time and resources of the Court and parties. *Id.* at 5. Plaintiffs respond that the "staggered pleading schedule" is Futurewei's fault for refusing to execute a waiver of service of summons and that there is no benefit gained from coordinating Defendants' response to the complaint. Opp'n 10.

The Court is persuaded by Futurewei's arguments. Contrary to Plaintiffs' contention, coordinating Futurewei and Huawei's response to the complaint will benefit all parties. Because Plaintiffs' FAC allegations are directed to both Defendants, the issues raised in Huawei's potential motion to dismiss would be similar to those in Futurewei's Motion to Dismiss. Hence, if the Court ruled on Futurewei's Motion to Dismiss first, Huawei would "relitigate" similar issues that were presented before the Court. This result, in fact, would prejudice Plaintiffs. Moreover, unnecessary resources and costs would be expended if the Court were to hear two motions to dismiss where Defendants are subject to common allegations in the FAC. Accordingly, the Court grants Futurewei's request and will coordinate the schedule regarding Defendants' response to the complaint. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (holding that a court has inherent power to control its docket in light of the "economy of time and effort for itself, for counsel, and for litigants").

## V. CONCLUSION

For the reasons set forth above, the Court GRANTS Futurewei's motion to coordinate the pleading schedule and discovery deadline and to stay discovery. IT IS HEREBY ORDERED THAT:

(1) Defendant Futurewei's Motion to Dismiss or, in the Alternative, to Transfer, or to Stay (the "Motion to Dismiss") at ECF 47 is TERMINATED without prejudice.

(2) Defendants Futurewei and Huawei may file a single motion to dismiss the FAC and

shall comply with the Court's Standing Order Regarding Civil Cases. The Court will not reserve a hearing date for that motion. Incorporation by reference to previously filed documents is not allowed. The current deadline for Huawei to respond to the complaint is May 30, 2018. ECF 51.

(3) Discovery is stayed until the Court rules on Defendants' motion to dismiss. If any written discovery requests have been served prior to or during the discovery stay, the responding party's objections or responses to such discovery shall be due 30 days after the Court's ruling on the motion to dismiss, if still applicable.

**IT IS SO ORDERED.**

Dated: April 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge