SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (admitted *pro hac vice*)
Andrew C. Boutros (admitted *pro hac vice*)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendants
FUTUREWEI TECHNOLOGIES, INC.
and HUAWEI TECHNOLOGIES, CO., LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>                    Plaintiffs,<br><br>        v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, and HUAWEI TECHNOLOGIES, CO., LTD., a Chinese corporation and DOES 1 through 10,<br><br>                    Defendants. | Case No. 5:18-cv-00534-BLF<br><br>**DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:          November 1, 2018<br>Time:          9:00 a.m.<br>Courtroom:   3 - 5th Floor<br><br>Complaint Filed:   Dec. 28, 2017<br>FAC Filed:          Feb. 14, 2018 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO THE COURT AND PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on November 1, 2018, at 9:00 a.m. or as soon thereafter as counsel may be heard in Courtroom 3 - 5th Floor, of the above-entitled Court, located at 280 South 1st Street, San Jose, California 95113, Defendants Futurewei Technologies, Inc. ("Futurewei") and Huawei Technologies, Co., Ltd. ("Huawei") (collectively, "Defendants") move the Court to dismiss, transfer, or stay Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc.'s ("CNEX") (collectively, "Plaintiffs") First Amended Complaint, pursuant to 28 U.S.C. § 1404(a) and Federal Rules of Civil Procedure 12(b)(1), 12(b)(3), 12(b)(6) and 12(c).

The United States District Court for the Eastern District of Texas has already found exclusive jurisdiction to be in the Eastern District of Texas in the parallel dispute involving the same parties, underlying agreement, and related causes of action. *See Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *6 (E.D. Tex. Apr. 25, 2018) ("[T]he Court finds that it should enforce the mandatory forum-selection clause.); *see also id*. at *8 ("As previously noted, the parties established exclusive venue in the Employment Agreement. Accordingly, even if venue is not "proper," the parties waived their right to have their suit heard in a proper venue by contractually agreeing to venue in the Eastern District of Texas."). The court in the Eastern District of Texas also concluded that CNEX was bound by the forum selection clause in Huang's Employment Agreement as a closely related party. *Id*. at *10 ("the Court concludes that CNEX is inextricably intertwined and closely related such that it is foreseeable it would be bound to the terms of the forum-selection clause."). Accordingly, Defendants move to dismiss, transfer, or stay this unnecessary, duplicative California action.

Defendants move this Court under 28 U.S.C. § 1404(a) and Rule 12(b)(3) to enforce the mandatory Texas forum selection clause contained in the agreement on which Plaintiffs seek relief and to dismiss this action or transfer it to the appropriate venue, that is, the Eastern District of Texas. Such forum selection clauses are *prima facie* valid, and courts routinely enforce them even as to a non signatory, particularly where, as here, CNEX is a closely related party.

In the alternative, Defendants move this Court to dismiss or transfer this action to the Eastern District of Texas pursuant to the "first-to-file" rule. This Court should permit the Eastern District of Texas to continue

1

to preside over the parties' dispute and dismiss Plaintiffs' unnecessary, duplicative California action on which Plaintiffs improperly seek advisory opinions.

In the second alternative, Defendants move this Court to decline jurisdiction over this case pursuant to the Declaratory Judgment Act and the *Brillhart* doctrine to avoid needless decisions of Texas state law, to prevent forum-shopping depriving Defendants —the natural plaintiffs—of their choice of forum, and to promote judicial economy by allowing the more-comprehensive Texas action to proceed and resolve all disputes between the parties in this case.

Defendants also move the Court under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and 12(c) to dismiss Plaintiffs' declaratory judgment and Business and Professions Code section 17200 claims that concern Futurewei's California employees and agreements that are not before this Court. Plaintiffs lack standing to bring such claims, which are a thinly veiled attempt to use unidentified California employees and agreements to flout the Texas court's jurisdiction.

In the final alternative, Defendants move for an Order staying the instant action until the completion of the action in the Eastern District of Texas to conserve judicial resources, minimize duplicative litigation, and avoid the risk that inconsistent obligations will be imposed on the parties.

This motion is based on this notice of motion, the attached memorandum of points and authorities in support thereof, the Declarations of Paul C. Hashim, Lisa McKnight, Larry Gonzales, and D. Joshua Salinas, the Request for Judicial Notice, and any other papers on file herein, and upon such other and further oral and written information as may be presented at or before the hearing on this motion.

DATED: May 30, 2018                                    SEYFARTH SHAW LLP


By:     */s/ Robert B. Milligan*
        Robert B. Milligan
        D. Joshua Salinas
        Attorneys for Defendants FUTUREWEI,
        TECHNOLOGIES, INC. and HUAWEI
        TECHNOLOGIES, CO., LTD.

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

# TABLE OF CONTENTS

Page

I.    INTRODUCTION...........................................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND............................................................3

III.  ARGUMENT................................................................................................................5

      A.   The Mandatory Texas Forum Selection Clause Requires Dismissal or Transfer of
           This Action........................................................................................................5

           1.   The Forum Selection Clause is Presumptively Valid and Enforceable. ........................6

           2.   The Forum Selection Clause is Binding on CNEX Because CNEX is a
                Closely Related Party. ...................................................................................8

           3.   The Atlantic Marine Analysis Weighs Heavily in Favor of Dismissal or, in
                The Alternative, Transfer. ..............................................................................9

                a.   Plaintiffs' Choice of Forum Bears No Weight.................................................9

                b.   The Public Interest Factors Do Not Defeat Transfer of This Action.............. 10

           4.   Plaintiffs Cannot Establish That Litigation in Texas is Inconvenient or
                Improper. .................................................................................................. 11

           5.   Enforcement of The Forum Selection Clause Does Not Contravene Any
                Strong Public Policy of California. ................................................................ 12

           6.   Public Policy Favors the Enforcement of the Forum Selection Clause. ...................... 13

      B.   The First-To-File Rule Warrants Dismissal or Transfer of This Action ................................. 14

           1.   The Three Threshold Factors All Weigh Decidedly in Favor of Dismissal ............... 15

      C.   Plaintiffs' Claims Should Also Be Dismissed Because They Are Defective ........................... 17

           1.   The Court Should Decline Jurisdiction Under The Declaratory Judgment Act.......... 18

           2.   Plaintiffs Lack Standing to Bring Declaratory Judgment Claims Regarding
                Futurewei's California Employees and Agreements That Are Not Before This
                Court ........................................................................................................ 21

                a.   Plaintiff's Claims for Declaratory and Injunctive Relief Regarding
                     Agreements Signed by All Futurewei California Employees Are Not
                     Ripe for Adjudication............................................................................ 22

                b.   Plaintiffs Fail to Allege Sufficiently an Injury in Fact .................................... 23

           3.   Plaintiffs' Claim for Violation of Section 17200 is Partially Time Barred.................. 24

      D.   Alternatively, the Court Should Stay this Action in the Interest of Judicial Comity. .............. 24

i

1

IV.    CONCLUSION ................................................................................................................ 25

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abbott Labs. v. Gardner*,
   387 U.S. 136 (1967) .................................................................................................................23

*Adema Techs., Inc. v. Wacker Chemie AG*,
   No. 13-cv-05599-BLF, 2014 WL 3615799 (N.D. Cal. July 22, 2014) ...........................................8

*AJZN, Inc. v. Yu*,
   No. 12–CV–03348–LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) .................................7, 12, 13

*Alltrade, Inc. v. Uniweld Prod., Inc.*,
   946 F.2d 622 (9th Cir. 1991) ...............................................................................................14, 15

*Apple Inc. v. Psystar Corp.*,
   658 F.3d 1150 (9th Cir. 2011) ...................................................................................................14

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
   134 S. Ct. 568 (2013) ..................................................................................................1, 6, 9, 10

*Bernhardt v. County of Los Angeles*,
   279 F.3d 862 (9th Cir. 2002) .....................................................................................................22

*Besag v. Custom Decorators, Inc.*,
   No. CV08-05463 JSW, 2009 WL 330934 (N.D. Cal. Feb. 10, 2009) .......................................7, 13

*Biotronik, Inc. v. Guidant Sales Corp.*,
   No. CIV 09-442-KI, 2009 WL 1838322 (D. Or. June 22, 2009) .........................................2, 16, 17

*Biotronik, Inc. v. St. Jude Med. S.C., Inc.*,
   No. 3:12-CV-1057-AA, 2012 WL 3264050 (D. Or. Aug. 5, 2012) ...............................................8

*Brillhart v. Excess Insurance Company of America*,
   316 U.S. 491, 62 S. Ct. 1173 (1942) ......................................................................2, 18, 19, 20

*Carnival Cruise Lines, Inc. v. Shute*,
   499 U.S. 585, 111 S. Ct. 1522 (1991) ................................................................................13, 14

*Cedars-Sinai Med. Ctr. v. Shalala*,
   125 F.3d 765 (9th Cir. 1997) .....................................................................................................14

*Church of Scientology v. United States Dep't of the Army*,
   611 F.2d 738 (9th Cir. 1979) .....................................................................................................14

*Clinton v. Acequia, Inc.*,
   94 F.3d 568 (9th Cir. 1996) .......................................................................................................23

*Colo. River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ........................................................................................................14, 15, 25

iii

*In re Crown Vantage, Inc.*,
  421 F.3d 963 (9th Cir. 2005)....................................................................................17

*DaimlerChrysler Corp. v. Cuno*,
  547 U.S. 332 (2006)...................................................................................................22

*DeFeo v. Procter & Gamble Co.*,
  831 F. Supp. 776, 778 (N.D. Cal. 1993) ...........................................................19, 20

*Friends of Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
  528 U.S. 167 (2000)...................................................................................................22

*Fulfillment Servs. Inc. v. United Parcel Service, Inc.*,
  528 F.3d 614 (9th Cir. 2008).....................................................................................21

*In re Google, Inc.*,
  2014 WL 5032336 (Fed. Cir. 2014)...........................................................................25

*Google, Inc. v. Microsoft Corp.*,
  415 F. Supp. 2d 1018 (N.D. Cal. 2005) ...............................................................19, 20

*Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*,
  949 F. Supp. 1427, 1434 (N.D. Cal. 1997) .................................................................8

*Harris Cty. Texas v. MERSCORP Inc.*,
  791 F.3d 545 (5th Cir. 2015)......................................................................................15

*Harrison v. Synthes USA Sales, LLC*,
  No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662 (E.D. Cal. Mar. 13, 2013)........7, 19

*Hartstein v. Rembrandt IP Solutions, LLC*,
  No. 12– CV–2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) .....................7, 12

*Hopkinson v. Lotus Dev. Corp.*,
  No. C 95-1389 FMS, 1995 WL 381888 (N.D. Cal. June 20, 1995) ...............................11

*Howard v. Octagon, Inc.*,
  No. C 13-1111 PJH, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013)............................24

*Huawei Techs. Co. v. Yiren Huang*,
  No. 4:17-CV-00893, 2018 WL 1964180 (E.D. Tex. Apr. 25, 2018)...............1, 6, 7, 8, 9, 11

*Inherent v. Martindale-Hubbell*,
  420 F. Supp. 2d 1093 (N.D. Cal. 2006) ................................................................15, 16

*Isle Capital Corp. v. Koch Carbon, Inc.*,
  No. 06-00525 MMC, 2006 WL 823186 (N.D. Cal. March 28, 2006) ...........................16

*IT Convergence v. Moonracer, Inc.*,
  No. 13-CV-04467-WHO, 2013 WL 6512732 (N.D. Cal. Dec. 12, 2013) .....................16

*Jones v. GNC Franchising*,
  *Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ..........................................................................6

iv

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

*Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.*,
   285 F.3d 848 (9th Cir. 2002)..................................................................................................24

*Knapp v. Depuy Synthes Sales Inc.*,
   983 F. Supp. 2d 1171 (E.D. Cal. 2013).....................................................................................7

*Knapp v. Depuy Synthes Sales Inc.*,
   No. 13-CV-01153 TLN-DAD, 2013 WL 5703356 (E.D. Cal. Oct. 18, 2013) ........................19, 21

*In re Lazar*,
   237 F.3d 967 (9th Cir. 2001)...................................................................................................17

*Lenscrafters, Inc. v. Liberty Mut. Fire Ins. Co.*,
   No. C 07-2853SBA, 2007 WL 2729411 (N.D. Cal. Sept. 18, 2007)..........................................19

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)...............................................................................................................22

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972)...............................................................................................................6, 11

*Mahoney v. Depuy Orthopedics*,
   No. CIV F 07-1321 AWI SMS, 2007 WL 3341389 (E.D. Cal. Nov. 8, 2007)...........................7, 12

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
   858 F.2d 509 (9th Cir. 1988).........................................................................................2, 6, 8, 9

*Marcelo v. Ivy Ventures, LLC*,
   No. C 10-04609 WHA, 2010 WL 5115437 (N.D. Cal. Dec. 9, 2010)....................................19, 20

*Marth v. Innomark Commc'ns LLC*,
   No. CV 16-8136 DMG (RAO), 2017 WL 3081684 (C.D. Cal. Apr. 19, 2017) ........................7, 13

*Mechanix Wear, Inc. v. Performance Fabrics, Inc.*,
   No. 216CV09152ODWSS, 2017 WL 417193 (C.D. Cal. Jan. 31, 2017).......................................7

*Meras Eng'g, Inc. v. CH2O, Inc.*,
   No. 11– CV–0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013).......................7, 8, 9, 10, 12

*Meyer v. Howmedica Osteonics Corp.*,
   No. 14CV2496 AJB NLS, 2015 WL 728631 (S.D. Cal. Feb. 19, 2015) ......................................7

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982).....................................................................................................14

*Paster v. Putney Student Travel, Inc.*,
   No. CV99-2062 RSWL, 1999 WL 1074120 (C.D. Cal. June 9, 1999) ...................................11, 14

*Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*,
   741 F.2d 273 (9th Cir. 1984)...............................................................................................6, 11

*Pochiro v. Prudential Ins. Co. of America*,
   827 F.2d 1246 (9th Cir. 1987)..................................................................................................17

v

*Qualcomm, Inc. v. GTE Wireless, Inc.*,
   29 F. Supp. 2d 1177 (S.D. Cal. 1999) ........................................................................18

*R.A. Argueta v. Banco Mexicano,*
   *S.A.*, 87 F.3d 320 (9th Cir. 1996) ........................................................................6, 11

*R.R. St. & Co. v. Transp. Ins. Co.*,
   656 F.3d 966 (9th Cir. 2011) .............................................................................18, 21

*Robins v. Spokeo, Inc.*,
   No. CV10-05306-ODW, 2011 WL 1793334 (C.D. Cal. May 11, 2011) ......................24

*Rowen v. Soundview Commc'ns, Inc.*,
   No. 14-CV-05530-WHO, 2015 WL 899294 (N.D. Cal. Mar. 2, 2015) ..........................7

*Rubio v. Capital One Bank*,
   613 F.3d 1195 (9th Cir. 2010) ................................................................................23

*Russel v. De Los Suenos*,
   No. 13-CV-2081-BEN DHB, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) ..................6

*Saldate v. Wilshire Credit Corp.*,
   711 F. Supp. 2d 1126 (E.D. Cal. 2010) ....................................................................24

*Scales v. Badger Daylighting Corp.*,
   No. 117CV00222DADJLT, 2017 WL 2379933 (E.D. Cal. June 1, 2017) ....................13

*Schmitt v. JD Edwards World Solutions Co.*,
   No. C 01-1009 VRW, 2001 WL 590039 (N.D. Cal. May 18, 2001) .................18, 19, 20

*In re Segal*,
   No. 11-10998-D, 2011 WL 1582517 (11th Cir. 2011) .................................................10

*Spradlin v. Lear Siegler Mgmt. Servs. Co.*,
   926 F.2d 865 (9th Cir. 1991) ................................................................................6, 11

*Stewart Org. Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) .....................................................................................................6

*Supervalu, Inc. v. Exec. Dev. Sys., Inc.*,
   No. CV-06-329-S-BLW, 2007 WL 129039 (D. Idaho Jan. 12, 2007) ..........................16

*Swenson v. T-Mobile United States, Inc.*,
   415 F. Supp. 2d 1101 (S.D. Cal. 2006) ...............................................7, 12, 19, 20, 21

*Universal Operations Risk Management, LLC v. Global Rescue, LLC*,
   No. C 11–5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) (dismissed) .............7, 8, 10, 12

*Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*,
   454 U.S. 464 (1982) ..................................................................................................23

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ..................................................................................................20

vi

*Whipple Industries, Inc. v. Opcon AB*,
   No. CV-F-05-0902 REC SMS, 2005 WL 2175871 (E.D. Cal. Sept. 7, 2005) ..........................7, 11

**State Cases**

*BKHN, Inc. v. Dep't of Health Servs.*,
   3 Cal. App. 4th 301 (1992)..........................................................................................................22

*Kwikset Corp. v. Super. Ct.*,
   51 Cal. 4th 310 (2011) ................................................................................................................24

*Otay Land Co. v. Royal Indem. Co.*,
   169 Cal. App. 4th 556 (2008)......................................................................................................23

*Pac. Legal Found. v. California Coastal Com.*,
   33 Cal. 3d 158 (1982) .................................................................................................................23

*Younger v. Super. Ct.*
   21 Cal. 3d 102 (1978) .................................................................................................................23

**Federal Statutes**

28 U.S.C. § 1404(a) .............................................................................................................1, 5, 6, 9, 10

28 U.S.C. § 2201 .........................................................................................................................18

**State Statutes**

Cal. Bus. & Prof. Code § 16600 ...............................................................................................7, 12, 13

Cal. Bus. & Prof. Code § 17200 .......................................................................4, 5, 20, 22, 23, 24

Cal. Bus. & Prof. Code § 17203 .................................................................................................22

Cal. Bus. & Prof. Code § 17204 .................................................................................................22

Cal. Bus. & Prof. Code § 17208 .................................................................................................24

Cal. Labor Code § 925 ................................................................................................................13

Cal. Labor Code § 925(f) ............................................................................................................13

Code of Civil Procedure § 382....................................................................................................22

**Rules**

Fed. R. Civ. P. 12(b)(3)..................................................................................................................5

Fed. R. Civ. P. 12(b)(6)........................................................................................................2, 5, 23

Fed. R. Civ. P. 12(c)............................................................................................................2, 23

vii

**Constitutional Provisions**

United States Constitution Article III ..............................................................................22, 23

**Other Authorities**

Declaratory Relief, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-A .........................15

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

1
## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

2
## I.    INTRODUCTION

3      This matter should be dismissed, transferred or stayed because it is not properly venued in this Court.

4 The United States District Court for the Eastern District of Texas already found exclusive jurisdiction in the

5 parallel dispute involving the same parties, underlying agreement, and related causes of action, to be in the

6 Eastern District of Texas. *See Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at

7 *6 (E.D. Tex. Apr. 25, 2018) ("[T]he Court finds that it should enforce the mandatory forum-selection

8 clause.); *see also id.* at *8 ("As previously noted, the parties established exclusive venue in the Employment

9 Agreement. Accordingly, even if venue is not "proper," the parties waived their right to have their suit heard in

10 a proper venue by contractually agreeing to venue in the Eastern District of Texas."). The court in the Eastern

11 District of Texas also concluded that CNEX[1] was bound by the forum selection clause as a closely related

12 party. *Id.* at *10 ("the Court concludes that CNEX is inextricably intertwined and closely related such that it is

13 foreseeable it would be bound to the terms of the forum-selection clause."). Thus, this unnecessary, duplicative

14 California action should be dismissed, transferred to the Eastern District of Texas, or stayed pending

15 completion of the parties' Texas action.

