SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:  (310) 277-7200
Facsimile:  (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (admitted *pro hac vice*)
Andrew C. Boutros (admitted *pro hac vice*)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Facsimile:  (312) 460-7000

Attorneys for Defendants
FUTUREWEI TECHNOLOGIES, INC.
and HUAWEI TECHNOLOGIES CO., LTD.,

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, and HUAWEI TECHNOLOGIES CO., LTD., a Chinese corporation and DOES 1 through 10,<br><br>Defendants. | Case No. 5:18-cv-00534-BLF<br><br>**DECLARATION OF LARRY GONZALES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>(Santa Clara County Superior Court Case No. 17CV321153)<br><br>Date:             November 1, 2018<br>Time:             9:00 a.m.<br>Courtroom:    3 - 5th Floor<br><br>Complaint Filed:    Dec. 28, 2017<br>FAC Filed:             Feb. 14, 2018 |


# DECLARATION OF LARRY GONZALES

I, Larry Gonzales, declare as follows:

1. I am an Executive Sourcing Manager, sCOE Talent Acquisition for Huawei Technologies USA, Inc ("Huawei"). In 2010, I was on contract with Futurewei Technologies, Inc. ("Futurewei"), Huawei's predecessor company as a staffing consultant until I became a full-time employee in April 2011. I have worked for Futurewei/Huawei for nearly 8 years. The following facts are true of my own personal knowledge, as to which I could competently testify.

2. I submit this declaration in support of Defendants' Motion to Dismiss or, in the Alternative, to Transfer, or to Stay Plaintiffs' Second Amended Complaint.

3. My responsibilities as a staffing consultant with Futurewei in 2010-2011 included primary project management, sourcing, and recruiting support for select business units and positions within Huawei and Futurewei (collectively, "Defendants").

4. I was involved with the recruitment of Yiren "Ronnie" Huang in 2010. Most jobs with Defendants involved 10%-30% travel. My conversations with new candidates, including my conversations with Mr. Huang, for the Defendants in 2010-2011 would have included discussions of business related travel to Plano, Texas and Defendants' other locations.

5. Defendants' practice is to allow new employees to request copies of their employment agreements before starting employment. If Mr. Huang had requested a copy of Futurewei's Employment and Confidentiality Agreement referenced in his Offer Letter from me, I would have provided him a copy. For example, I have provided soft copies of Defendants' employment agreements to other candidates in the past upon their request. If Mr. Huang had any questions about the Employment and Confidentiality Agreement, I would have provided him an answer within my knowledge or assisted him in getting a response from Futurewei's applicable department.

6. I attended Huawei's new hire orientation when I became a full-time employee with the company in April 2011. The new hire orientation was led by Bruce Bennett from Defendants' human resources department. Mr. Bennett also led the new hire orientation that Mr. Huang attended on January 19, 2011.

7. New hire orientation lasted approximately 3-4 hours. During the orientation, Mr. Bennett walked me through my employment, company policies (including the travel policy) and the employee confidentiality agreement with all the new hires. He also went over the agreement's various intellectual property related provisions, explained Defendants' intellectual property procedures, allowed the new employees time to review the agreement, and allowed time for any questions about the agreement.

8. The new hire orientation presented by Mr. Bennett was very black and white and straightforward. At no point during the orientation did I feel rushed through my review of my agreements or discouraged from asking questions.

///

///

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct and was executed this 29 day of May, 2018, at
3  2330 Central Expy, Santa Clara, CA 95050

_____
Larry Gonzales