16      Plaintiffs' First Amended Complaint is a thinly veiled attempt to circumvent a mandatory forum

17 selection provision that requires litigation of this action in Texas. The employment agreement at issue has a

18 mandatory Texas forum selection clause which is *prima facie* valid, and courts routinely enforce such clauses

19 under 28 U.S.C. § 1404(a) by dismissing or transferring actions brought by former employees seeking

20 declaratory relief on similar employment agreements containing such clauses.[2] *See Atlantic Marine Const.*

21 *Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas,* 134 S. Ct. 568, 579 (2013) ("enforcement of valid forum-

22 selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests

23 of the justice system … a valid forum-selection clause [should be] given controlling weight in all but the most

24 exceptional cases."). Moreover, courts routinely enforce forum selection clauses against non-signatories, such

25

26 ---
[1] Plaintiffs Yiren Huang ("Huang") and CNEX Labs, Inc. ("CNEX") are collectively referred to herein as "Plaintiffs." Defendants Futurewei Technologies, Inc. ("Futurewei") and Huawei Technologies Co., Ltd.

27 ("Huawei") are collectively referred to herein as "Defendants."

28 [2] *See* collection of cases beginning at page 7, line 3 of this Memorandum.

1

as Huang's new employer CNEX (of which Huang is an owner, thereby imputing his knowledge to CNEX), who are closely related to the contractual relationship. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). Further, Huawei is entitled to enforce the forum selection clause against Plaintiffs as a closely related party because it is Futurewei's parent and allegedly directed Futurewei regarding Huang's Employment Agreement. *See id.; see also* Plaintiff's First Amended Complaint, ¶¶ 9, 13, 31. Thus, this Court may dismiss this action or transfer it in its entirety to the Eastern District of Texas.

Alternatively, this Court should apply the "first-to-file" rule to dismiss or transfer this unnecessary and duplicative action. The parties' parallel action in the Eastern District of Texas, where the court is adjudicating, among other things, the validity and enforceability of the agreement on which Plaintiffs seek relief, was the first to acquire jurisdiction over the substantive causes of action and issues underlying this dispute. Plaintiffs' amendment of their original Complaint to add declaratory judgment claims (advisory opinions) that mirror Defendants' already asserted claims in the Texas action flouts the Texas court's jurisdiction, wastes judicial resources, duplicates litigation, and invites advisory opinions and inconsistent rulings. The Texas court already made multiple substantive rulings, including that exclusive jurisdiction resides in Texas, and entered an Agreed Order resolving Huawei/Futurewei's Motion for Preliminary Injunction. As such, the Texas action takes precedence and this California action should be dismissed or transferred. *See Biotronik, Inc. v. Guidant Sales Corp.*, No. CIV 09-442-KI, 2009 WL 1838322, at *3 (D. Or. June 22, 2009) (dismissing duplicative California action because "the Minnesota action has progressed more quickly than this one-the parties have agreed to a TRO and discovery is underway.").

In the second alternative, this Court should dismiss Plaintiffs' claims for two further independent reasons: (1) under the Declaratory Judgment Act and the *Brillhart* doctrine, the Court should abstain from hearing this case to avoid the needless determination of Texas law; and (2) under Federal Rule of Civil Procedure 12(b)(6) and 12(c) Plaintiffs seek improper advisory opinions and lack standing to bring claims regarding Futurewei's California employees and agreements that are not before this Court.

Finally, should the Court determine that neither dismissal or transfer is appropriate, Defendants respectfully request that this action be stayed in its entirety until the completion of the parties' parallel Texas action to conserve court and party resources. The Texas court determined that the Eastern District of Texas is

2

1    the exclusive and proper venue, the Texas court already entered the parties' Agreed Order resolving

2    Huawei/Futurewei's Motion for Preliminary Injunction against Huang and CNEX on April 12, 2018, and the

3    parties are exchanging discovery. Moreover, any stay of this action should include Huawei because it is a

4    critical party to the Texas action. For example, Huawei established patent "families" arising from the U.S.

5    patent applications at issue in the Texas action. *See* Defendants' Request for Judicial Notice ("RJN"), Ex. 1,

6    ¶ 7. CNEX and Huang also allegedly solicited Huawei employees in violation of Huang's Agreement. *See id.*,

7    Ex. 1, ¶¶ 52-53. Further, Plaintiffs' May 24, 2018 Motion to Dismiss in the Texas action abandons pleading

8    challenges as to all but two causes of action in the Texas Second Amended Complaint indicating that the

9    Texas action will move forward. There is no justifiable reason for this unnecessary, duplicative California

10    action to proceed.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

12    　　Futurewei is a subsidiary of Huawei, which is a multinational networking and telecommunications

13    equipment and services company that develops, manufactures, and sells a diverse range of products that

14    promote interconnectivity, including cellular mobile infrastructure equipment (e.g. base stations), routers,

15    switches, security, and data and cloud storage devices. *See* Declaration of Paul C. Hashim in Support of

16    Defendants' Motion to Dismiss or, in the Alternative, to Transfer, or to Stay ("Hashim Decl."), ¶ 5. Futurewei

17    is a Texas corporation with its principal place of business in Plano, Texas. *Id.* at ¶ 4.

18    　　On January 19, 2011, Huang agreed to certain employment and post-employment obligations and

19    restrictions with Futurewei. *See id.* at ¶ 8, Ex. A ("Employment, Confidentiality, Proprietary Information and

20    Inventions Agreement") (hereinafter, the "Employment Agreement"). The Employment Agreement contains a

21    mandatory Texas forum selection and jurisdiction consent provision in Paragraph 12(b):

22    　　**(b)  Exclusive Forum.**  I hereby irrevocably agree that the exclusive forum for any suit,
    action, or other proceeding arising out of or in any way related to this Agreement shall be in
23    the state or federal courts in Texas, and I agree to the exclusive personal jurisdiction and venue
24    of any court in Collin County Texas.

25    The Agreement also contains a Texas governing law provision. *See id.*, Ex. A, ¶ 12(a).

26    　　On or around May 31, 2013, Huang's employment with Futurewei ended. *See* Plaintiffs' First

27    Amended Complaint ("FAC."), ¶ 37. In June 2013, virtually overnight, Huang co-founded CNEX, purporting

28    to have patents and technology similar, if not identical, to that of Futurewei. *Id.* at ¶¶ 14, 38-41.

On or about July 30, 2016, Huang received a letter dated July 29, 2016 from Futurewei's counsel demanding that he assign certain patents to Futurewei. *Id*. at ¶ 40. Huang refused. Futurewei is informed and believes that Huang's employment with and assignment of certain patents and patent applications to CNEX violates the Employment Agreement. *Id*. Futurewei believes CNEX purportedly interfered with and/or disputed the performance of the Employment Agreement. *Id*.

On or about September 7, 2016, Plaintiffs and Futurewei entered into a Confidentiality and Standstill Agreement in order to facilitate a discussion to resolve the dispute involving the Employment Agreement. *Id*. at ¶ 44. The Confidentiality and Standstill Agreement expired at noon Pacific time December 28, 2017. *Id*.

At noon Pacific time on December 28, 2017, Futurewei and Huawei filed a Complaint against Huang and CNEX in the United States District Court for the Eastern District of Texas, asserting twenty-two counts arising from or related to Huang's violation of his Employment Agreement: actual and threatened misappropriation of trade secrets (under the Defend Trade Secrets Act, the Texas Uniform Trade Secrets Act, and common law); conspiracy to misappropriate trade secrets, RICO violations and RICO conspiracy, tortious interference with contractual and prospective business relations, unfair competition under the Lanham Act and Texas common and statutory law, common law civil conspiracy, corporate raiding, breach of contract, disclosure of confidential information, unjust enrichment, conversion, violations of the Computer Fraud and Abuse Act, and breach of fiduciary duty. *See* Defendants' RJN, Exs. 1-2.

Also at noon Pacific time on December 28, 2017, Plaintiffs filed the present action against Futurewei in the Santa Clara County Superior Court, which consisted of three causes of action for declaratory relief regarding the enforceability and interference with the Employment Agreement. *See* Dkt. No. 1, Ex. A, Complaint.  Futurewei filed a Notice of Removal on January 24, 2018, removing the Plaintiffs' state court action to federal court. *See* Dkt. No. 1. Futurewei subsequently moved to dismiss, transfer, or stay Plaintiffs' action. *See* Dkt. No. 12.

On February 14, 2018, Plaintiffs filed a First Amended Complaint in the above-captioned action. *See* Dkt. No. 20. Plaintiffs' First Amended Complaint (1) joined Huawei as a defendant, (2) added an additional claim under Business and Professions Code section 17200 as to Defendants' alleged enforcement of Futurewei's employment agreements against its California employees, such as Huang's Employment

Agreement, and (3) added twenty-one declaratory relief claims that are duplicative of Defendants' previously

asserted causes of action in the parties' parallel, Texas action where Defendants seek, among other things, to

enforce Huang's Agreement. *Id.*; *see also* Defendants' RJN, Ex. 1, (the "Texas Complaint.").

This Court found Futurewei's prior motion to dismiss, transfer, or stay as to Plaintiffs' original

Complaint moot in light of Plaintiffs' First Amended Complaint. *See* Dkt. No. 32. Futurewei refiled its motion

to dismiss, transfer, or stay as to Plaintiff's First Amended Complaint. *See* Dkt. No. 47. On February 27, 2018,

Futurewei moved to coordinate the parties' pleading and discovery schedules in this action. *See* Dkt. No. 44.

On April 4, 2018, the parties entered into an Agreed Order resolving Huawei and Futurewei's Motion

for Preliminary Injunction against Huang and CNEX in the Texas Action. *See* RJN, Ex. 3. On April 12, 2018,

the Texas court entered the parties' Agreed Order against Huang and CNEX. *See* RJN, Ex. 4.

On April 25, 2018, the Texas court denied Huang and CNEX's pending Rule 12(b)(3) motion to

dismiss for improper venue and granted in part their Rule 12(b)(6) motion to dismiss with leave to amend, as

provided in the Order.[3] *See* RJN, Ex. 5. Futurewei and Huawei subsequently filed a Second Amended

Complaint in the Texas action. *See* RJN Ex. 6. Plaintiffs filed a motion to dismiss Defendants' Second

Amended Complaint in Texas, but notably abandoned challenges to Defendants' trade secret

misappropriation, conversion, conspiracy, RICO, and other claims except for the tortious interference with

prospective business relationship and unfair competition under Lanham Act claims. *See* RJN, Ex. 7.

On April 27, 2018, this Court granted Futurewei's motion to coordinate and to stay discovery, thereby

ordering Futurewei and Huawei to file a single motion to dismiss Plaintiffs' First Amended Complaint by May

30, 2018. *See* Dkt. No. 78. Accordingly, Defendants bring the instant motion.

### III.    ARGUMENT

**A.    The Mandatory Texas Forum Selection Clause Requires Dismissal or Transfer of This Action.**

The mandatory Texas forum selection clause requires dismissal or transfer of this action under 28

U.S.C. §1404(a). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign

---

[3] Huang and CNEX filed an emergency motion for certificate of appealability on May 8, 2018 as to the Texas court's denial of their motion to dismiss for improper venue. *See* RJN, Ex. 2. Huawei and Futurewei filed their opposition to the emergency motion on May 18, 2018. *See id.*, Ex. 2. CNEX responded with a Reply on May 25, 2018. *See id.*, Ex. 2. Huawei and Futurewei intend to file a Sur-Reply.

forum is through the doctrine of forum non conveniens." *Atlantic Marine,* 134 S. Ct. at 580. "In a typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion (or a forum non conveniens motion) must evaluate both the convenience of the parties and various public-interest considerations." *Id.* at 581. "The calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Id.* (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)); *see also Russel v. De Los Suenos*, No. 13-CV-2081-BEN DHB, 2014 WL 1028882 (S.D. Cal. Mar. 17, 2014) (dismissing case based on agreement's Mexico forum selection clause). Even nonsignatories may be bound by forum selection clauses when they are closely related to the contractual relationship or dispute. *See Manetti-Farrow,* 858 F.2d at 514.

The **_single most important factor_** for the Court to consider on a section 1404(a) motion to dismiss or transfer venue in a lawsuit that involves a forum selection clause, is the forum selection clause itself. *Jones v. GNC Franchising*, Inc., 211 F.3d 495, 498 (9th Cir. 2000) ("[T]he presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis."). Indeed, the forum selection clause must be the central focus of the court's analysis. *Stewart Org., Inc.*, 487 U.S. at 29 (a forum selection clause "figures centrally in the district court's calculus"). **Notably, the Texas court already found exclusive jurisdiction in the parallel dispute involving the same parties, underlying agreement, and related causes of action, to be in the Eastern District of Texas**. *See Huawei Techs. Co.*, 2018 WL 1964180, at *6.

### 1. The Forum Selection Clause is Presumptively Valid and Enforceable.

Federal common law governs the enforceability of forum selection clauses in federal court. *R.A. Argueta v. Banco Mexicano*, S.A., 87 F.3d 320, 325 (9th Cir. 1996); *Manetti-Farrow*, 858 F.2d at 513 (9th Cir. 1988) (federal law governs enforcement of forum selection clauses in diversity cases). Forum selection clauses are presumptively valid and a party challenging them "bears a heavy burden of proof" to show that "enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 15 (1972); *see also Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991). This mandate is widely recognized and routinely followed in this circuit. *See, e.g., Manetti-Farrow*, 858 F.2d at 514-15; *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 279-80 (9th Cir. 1984); *Besag v. Custom Decorators, Inc.*, No. CV08-

05463 JSW, 2009 WL 330934, at *2 (N.D. Cal. Feb. 10, 2009). Plaintiffs cannot meet this heavy burden. *See* Declaration of Lisa McKnight, ¶¶ 4-9; Declaration of Larry Gonzales, ¶¶ 5-8.

Moreover, even in disputes involving provisions alleged to be void under California Business and Professions Code section 16600, courts consistently uphold forum selection clauses and either dismiss or transfer such actions. *See, e.g.*, *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 216CV09152ODWSS, 2017 WL 417193, at *9 (C.D. Cal. Jan. 31, 2017) (**dismissed**); *Marth v. Innomark Commc'ns LLC*, No. CV 16-8136 DMG (RAO), 2017 WL 3081684, at *4 (C.D. Cal. Apr. 19, 2017) (**transferred to the Southern District of Ohio**); *Rowen v. Soundview Commc'ns, Inc.*, No. 14-CV-05530-WHO, 2015 WL 899294, at *8 (N.D. Cal. Mar. 2, 2015) (**transferred to the Northern District of Georgia**); *Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB NLS, 2015 WL 728631, at *14 (S.D. Cal. Feb. 19, 2015) (**transferred to the District of New Jersey**); *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1178 (E.D. Cal. 2013) (**dismissed**); *Harrison v. Synthes USA Sales, LLC*, No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662, at *2-4 (E.D. Cal. Mar. 13, 2013) (**dismissed**); *Meras Eng'g, Inc. v. CH2O, Inc.*, No. 11–CV–0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) (**dismissed**); *AJZN, Inc. v. Yu*, No. 12–CV–03348–LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) (**transferred to the District of Delaware**); *Hartstein v. Rembrandt IP Solutions, LLC*, No. 12–CV–2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) (**dismissed**); *Universal Operations Risk Management, LLC v. Global Rescue, LLC*, No. C 11–5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) (**dismissed**); *Mahoney v. Depuy Orthopedics*, No. CIV F 07-1321 AWI SMS, 2007 WL 3341389, at *8 (E.D. Cal. Nov. 8, 2007) (**dismissed**); *Swenson v. T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006) (**dismissed**); *Whipple Industries, Inc. v. Opcon AB*, No. CV-F-05-0902 REC SMS, 2005 WL 2175871, at *9-*10 (E.D. Cal. Sept. 7, 2005) (**dismissed**).

The court in the Eastern District of Texas in the parties' parallel Texas action concluded that the mandatory Texas forum selection clause at issue was valid, enforceable, and not unreasonable. *See Huawei Techs. Co.*, 2018 WL 1964180, at *5. The Texas court also rejected Huang's arguments that the forum selection clause was unreasonable or a product of fraud or overreaching. *Id.* at **5-6. Specifically, the Texas court rejected Huang's arguments that Futurewei materially changed the terms of Huang's employment after Huang received his offer letter, that Huang was purportedly not permitted to consult with an attorney, that

1   there was an inequality of bargaining power, and that Futurewei purportedly failed to point out the forum

2   selection clause. *Id.* "The Texas Court further reasoned that even if venue was not 'proper' in Texas apart from

3   the forum selection clause--an issue as to which it expressly reserved ruling--"the parties waived their right to

4   have their suit heard in a proper venue by contractually agreeing to venue in the Eastern District of Texas." *Id.*

5   at \*8. This Court should accordingly uphold the mandatory Texas forum selection clause.

> **2.     The Forum Selection Clause is Binding on Both CNEX and Huawei Because
>          They are Closely Related Parties.**

8          Forum selection clauses apply not just to signatories, but also to related parties. *Manetti-Farrow*, 858

9   F.2d at 514 ("[A] range of transaction participants, parties and non-parties, should benefit from and be subject

10  to forum selection clauses."); ***Adema Techs., Inc. v. Wacker Chemie AG*, No. 13-cv-05599-BLF, 2014 WL**

11  **3615799, \*6 (N.D. Cal. July 22, 2014)**. District courts within the Ninth Circuit routinely enforce forum

12  selection clauses against non-signatory parties when the non-signatory's claims or conduct is "closely related

13  to the contractual relationship," including in employment agreement and restrictive covenant disputes. *See e.g.,*

14  *Universal Operations Risk Management, LLC v. Global Rescue, LLC*, No.  C1-5969 SBA, 2012 WL 2792444

15  (N.D. Cal. July 9, 2012); *Meras Engineering, Inc. v. CH2O, Inc.*, No. C–11–0389 EMC, 2013 WL 146341,

16  \*13 (N.D. Cal. Jan. 14, 2013) (enforcing Washington forum selection clause against former employees and

17  their non-signatory new employer who sought to invalidate a restrictive covenant agreement with the former

18  employer); *Graham Tech. Solutions, Inc. v. Thinking Pictures, Inc.*, 949 F. Supp. 1427, 1434 (N.D. Cal. 1997)

19  (enforcing New York forum selection clause against non-signatory because "[t]he causes of action alleged by

20  [the non-signatory] relate to the central conflict over the interpretation of the [agreement], and therefore fall

21  within the scope of the forum selection clause."); *Biotronik, Inc. v. St. Jude Med. S.C., Inc.*, No. 3:12-CV-

22  1057-AA, 2012 WL 3264050 (D. Or. Aug. 5, 2012) ("Biotronik's claim arises from the Employment

23  Agreement between Jue and St. Jude and is therefore 'closely related' to that contractual relationship.")

24          Here, CNEX is not a complete stranger to the Employment Agreement containing the forum selection

25  clause. CNEX was co-founded by Huang--who had the Employment Agreement in place before creating

26  CNEX--shortly after Huang ended his employment with Futurewei. *See* FAC, ¶ 14. Indeed, the Texas court

27  highlighted these facts in concluding that CNEX was "inextricably intertwined and closely related such that it

28

8

is foreseeable it would be bound to the terms of the forum-selection clause." *See Huawei Techs. Co.*, 2018 WL 1964180, at *10 (E.D. Tex. Apr. 25, 2018) ("**Huang incorporated CNEX three days after ending his employment with Futurewei. Huang is the founder, promoter, agent, and officer of CNEX. According to Plaintiffs, Huang began operating as the founder, promoter, agent, and officer of CNEX informally, prior to CNEX's formal incorporation on June 3, 2013**.") (emphasis added).

Moreover, Plaintiffs' entire action is based on Huang's Employment Agreement containing that forum selection clause. Resolving this motion and/or matter involves interpreting portions of the Employment Agreement, including venue. *See Meras*, 2013 WL 146341, at *11. Thus, and as already determined in the parties' Texas action, CNEX is bound by the forum selection clause as a closely related party.

Additionally, Huawei--a nonsignatory to Huang's Agreement--is entitled to the chosen forum against Plaintiffs as a closely related party because it is Futurewei's parent and Plaintiffs allege that Huawei directed Futurewei regarding Huang's Employment Agreement. *See Manetti-Farrow*, 858 F.2d at 514 (concluding that the forum selection clause also covered defendant Gucci's related, nonsignatory entities)*; see also* Plaintiff's First Amended Complaint, ¶¶ 9, 13, 31. Plaintiffs' First Amended Complaint should be dismissed or transferred in its entirety accordingly.

### 3.   The *Atlantic Marine* Analysis Weighs Heavily in Favor of Dismissal or, in the Alternative, Transfer.

As here, the presence of a valid forum-selection clause requires district courts to adjust their usual §1404(a) analysis in three ways. *Atlantic Marine*, 134 S. Ct. at 581. *First*, the plaintiff's choice of forum merits no weight, and instead, the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581-582. *Second*, the Court should not consider arguments about the parties' private interests. *Id.* at 582. *Finally*, when "a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules. *Id.* at 582.

### a.   Plaintiffs' Choice of Forum Bears No Weight.

When a plaintiff signs an agreement permitting him or her to bring suit only in a specified forum, the plaintiff has effectively exercised "venue privilege" before a dispute arises. *Atlantic Marine,*134 S. Ct. at 581-

9

1    82. Only that initial choice deserves deference, and the plaintiff must bear the burden of showing why the

2    court should not transfer the case to the forum to which the parties agreed. *Atlantic Marine,* 134 S. Ct. at 582.

3          As a closely related party, CNEX cannot circumvent its owner's/employee's (*i.e.*, Huang) decision to

4    consent to the forum selection provision while seeking to invalidate that same agreement alongside its

5    employee. *See, e.g., Universal Operations Risk Management, LLC*, 2012 WL 2792444; *Meras Engineering,*

6    *Inc.*, 2013 WL 146341 at *13. As such, Plaintiffs' choice to sue in state court merits no weight in the transfer

7    analysis under § 1404(a). *Atlantic Marine,* 134 S. Ct. at 582.

8                    **b.      The Public Interest Factors Do Not Defeat Transfer of This Action.**

9          The Court need only consider the public interest factors when analyzing a forum selection clause.

10    *Atlantic Marine*, 134 S. Ct. at 582. A party acting in violation of a forum selection clause bears the burden of

11    showing that public interest factors overwhelmingly disfavor a transfer. *Atlantic Marine*, 134 S. Ct. at 583.

12    Nonetheless, "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that

13    forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S. Ct. at 574; *see also*

14    *In re Segal,* No. 11-10998-D, 2011 WL 1582517, *1 (11th Cir. 2011).

15          Public interest factors the Court can consider include, "the administrative difficulties flowing from

16    court congestion; the 'local interest in having localized controversies decided at home'; the interest in having

17    the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of

18    unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening

19    citizens in an unrelated forum with jury duty." *Atlantic Marine,* 134 S. Ct. at 583. Plaintiffs cannot meet their

20    heavy burden to show that the public interest factors overwhelmingly disfavor enforcement of the mandatory

21    forum selection clause. The local interest factors favor having the controversy in Texas because Futurewei's

22    principal place of business is in Texas and, thus, the harm that Futurewei would suffer if Plaintiffs were to

23    violate and/or interfere with the Agreement would significantly affect Defendants' business in Texas.

24          Further, the Employment Agreement provides that Texas law shall govern. Thus, there is an interest in

25    having the trial in Texas, which is at home with the law the Employment Agreement requires to govern the

26    instant action. The public interest factors support dismissing this action.  Plaintiffs cannot carry their heavy

27    burden of showing that public interest factors overwhelmingly disfavor a dismissal.

28

                                        10

1

**4.      Plaintiffs Cannot Establish That Litigation in Texas is Inconvenient or Improper.**

2

3      A party objecting to the enforcement of a forum selection clause on the ground that the agreed-to

4   forum is unreasonable must meet the "***heavy burden*** of showing that trial in the chosen forum would be so

5   difficult and inconvenient that the party would effectively be denied a meaningful day in court." *Argueta*, 87

6   F.3d at 325, *quoting Pelleport Investors*, 741 F.2d at 28 (emphasis added).  "Courts have routinely rejected the

7   notion that the expense or inconvenience of prosecuting an action in the designated forum rises to the level of

8   depriving one's day in court. Courts recognize that accepting typical arguments about expense and

9   inconvenience would nullify the advantages of forum selection clauses." *Paster*, 1999 WL 1074120, at *3.

10      Thus, any inconvenience Plaintiffs may experience, if any at all, in travelling to Texas is insufficient to

11   overcome the strong legal presumption in favor of enforcing an agreed upon forum selection clause. *See, e.g.*,

12   *Spradlin*, 926 F.2d at 866, 869 (enforcing forum selection clause designating **Saudi Arabia** as forum for suit

13   even though the plaintiff was located in the United States); *Whipple*, 2005 WL 2175871, at *8-*9 (California

14   plaintiff's declaration that business is faced with employee layoffs, loss of reputation and possibly bankruptcy

15   insufficient to overcome application of forum selection clause designating dispute venue as **Sweden**); *Paster*,

16   1999 WL 1074120, at *3 (rejecting plaintiff's argument that small amount of damages, most of evidence and

17   witnesses are in California, and expense of litigating in **Vermont** would effectively deny plaintiff her day in

18   court); *Hopkinson v. Lotus Dev. Corp.*, No. C 95-1389 FMS, 1995 WL 381888, at *3 (N.D. Cal. June 20,

19   1995) (financial hardship that California plaintiffs allegedly would suffer if forced to litigate in **Massachusetts**

20   "is insufficient to establish that the designated forum is gravely difficult and inconvenient").

21      There are no facts, circumstances, or evidence of which Defendants are aware by which Plaintiffs can

22   show that litigation of their dispute with Defendants would "be so manifestly and gravely inconvenient to

23   [them] that [they] will effectively be deprived of a meaningful day in court," particularly where Huang

24   consented in his Employment Agreement specifically to personal jurisdiction by the courts in Texas. *Bremen*,

25   407 U.S. at 19. Indeed, the court in the Eastern District of Texas court concluded that venue in the Eastern

26   District of Texas is mandatory, exclusive, and proper. *See Huawei Techs. Co.*, 2018 WL 1964180, at *13.

27

28

11

1    Thus, enforcing the mandatory forum selection clause will not deprive Plaintiffs from any meaningful day in

2    court.

3              **5.      Enforcement of The Forum Selection Clause Does Not Contravene Any Strong
                         Public Policy of California.**
4

5            Requiring Plaintiffs to pursue their claims in Texas would not be contrary to California public policy.

6    In the context of litigation involving employment agreement provisions that purportedly violate California

7    Business and Professions Code section 16600, California federal courts routinely enforce forum selection

8    clauses while rejecting plaintiffs' arguments that enforcing the **forum selection clause** would violate

9    California's public policy. *See Meras Eng.,* 2013 WL 146341, *14; *AJZN*, 2013 WL 97916, at *4; *Hartstein*,

10   2012 WL 3075084, at *6; *Universal Operations*, 2012 WL 2792444, at *6; *Mahoney*, 2007 WL 3341389, at

11   *8; *Swenson*, 415 F. Supp. 2d at 1104-1105. "The forum selection clause determines where the case will be

12   heard. It is separate and distinct from choice of law provisions that are not before the court. . . .  The question is

13   not whether the application of the forum's law would violate the policy of the other party's state, but rather,

14   whether enforcement of the forum selection agreement would violate the policy of the other party's state as to

15   the forum for litigation of the dispute." *Mahoney*, 2007 WL 3341389, at *8, *citing Swenson*, 415 F. Supp. 2d

16   at 1105.

17           The facts in *Swenson* are also particularly instructive. *See Swenson*, 415 F. Supp. 2d at 1102-03. In

18   that case, T-Mobile filed suit in Washington state court to enforce restrictive covenant provisions in its

19   agreement with Swenson, T-Mobile's former chief operating officer. *Id*. Two days later, Swenson filed suit in

20   California state court seeking a declaration that the restrictive provisions in her employment contracts were

21   invalid under Business & Professions Code § 16600. *Id*. The day after the California action was filed, T-

22   Mobile removed it to federal court on diversity grounds. *Id*. Shortly thereafter, the Washington state court

23   issued a preliminary injunction and found that Washington law applied and that Washington law permitted the

24   use of reasonable restrictive covenants to protect an employer's trade secret and confidential information. *Id*.

25           Ultimately, the California district court dismissed the action, holding that venue for the dispute was

26   properly in Washington. Swenson argued that defendant's motion to dismiss was "an attempt to escape

27   California law and public policy barring [defendant's] illegal employment prohibition." *Swenson*, 415 F. Supp.

28

                                                    12

2d at 1104. The court rejected her argument, explaining that "a Washington court's application of Washington law to the matter at hand may arguably lead to a result conflicting with provisions of § 16600, Swenson was free to, and in fact, did argue for the application of California law . . . the Washington court could have applied California law if it found application appropriate." *Id; see also Besag*, 2009 WL 330934, at *4 ("simply because Oregon ostensibly provides less favorable remedies compared with California is not sufficient in and of itself to invalidate the forum selection clause"); *see also AJZN*, 2013 WL 97916, at *4 (rejecting argument that enforcing forum selection clause would contravene California public policy regarding noncompete agreements and explaining "a Delaware court might apply California law … [or] … some other law that would be equally protective of the interests of California citizens.")

Additionally, Plaintiffs' allegations in the First Amended Complaint that Labor Code section 925 reflects California's public policy against non-California forum selection clauses is inapposite. Labor Code section 925 does not apply to agreements such as Huang's Employment Agreement that were entered into, modified, or extended before the statute's enactment on January 1, 2017. *See* Cal. Labor Code § 925(f); *Scales v. Badger Daylighting Corp.*, No. 117CV00222DADJLT, 2017 WL 2379933, at *5 (E.D. Cal. June 1, 2017); *Marth v. Innomark Commc'ns LLC*, No. CV 16-8136 DMG (RAO), 2017 WL 3081684, at *4, n.2 (C.D. Cal. Apr. 19, 2017). There is no reason to believe that a Texas court will not or cannot entertain Plaintiffs' choice of law arguments or that it cannot apply California law, if it is determined that California law governs, which it should not. Accordingly, there is no support for the claims that the forum selection clause in the Agreement violates public policy and should not be enforced.

### 6. Public Policy Favors The Enforcement of The Forum Selection Clause.

In *Carnival Cruise Lines*, the Supreme Court discussed the beneficial purpose of an enforceable forum selection clause, especially in the case of a cruise line that interacts with passengers from all over the world. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-94, 111 S. Ct. 1522, 1527-28 (1991). Without an enforceable forum selection clause, the Court noted, the cruise line would be exposed to litigation in innumerable fora. *Id.* The *Carnival Cruise Lines* Court found that a forum selection clause had the salutary effect of dispelling confusion about where a case should be brought, thereby conserving judicial and litigants'

1   resources. *Id.* The Court also noted that a cruise line's passengers benefit from a forum selection clause in the

2   form of reduced fares reflecting the reduced litigation expenses resulting therefrom. *Id.*

3          The *Carnival Cruise Lines* analysis applies with equal force here to the Employment Agreement. In

4   light of the broad geographical scope of Defendants' business, Defendants have a legitimate interest in

5   narrowing their obligation to defend themselves to a single forum. *See Carnival Cruise Lines*, 499 U.S. at 593,

6   111 S. Ct. at 1527 (enforcing forum selection clause and reasoning that a cruise line "has a special interest in

7   limiting the fora in which it potentially could be subject to suit" because a cruise ship "typically carries

8   passengers from many locales," thus potentially subjecting the cruise line "to litigation in several different

9   fora"); *Paster*, 1999 WL 1074120, at *2 (forum selection clause allowed defendant, which [contracted] with

10   individuals throughout the world" and was "potentially subject to suit in many different fora," to "limit its

11   susceptibility to litigation all over the world, thus saving it money"). Accordingly, the forum selection clause is

12   consistent with California public policy. If this Court does not dismiss this action, it should transfer this action

13   to Texas under the mandatory forum selection clause for the same reasons discussed above.

14          **B.        The First-To-File Rule Warrants Dismissal or Transfer of This Action.**

15          Federal courts embrace "the general principle [of] avoid[ing] duplicative litigation" amongst

16   themselves. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). One way courts

17   recognize this principle is through the "first-to-file" rule whereby a district court declines to exercise

18   jurisdiction over a case when an action involving substantially the same parties and issues is pending

19   elsewhere. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1161 (9th Cir. 2011); *Pacesetter Sys., Inc. v.*

20   *Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The first-to-file rule permits the court to exercise its

21   discretion to dismiss, transfer, or stay the second suit in the interests of efficiency and judicial economy.

22   *Cedars-Sinai Med. Ctr. v. Shalala*, 125 F.3d 765, 769 (9th Cir. 1997).

23          The purpose of this well-established rule is to promote efficiency and to avoid duplicative litigation

24   and thus it "should not be disregarded lightly." *Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625 (9th

25   Cir. 1991) (*citing Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979).

26   The instant action raises serious questions regarding the "[w]ise judicial administration, giving regard to

27

28

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

1 conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water*

2 *Conservation District*, 424 U.S. at 817-18.

3 **1.    The Three Threshold Factors All Weigh Decidedly In Favor Of Dismissal.**

4 Courts examine three threshold factors in deciding whether to apply the first-to-file rule and dismiss a

5 second-filed action: (1) the chronology of the two actions; (2) the similarity of the parties involved; and (3) the

6 similarity of the issues at stake. *Alltrade, Inc.*, 946 F.2d at 625-26. The issues and parties in the first and second

7 action need not be identical, but only "***substantially similar***" in order for the rule to apply. *Inherent v.*

8 *Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (emphasis added). If these factors are met

9 (subject to certain inapplicable exceptions discussed *infra*) the second-filed action should be dismissed. *See*

10 *Alltrade*, 946 F.2d at 628. As confirmed below, application of the first-filed rule warrants that this second-filed,

11 California action should be dismissed or transferred.

12 Here, all three threshold factors confirm this second-filed action should be dismissed because: (1) the

13 Texas action was the first-filed, substantive action; (2) the parties are the same in both the Texas and California

14 action; (3) all the issues in this second-filed action will be resolved in the first-filed action.

15 *First*, Defendants' substantive suit in Texas undisputedly preceded Plaintiffs' substantive claims in

16 this action by more than six weeks. The fact that both Plaintiffs and Defendants each filed their respective,

17 original Complaints on December 28, 2017 does not negate the chronology factor because Plaintiffs' original

18 Complaint sought only declaratory relief and no substantive causes of action. *See Harris Cty. Texas v.*

19 *MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015) (holding that the Declaratory Judgment Act is procedural

20 device for granting a remedy and **does not create any substantive rights or causes of action**); *see also*

21 Declaratory Relief, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-A. Thus, the chronology

22 factor weighs in favor of dismissal because Defendants' original Texas Complaint and its twenty-two causes

23 of action under various Texas state, common, and federal laws was the true, first-filed substantive action on

24 December 28, 2017. Indeed, Plaintiffs cannot challenge the temporal priority of the Texas action after they

25 attached the original Texas Complaint to their First Amended Complaint and rely on that Texas Complaint to

26 assert jurisdiction under the Declaratory Judgment Act for their newly added declaratory relief claims. *See*

27 FAC, ¶¶ 65, 70, 75, 80, 85, 90, 95, 100, 105, 110, 115, 120, 125, 130, 135, 140, 145, 150, 155, 160, and Ex. A

28

*Second*, the "similarity between the parties" factor also weighs directly in favor of application of the first-to-file rule and dismissal as all parties in this action are also parties in the Texas action. Plaintiffs' joining of Huawei as a defendant in their First Amended Complaint further weighs in favor of dismissing this action because the parties in both actions are now identical.

*Third*, the "substantially similar" factor also mandates application of the "first-to-file" rule and dismissal because both actions concern the validity and enforceability of Huang's Employment Agreement. This factor does not require that the exact same claims be advanced in each action, only that the "key dispute" in each action is substantially similar. *Inherent,* 420 F. Supp. 2d at 1099. For purposes of the first-to-file rule, "[i]n determining whether the cases involve the same issue, it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." *Supervalu, Inc. v. Exec. Dev. Sys., Inc.,* No. CV-06-329-S-BLW, 2007 WL 129039, at *1 (D. Idaho Jan. 12, 2007). Moreover, "[t]he form of relief sought does not determine the similitude of the issues." *Isle Capital Corp. v. Koch Carbon, Inc.,* No. 06-00525 MMC, 2006 WL 823186, *3 (N.D. Cal. March 28, 2006).

Plaintiffs already conceded that the two actions were similar when they filed a Notice of Related case in the state court. *See* Defendants' RJN, Ex. 8. Moreover, this California action should be dismissed because both actions involve substantially the same issues and seek to determine the validity and enforceability of the same Agreement. Indeed, when faced with this precise issue; *i.e.*, enforcement of a restrictive covenant agreement, federal district courts in the Ninth Circuit frequently dismiss the second-filed declaratory judgment suit. *See, e.g., IT Convergence v. Moonracer, Inc.*, No. 13-CV-04467-WHO, 2013 WL 6512732, at *2 (N.D. Cal. Dec. 12, 2013) ("Ultimately, both cases center on the validity and enforceability of the Agreement between Moonracer and Collard: the North Carolina action seeks to enforce the agreement, and this action seeks to enjoin enforcement of the agreement"); *Biotronik, Inc. v. Guidant Sales Corp.*, No. CIV 09-442-KI, 2009 WL 1838322, at *2 (D. Or. June 22, 2009) ("the issues are substantially similar in that both cases seek to determine the enforceability of the agreements … GSC seeks a declaration in the Minnesota case that the agreements are valid and enforceable, while Biotronik seeks a declaration in the Oregon case that the employees are complying with all enforceable restrictions in the agreements.").

1       Furthermore, all of Plaintiffs' claims in this action arise out of the same "transaction or occurrence" as

2   the Texas action, because the "same set of operative facts" will determine whether either party has violated

3   any provisions of law from their activities surrounding the Agreement. *See In re Lazar*, 237 F.3d 967, 979 (9th

4   Cir. 2001). Both the first-filed Texas action and the second-filed California action involve the same operative

5   facts concerning Huang's execution and compliance with his Agreement with Futurewei. The heart of the

6   entire dispute plainly is the validity and enforceability of the agreement. Moreover, the Texas action is the

7   more complete action insomuch as it also addresses Plaintiffs' other allegedly wrongful conduct, including

8   actual and threatened misappropriation of trade secrets under Texas state, common, and federal law, breach of

9   fiduciary duty, conversion, civil conspiracy, unfair competition, and RICO violations.

10      As such, Plaintiffs' claims are the type of "logically connected" counterclaims that ought to be

11  resolved in a single lawsuit and should have instead been brought in the Texas. *See In re Crown Vantage, Inc.,*

12  421 F.3d 963, 973 n. 7 (9th Cir. 2005*); Pochiro v. Prudential Ins. Co. of America,* 827 F.2d 1246, 1249 (9th

13  Cir. 1987*)*. The Texas and California actions will involve the same parties and litigation of almost identical

14  facts requiring testimony of almost identical witnesses.

15      The Texas court already made multiple substantive rulings, including finding that exclusive

16  jurisdiction resides in Texas. The parties stipulated to an Agreed Order resolving Huawei and Futurewei's

17  Motion for Preliminary Injunction in the Texas action, which the court entered. Accordingly, the Texas action

18  takes precedence. *See Biotronik, Inc. v. Guidant Sales Corp.*, No. CIV 09-442-KI, 2009 WL 1838322, at *3

19  (D. Or. June 22, 2009) (dismissing duplicative California action because "the Minnesota action has progressed

20  more quickly than this one-the parties have agreed to a TRO and discovery is underway."). As such, a

21  duplication of law and motion, discovery, and trial in both Texas and California is a waste of judicial resources

22  and an inconvenience to the parties. Thus, the Court should apply the first-to-file rule and dismiss or transfer

23  this action to Texas.

24      **C.     Plaintiffs' Claims Should Also Be Dismissed Because They Are Defective.**

25      In the event the Court does not dismiss or transfer based on the mandatory Texas forum selection

26  clause, the first-to-file rule or the Texas court's exercise of jurisdiction, the Court should dismiss this entire

27  action with prejudice and/or Plaintiffs' new, amended claims for two independent reasons: (1) under the

28

                                            17

1 Declaratory Judgment Act and the *Brillhart* doctrine, the Court should abstain from hearing this case to avoid

2 the needless determination of Texas law; and (2) Plaintiffs improperly seek advisory opinions and lack

3 standing to bring their unfair competition and declaratory relief claims regarding Futurewei's California

4 employees and agreements that are not before this Court.

### 1.    The Court Should Decline Jurisdiction Under The Declaratory Judgment Act

California federal courts routinely decline jurisdiction of cases under the Declaratory Judgment Act to

avoid the needless determination of state law issues and duplicative litigation. The Declaratory Judgment Act,

under which Plaintiffs seeks relief, provides that "any court of the United States, upon the filing of an

appropriate pleading, may declare the rights and other legal relations of any interested party seeking such

declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. In light of the "permissive

nature of the Declaratory Judgment Act," California courts routinely decline to exercise jurisdiction under

appropriate circumstances. *R.R. St. & Co. v. Transp. Ins. Co*., 656 F.3d 966, 975 (9th Cir. 2011).

In *Brillhart v. Excess Insurance Company of America*, the United States Supreme Court held:

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory

judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal

law, between the same parties." 316 U.S. 491, 62 S. Ct. 1173 (1942). The *Brillhart* rule has been extended by

California courts to apply equally to parallel federal court proceedings. *See, e.g.*, *Schmitt v. JD Edwards World

Solutions Co.*, No. C 01-1009 VRW, 2001 WL 590039, at *2-3 (N.D. Cal. May 18, 2001) (declining

jurisdiction under Declaratory Judgment Act in favor of subsequent breach of contract action filed by

employer in federal court); *Qualcomm, Inc. v. GTE Wireless, Inc.*, 29 F. Supp. 2d 1177, 1179 (S.D. Cal. 1999)

(declining jurisdiction in favor of pending federal court action "[f]or the same reasons that federal courts

regularly abstain from hearing declaratory relief cases when parallel state cases are pending").

Courts applying *Brillhart* consider three factors in determining whether to decline jurisdiction under

the Declaratory Judgment Act: (1) whether dismissal would avoid "needless determination of state law

issues"; (2) whether dismissal would discourage "forum shopping"; and (3) whether dismissal would avoid

"duplicative litigation." *R.R. St. & Co*., 656 F.3d at 975.

18

1    California courts routinely apply these three factors to dismiss declaratory judgment actions filed by or

2    on behalf of California-based employees in attempts to avoid restrictive covenant obligations and parallel

3    breach-of-contract proceedings pending in other jurisdictions. *See, e.g.*, *Knapp v. Depuy Synthes Sales Inc.*,

4    No. 13-CV-01153 TLN-DAD, 2013 WL 5703356 (E.D. Cal. Oct. 18, 2013); *Harrison v. Synthes USA Sales,*

5    *LLC*, No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662, at *2-4 (E.D. Cal. Mar. 13, 2013); *Schmitt*, 2001

6    WL 590039, at *3 (dismissing declaratory action by California resident in favor of former employer's  action

7    to enforce restrictive covenants, filed in Colorado, because plaintiff in California "simply wanted to wrest the

8    choice of forum away from the allegedly aggrieved party"); *DeFeo v. Procter & Gamble Co.*, 831 F. Supp.

9    776, 778 (N.D. Cal. 1993) (dismissing California declaratory judgment action, even though filed one day

10   before Ohio state court action by former employer, because "were this court to proceed, it would be making

11   needless decisions of state law, rewarding forum shopping, and engaging in duplicative litigation"); *Marcelo v.*

12   *Ivy Ventures, LLC*, No. C 10-04609 WHA, 2010 WL 5115437, *7-9 (N.D. Cal. Dec. 9, 2010); *Google, Inc. v.*

13   *Microsoft Corp.*, 415 F. Supp. 2d 1018, 1019-20 (N.D. Cal. 2005); S*wenson v. T-Mobile USA, Inc.*, 415 F.

14   Supp. 2d 1101, 1106 (S.D. Cal. 2006). This Court should decline jurisdiction for the same reasons.

15
16               **a.     Dismissing This Litigation Would Avoid Needless Determination of**
                          **Texas State Law.**

17   The first *Brillhart* factor favors declining jurisdiction over this action to avoid needlessly determining

18   issues of Texas state law. The parties agreed that the agreement will be governed by Texas law. Although

19   Plaintiffs may argue, contrary to the Agreement's choice-of-law clause, that California law, rather than Texas

20   law, should apply to this dispute—which Defendants vigorously dispute—the Court need not decide the

21   choice-of-law issue at this juncture to decline jurisdiction under *Brillhart*. *See, e.g., Lenscrafters, Inc. v. Liberty*

22   *Mut. Fire Ins. Co.*, No. C 07-2853SBA, 2007 WL 2729411, at *6 (N.D. Cal. Sept. 18, 2007).

23   Moreover, the Texas action concerns additional claims under Texas state law against Plaintiffs for,

24   among other things, actual and threatened trade secret misappropriation, breach of fiduciary duty, conversion,

25   and tortious interference with contractual and prospective business relations. *See Knapp*, 2013 WL 5703356

26   (dismissing employee's first-filed declaratory judgment action in California and reasoning that the

27   Pennsylvania litigation would more efficiently resolve all the issues presented by the present conflict); *Schmitt*,

28

19

1    2001 WL 590039, at *3; *DeFeo v. Procter & Gamble Co.*, 831 F. Supp. 776, 778 (N.D. Cal. 1993). Indeed,

2    Plaintiffs acknowledged the need for this Court to address Texas state law when they represented in their

3    portion of the Joint Case Management Conference Statement that one of the issues in this case included:

4    "**[w]hether, under Texas law, a claim for conversion extends beyond physical property to intellectual**

5    **property**." *See* Dkt. No. 37, p. 4, lines 4-5 (emphasis added).

6          Additionally, Plaintiffs' separate claim for relief under Section 17200 is immaterial to the *Brillhart*

7    analysis. *See Marcelo*, 2010 WL 5115437 , at *8 ("[T]he mere existence of a separate claim brought by

8    plaintiff under Section 17200 does not clearly distinguish this action from *Google*, *Swenson*, and the other

9    decisions" declining jurisdiction under the Declaratory Judgment Act).  *See Van Dusen v. Barrack*, 376 U.S.

10   612, 645 (1964) ("There is an appropriateness ... in having the trial of a diversity case in a forum that is at

11   home with the state law that must govern the case, rather than having a court in some other forum untangle

12   problems in conflict of laws, and in law foreign to itself."). In sum, the Eastern District of Texas is the proper

13   forum to decide the issues of Texas law present in this dispute.

14                    **b.      Dismissing This Litigation in Favor of The Texas Action Would**
                               **Discourage Forum Shopping.**
15

16         Even in the absence of a forum-selection clause, California courts routinely dismiss declaratory

17   judgment actions seeking to invalidate restrictive covenant agreements filed to deprive the natural plaintiff, the

18   employer, of its choice of forum. *See, e.g., DeFeo*, 831 F. Supp. at 778; *Schmitt*, 2001 WL 590039, at *2;

19   *Google*, 415 F. Supp. 2d at 1021. Plaintiffs amended their original Complaint generally to mirror the claims

20   Defendants previously asserted in the Texas action. These actions suggest an intent to forum shop and to

21   deprive Defendants of their choice of forum. This California action is unnecessary because the more

22   comprehensive Texas action was the first to acquire jurisdiction over the substantive issues underlying this

23   dispute. While Plaintiffs contend that California law should govern this dispute, there is no reason why

24   Plaintiffs cannot make those same conflict of law arguments to the Eastern District of Texas federal court.

25                    **c.      Dismissing This Litigation in Favor of The Texas Action Will Avoid**

26

27

28

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

**Duplicative Litigation and Waste of Judicial Resources.**

Considerations of judicial economy also weigh in favor of dismissal of this action. To illustrate, the court in *Knapp v. Deputy Synthes Sales Inc*., dismissed an employee's California declaratory judgment action seeking to invalidate a non-compete agreement on grounds that "declining jurisdiction would save judicial resources by avoiding duplicative litigation." *Knapp v. Deputy Synthes Sales Inc*., No. 13-CV-01153 TLN-DAD, 2013 WL 5703356, at *6 (E.D. Cal. Oct. 18, 2013) (*citing R.R. St. & Co*., 656 F.3d at 975). Specifically, the *Knapp* court reasoned that the parallel Pennsylvania action "may afford more complete relief since it will adjudicate not only whether the non-competition agreement is enforceable, but also Defendant's claims for misappropriation of trade secrets and for breach of fiduciary duty." *Id*; *see also Swenson v. T-Mobile U.S., Inc*., 415 F. Supp. 2d 1101, 1105-06 (declining jurisdiction over declaratory action in favor of employer's suit in Washington for breach of a restrictive covenant agreement to avoid "a waste of judicial resources"). The same reasoning applies here.

Considerations of judicial economy also weigh in favor of dismissal of this action. The Texas action will inherently resolve all properly alleged claims at issue in this case, but the California action cannot resolve all the claims in the Texas action. The Texas action involves additional claims against Plaintiffs under Texas state, common, and federal law that will survive regardless of the enforceability of the Employment Agreement. Moreover, Plaintiffs abandoned their efforts to challenge the pleadings of all but two causes of action in Defendants' Texas Second Amended Complaint. *See* RJN, Ex. 8. It would be far more efficient to allow all claims between the parties to be resolved in the same forum—*i.e.*, in the Texas action.  Thus, the Court should decline jurisdiction and dismiss the instant action.

> ### 2.  Plaintiffs Lack Standing to Bring Declaratory Judgment Claims Regarding Futurewei's California Employees and Agreements That Are Not Before This Court.

Plaintiffs lack standing to bring their declaratory judgment claims regarding Futurewei's California employees and agreements that are not before this Court. Standing is a threshold inquiry that is essential to a determination of the Court's subject matter jurisdiction. *See, e.g., Fulfillment Servs. Inc. v. United Parcel Service, Inc.*, 528 F.3d 614, 618 (9th Cir. 2008). "To satisfy Article III's standing requirements, a plaintiff must show (1) she has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent,

1    not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and

2    (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

3    *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868-69 (9th Cir. 2002) (quoting *Friends of Earth, Inc. v.*

4    *Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 180-81 (2000)); *see also Lujan v. Defenders of Wildlife*, 504

5    U.S. 555, 560-61 (1992). As the party seeking to invoke the federal court's jurisdiction, the plaintiff bears the

6    burden of establishing standing for each claim and for each form of relief sought. *See DaimlerChrysler Corp.*

7    *v. Cuno*, 547 U.S. 332, 352 (2006) (citing *Laidlaw*, 528 U.S. at 185). Plaintiffs cannot satisfy that burden.

8            To procure relief on behalf of others under Section 17200, Section 17203 requires that a plaintiff both

9    meet the standing requirements of section 17204 (*i.e.*, injury in fact and the loss of money or property as a

10   result of the unfair competition"), and comply with Code of Civil Procedure Section 382 (*i.e.*, class action

11   requirements). See Cal. Bus. & Prof. Code § 17203. Simply, Plaintiffs' sweeping relief calls upon this court

12   to "'imagine a myriad of hypotheticals,' or to speculate on the application of law to such hypotheticals'" that

13   courts have cautioned against. *See BKHN, Inc. v. Dep't of Health Servs.*, 3 Cal. App. 4th 301, 310 (1992).

14   Thus, Plaintiffs' requested relief seeks improper advisory opinions and, thus, these claims should be dismissed.

15                          a.    **Plaintiff's Claims for Declaratory and Injunctive Relief Regarding
                                  Agreements Signed by All Futurewei California Employees Are Not
16                                Ripe for Adjudication.**

17           This Court should dismiss Plaintiffs' overly broad claims for declaratory relief regarding all of

18   Futurewei's California employees and agreements because they are not ripe for adjudication. Plaintiffs' claims

19   for declaratory relief as to Futurewei's California employees and agreements not before this Court are

20   defective because declaratory relief is proper only where there is an "actual controversy" between the parties.

21           To establish a "case or controversy" within the meaning of Article III, a plaintiff must show an "injury

22   in fact" which is concrete and not conjectural, a causal causation between the injury and defendant's conduct or

23   omissions, and a likelihood that the injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at

24   560-61. In addition, the plaintiff's claim must fall within the zone of interests sought to be protected by the

25   statute or constitutional guarantee in question; the claim must be for injury to plaintiff's own legal rights and

26   interests, rather than the legal rights of interests of third parties; and the injury must be individualized or

27   confined to a discrete group—that is, courts will not adjudicate "abstract questions of wide public

28

                                                    22

1    significance" amounting only to "generalized grievances." *Valley Forge Christian College v. Americans*

2    *United for Separation of Church and State, Inc.*, 454 U.S. 464, 474–75 (1982) (citation omitted).

3          The "basic rationale" of the Article III ripeness doctrine "is to prevent the courts through avoidance of

4    premature adjudication, from entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387

5    U.S. 136, 148 (1967). "Ripeness is peculiarly a question of timing, and a federal court normally ought not

6    resolve issues involving contingent future events that may not occur as anticipated, or indeed may not occur at

7    all." *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir. 1996) (citations omitted).

8          As noted above, Plaintiffs asks for sweeping declaratory and injunctive relief regarding agreements

9    signed by any Futurewei California employee for an indefinite period of time. Rather than plead specific facts

10   regarding any specific employees, Plaintiffs ask this Court to provide general, forward-looking guidance

11   regarding Futurewei's agreements. But in declaratory judgment actions, courts do not issue advisory opinions

12   about the rights and duties of the parties—even under particular agreements—if no actual, justiciable

13   controversy has yet developed between them. *See, e.g., Otay Land Co. v. Royal Indem. Co.,* 169 Cal. App. 4th

14   556, 562-63 (2008) (A ripe controversy "must be a real and substantial controversy admitting of specific relief

15   through a decree of a conclusive character, as distinguished from an opinion advising what the law would be

16   on a hypothetical state of facts."); *Pac. Legal Found. v. California Coastal Com.*, 33 Cal. 3d 158, 172, 174

17   (1982) (speculative nature of possible projects and possible conditions on project permits pursuant to

18   challenged guidelines made declaratory relief inappropriate); *see also Younger v. Super. Ct.* 21 Cal. 3d 102,

19   119-20 (1978). Plaintiff's claims concerning persons and/or agreements not before this Court are improper

20   under Article III. Thus, such claims should be dismissed.

21                    **b.       Plaintiffs Fail to Allege Sufficiently an Injury in Fact.**

22          Plaintiffs' declaratory judgment and Section 17200 claims should be dismissed because Plaintiffs lack

23   standing to pursue them and therefore fail to state a claim upon which relief can be granted. Fed. R. Civ. P.

24   12(b)(6), 12(c). In order to state a claim for violation of section 17200, a plaintiff must allege that: (1) the

25   plaintiff has lost money or property sufficient to constitute an injury in fact under Article III of the United

26   States Constitution; and (2) there is a causal connection between the defendant's alleged violation and the

27   plaintiff's injury in fact. *See Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010); *see also*

28

DEFENDANTS' MOTION TO DISMISS, TRANSFER, OR STAY
CASE NO. 5:18-CV-00534-BLF

*Robins v. Spokeo, Inc.*, No. CV10-05306-ODW (AGRx), 2011 WL 1793334, at *1 (C.D. Cal. May 11, 2011). An absence of facts describing the money or property allegedly lost is ***fatal*** to a plaintiff's Section 17200 claim. *Saldate v. Wilshire Credit Corp.*, 711 F. Supp. 2d 1126, 1137 (E.D. Cal. 2010); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 323 (2011).

Here, Plaintiffs have not alleged the existence of an injury in fact, nor have they shown a causal connection, between Defendants' purported violations and any damages they have suffered concerning Futurewei's other California employees and agreements. There is no indication in the First Amended Complaint as to what harm Plaintiffs claim they have suffered as a result of Defendants' purported violations. Plaintiffs' claims should be partially dismissed as to employees and agreements not before this Court.

### 3. Plaintiffs' Claim for Violation of Section 17200 is Partially Time Barred.

Plaintiff's overly broad Section 17200 claim is partially time barred because it is based upon agreements signed outside the statute of limitations. Section 17208 provides for a four-year statute of limitations for claims under Section 17200, which begins to run on the date the cause of action accrued, not on the date of discovery. *See Karl Storz Endoscopy Am., Inc. v. Surgical Techs., Inc.,* 285 F.3d 848, 857 (9th Cir. 2002). This Court has held that Section 17200 claims based on the allegation that an employer required employees to sign certain restrictive covenants as a condition of employment must be brought within four years from when the agreements are executed. *See Howard v. Octagon, Inc.*, No. C 13-1111 PJH, 2013 WL 5122191, at *7, n.2 (N.D. Cal. Sept. 13, 2013).

Here, it is apparent from the face of the First Amended Complaint that Plaintiffs' overly broad Section 17200 claim is time barred. The Section 17200 claim improperly seeks injunctive relief regarding allegedly unenforceable agreements ***regardless when the agreements were signed***. *See* FAC, ¶ 1, 12, 13, 34, 36, 47. As held in *Howard*, the four-year statute of limitations under Section 17200 accrued when those agreements were signed. Thus, the Court should dismiss Plaintiff's Section 17200 claim with prejudice to the extent it seeks to assert claims regarding any purported void agreements executed outside the statute of limitations.

### D. Alternatively, The Court Should Stay This Action in The Interest of Judicial Comity.

If this Court does not dismiss or transfer this action, it should stay the case until the Eastern District of Texas resolves the Texas action. The United States Supreme Court repeatedly holds that under the doctrine of

---

24

comity, when cases involving substantially overlapping issues are pending before two federal district courts, there is a strong preference to avoid duplicative litigation. *In re Google, Inc.*, 2014 WL 5032336 at *2 (Fed. Cir. 2014); citing *Colo. River Water Conservation Dist.*, 424 U.S. at 817.

A continued stay of this action will not prejudice Plaintiffs because all issues between the parties may be heard in the Texas federal court. Allowing this action to proceed forces the parties to litigate the same dispute in two jurisdictions and creates the risk that inconsistent obligations may be imposed on the parties. Indeed, the Texas federal court already determined that the Eastern District of Texas is the mandatory, exclusive, and proper venue, the Texas court entered the parties' Agreed Order resolving Defendants' motion for Preliminary Injunction against Huang and CNEX on April 12, 2018, and the parties are exchanging discovery in the Texas action. Declaration of D. Joshua Salinas, ¶ 11.

Any stay of this action would include Huawei because it is a critical party to the Texas action. For example, Huawei established patent "families" arising from the U.S. patent applications at issue in the Texas action and filed corresponding international patent applications. *See* Defendants' Request for Judicial Notice, Ex. 1, ¶ 7. CNEX and Huang also allegedly solicited Huawei employees in violation of Huang's Agreement. *See id.*, Ex. 1, ¶ 52-53. There is no legally justifiable reason for this unnecessary, duplicative California action to proceed. Accordingly, even if this Court concludes that dismissal or transfer is not appropriate at this time, a stay should be imposed pending resolution of the parties' Texas action.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully ask this Court to dismiss, transfer, or stay this action in its entirety.

DATED: May 30, 2018                              SEYFARTH SHAW LLP


By:    */s/ Robert B. Milligan*
      Robert B. Milligan
      D. Joshua Salinas
      Attorneys for Defendant FUTUREWEI,
      TECHNOLOGIES, INC. and HUAWEI
      TECHNOLOGIES, CO., LTD.