SEYFARTH SHAW LLP
Robert B. Milligan (SBN 217348)
*rmilligan@seyfarth.com*
D. Joshua Salinas (SBN 282065)
*jsalinas@seyfarth.com*
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

SEYFARTH SHAW LLP
Michael D. Wexler (admitted *pro hac vice*)
Andrew S. Boutros (admitted *pro hac vice*)
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendants
FUTUREWEI TECHNOLOGIES, INC.
and HUAWEI TECHNOLOGIES, CO., LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| YIREN HUANG, an individual, and CNEX LABS, INC., a Delaware corporation, <br><br> Plaintiffs, <br><br> v. <br><br> FUTUREWEI TECHNOLOGIES, INC., a Texas corporation, and HUAWEI TECHNOLOGIES, CO., LTD., a Chinese corporation and DOES 1 through 10, <br><br> Defendants. | Case No. 5:18-cv-00534-BLF <br><br> **DEFENDANTS' REPLY TO THEIR MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER, OR TO STAY** <br><br> (Santa Clara County Superior Court Case No. 17CV321153) <br><br> Date: November 1, 2018 <br> Time: 9:00 a.m. <br> Courtroom: 3 - 5th Floor <br><br> Complaint Filed: Dec. 28, 2017 <br> FAC Filed: Feb. 14, 2018 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 2

    A. The Texas Forum Selection Clause is Enforceable Against Plaintiffs ......................... 2

        1. Plaintiffs' Contention of Purported Fraud and Overreaching is Insufficient to Invalidate the Forum Selection Clause Under Well-Established Case Law ...................................................................................... 2

        2. Plaintiffs' Public Policy Arguments Are Consistently Rejected by Other California Federal Courts Analyzing the Enforcement of Forum Selection Clauses ............................................................................................ 6

        3. Plaintiffs Provide No Legal Authority Explaining why CNEX and Huawei are Not Bound by the Forum Selection Clause as Closely Related Parties .............................................................................................. 8

        4. Plaintiffs Failed to Meet Their Heavy Burden of Showing that the Public Interest Facts Overwhelmingly Disfavor a Dismissal or Transfer ......... 8

    B. This Case Should Be Dismissed or Transferred in Favor of the First-Filed Texas Action ................................................................................................................ 9

    C. Plaintiffs' Claims Should Also Be Dismissed Because They Are Defective .............. 11

        1. Plaintiffs' Section 17200 Claim is Barred by the Statute of Limitations ......... 11

        2. Plaintiffs Lack Standing to Bring Claims Regarding Futurewei's California Employees and Agreements that are Not Before this Court ........... 11

        3. The Court Should Decline Jurisdiction Under the Declaratory Judgment Act ................................................................................................................... 12

    D. Alternatively, the Court Should Stay This Action in the Interest of Judicial Comity ......................................................................................................................... 13

III. CONCLUSION ............................................................................................................. 14

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Adema Techs., Inc. v. Wacker Chemie AG*,
    No. 13-cv-05599-BLF, 2014 WL 3615799 (N.D. Cal. July 22, 2014) ..................................... 8, 9

*AJZN, Inc. v. Yu*,
    No. 12-CV-03348–LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) ........................................... 6

*Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*,
    134 S. Ct. 568 (2013) ............................................................................................. 1, 8, 9, 10

*Besig v. Dolphin Boating & Swimming Club*,
    683 F.2d 1271 (9th Cir. 1982) ................................................................................................. 10

*Carnival Cruise Lines, Inc. v. Shute*,
    499 U.S. 585 (1991) .................................................................................................................. 6

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ................................................................................................................ 13

*E. Bay Women's Health, Inc. v. gloStream, Inc.*,
    No. C 14-00712 WHA, 2014 WL 1618382 (N.D. Cal. Apr. 21, 2014) ..................................... 9

*Harris Cty. Texas v. MERSCORP Inc.*,
    791 F.3d 545 (5th Cir. 2015) ..................................................................................................... 9

*Harrison v. Synthes USA Sales, LLC*,
    No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662 (E.D. Cal. Mar. 13, 2013) ......................... 6

*Hartstein v. Rembrandt IP Solutions, LLC*,
    No. 12-2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) ................................................ 7

*Howard v. Octagon, Inc.*,
    No. C 13-1111 PJH, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013) ....................................... 11

*Huawei Techs. Co. v. Yiren Huang*,
    No. 4:17-CV-00893, 2018 WL 1964180 (E.D. Tex. Apr. 25, 2018) ................................. 1, 2, 3

*Isle Capital Corp. v. Koch Carbon, Inc.*,
    No. 06-00525 MMC, 2006 WL 823186 (N.D. Cal. March 28, 2006) ..................................... 10

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952) ................................................................................................................ 13

*Knapp v. Depuy Synthes Sales Inc.*,
    983 F. Supp. 2d 1171 (E.D. Cal. 2013) ..................................................................................... 6

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936) ................................................................................................................ 13

*Lockyer v. Mirant Corp.*,
    398 F.3d 1098 (9th Cir. 2005) ............................................................................................... 13

*Mahoney v. Depuy Orthopedics*,
    No. CIV F 07-1321 AWI SMS, 2007 WL 3341389 (E.D. Cal. Nov. 8, 2007) ......................... 7

*Manetti-Farrow, Inc. v. Gucci America, Inc.*,
    858 F.2d 509 (9th Cir. 1988) ................................................................................................... 8

*Marth v. Innomark Commc'ns LLC*,
    No. CV 16-8136 DMG (RAO), 2017 WL 3081684 (C.D. Cal. Apr. 19, 2017) .................. 6, 7

*Mechanix Wear, Inc. v. Performance Fabrics, Inc.*,
    No. 2:16-cv-09152-ODW (SS), 2017 WL 417193 (C.D. Cal. Jan. 31, 2017) ........................ 6

*Meras Eng'g, Inc. v. CH2O, Inc.*,
    No. 11-CV-0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) ..................................... 6

*Meyer v. Howmedica Osteonics Corp.*,
    No. 14CV2496 AJB NLS, 2015 WL 728631 (S.D. Cal. Feb. 19, 2015) ................................ 6

*Murphy v. Schneider Nat'l, Inc.*,
    362 F.3d 1133 (9th Cir. 2004) ............................................................................................. 3, 4

*Petersen v. Boeing Co.*,
    715 F.3d 276 (9th Cir. 2013) ............................................................................................... 3, 4

*Rosado v. eBay Inc.*,
    53 F. Supp. 3d 1256 (N.D. Cal. 2014) .................................................................................. 12

*Rowen v. Soundview Commc'ns, Inc.*,
    No. 14-CV-05530-WHO, 2015 WL 899294 (N.D. Cal. Mar. 2, 2015) ................................... 6

*Scales v. Badger Daylighting Corp.*,
    No. 1:17-cv-00222-DAD-JLT, 2017 WL 2379933 (E.D. Cal. June 1, 2017) ......................... 7

*In re Segal*,
    No. 11-10998-D, 2011 WL 1582517 (11th Cir. Apr. 21, 2011) .............................................. 9

*Shapiro v. Gulf Stream Coach Inc.*,
    No. EDCV0900789VAPCWX, 2009 WL 10670410 (C.D. Cal. July 9, 2009) ....................... 4

*Spradlin v. Lear Siegler Mgmt. Servs. Co.*,
    926 F.2d 865 (9th Cir. 1991) ................................................................................................... 6

*Swenson v. T-Mobile United States, Inc.*,
    415 F. Supp. 2d 1101 (S.D. Cal. 2006) ................................................................................... 7

*Torrance v. Aames Funding Corp.*,
    242 F. Supp. 2d 862 (D. Or. 2002) ......................................................................................... 3

*Van Dusen v. Barrack*,
    376 U.S. 612 (1964) .............................................................................................................. 12

*Whipple Industries, Inc. v. Opcon AB*,
   No. CV-F-05-0902 REC SMS, 2005 WL 2175871 (E.D. Cal. Sept. 7, 2005) ...............................7

*Whittington v. Mobiloil Fed. Credit Union*,
   No. 1:16-CV-482, 2017 WL 6988193 (E.D. Tex. Sept. 14, 2017) ......................................9

*In re Yiren Ronnie Huang and CNEX Labs, Inc.*,
   Appeal No. 18-40555 (5th Cir. 2018) .................................................................13

**State Cases**

*Otay Land Co. v. Royal Indem. Co.*,
   169 Cal. App. 4th 556 (2008)...........................................................................12

*Pac. Legal Found. v. California Coastal Com.*,
   33 Cal. 3d 158 (1982) .................................................................................12

*Universal Operations Risk Management, LLC v. Global Rescue, LLC*,
   No. C 11–5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) ............................................7, 8

*Younger v. Super. Ct.*
   21 Cal. 3d 102 (1978) .................................................................................12

**Federal Statutes**

California's Unfair Competition Act ......................................................................9

Declaratory Judgment Act.........................................................................9, 12, 13

RICO ......................................................................................................8

**State Statutes**

Bus. & Prof. Code § 17208 ................................................................................11

Bus. and Prof. Code, § 17200 ...........................................................2, 8, 9, 10, 11, 13

Bus. and Prof. Code § 20040.05 ...........................................................................7

California Labor Code § 925...............................................................................7

Texas Common and Statutory Law..........................................................................10

## I. INTRODUCTION

The United States District Court for the Eastern District of Texas already found exclusive jurisdiction in the parallel dispute involving the same parties, underlying agreement, and related causes of action, to be in the Eastern District of Texas. *See Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *6 (E.D. Tex. Apr. 25, 2018). Discovery -- and various discovery disputes among the parties -- are now well underway in the Texas litigation. And, Plaintiffs in this action are already subject to the supervision of the court in the Eastern District of Texas given the Parties have agreed to the entry of a stipulated Agreed Order resolving Huawei/Futurewei's Motion for Preliminary Injunction against Huang and CNEX. All that being so, Plaintiffs' Opposition does nothing to disturb the conclusion that this duplicative California action should be dismissed, transferred to the Eastern District of Texas, or stayed pending completion of the parties' Texas litigation.

Plaintiffs admit that Huang signed his Employment Agreement with Futurewei containing the mandatory Texas forum selection clause. Plaintiffs also admit that Huang co-founded and is currently an executive with CNEX, which under applicable legal authority renders CNEX a closely related party to the Employment Agreement. Thus, the forum selection clause is presumptively valid against both Plaintiffs. *See Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). Plaintiffs Opposition notably does not dispute that Huawei may enforce the forum selection clause against Plaintiffs as a closely related party. Accordingly, this Court should dismiss the entirety of this case or transfer it to the Texas federal court already presiding over the parties' substantive claims.[1]

Plaintiffs cannot meet their **heavy burden** as to why this Court should not uphold the valid forum selection clause. *See Atlantic Marine*, 134 S. Ct. at 568 ("Because public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases."). Plaintiffs' anemic claims of purported fraud and overreaching by

---

[1] Plaintiffs' claims that Defendants have purportedly engaged in an "unfair pattern of deceit" through "bait and switch tactics" and "fraud and overreaching" are hollow labels without any evidentiary support. *See* Opposition, p. 1, lines 4-5.

1

Futurewei have been rejected by well-established Ninth Circuit authority, and, notably, the Eastern District of Texas in the parties' parallel Texas action. *See Huawei Techs. Co. v. Yiren Huang*, No. 4:17-CV-00893, 2018 WL 1964180, at *6 (E.D. Tex. Apr. 25, 2018). Plaintiffs' Opposition cannot distinguish the wealth of authorities that have rejected similar public policy arguments raised by Plaintiffs in enforcing forum selection clauses in cases with similar facts. The result in this case should be no different. This case should be dismissed or transferred to the Eastern District of Texas.

Plaintiffs' claims should also be dismissed because they are defective. Plaintiffs' Section 17200 claim is **barred** by the four-year statute of limitations because Plaintiffs' claim is based on the allegation that Futurewei required Huang to sign the Employment Agreement in 2011. Well-established authority required Huang to bring such a claim by 2014. Plaintiffs also lack standing to seek relief on behalf of unidentified Futurewei California employees and agreements that are not before this Court. This Court should abstain and decline jurisdiction over Plaintiffs' claims, which improperly seek advisory opinions. This Court should avoid the needless determination of Texas law issues that are properly before the federal court in the parties' parallel action in the Eastern District of Texas.

Accordingly, Defendants respectfully request that this Court dismiss this action, transfer it to the Eastern District of Texas, or stay it pending resolution of the parties' parallel action in Texas.

## II.     ARGUMENT

### A.     The Texas Forum Selection Clause is Enforceable Against Plaintiffs

#### 1.     Plaintiffs' Contention of Purported Fraud and Overreaching is Insufficient to Invalidate the Forum Selection Clause Under Well-Established Case Law

Plaintiffs fail to provide sufficient evidence to avoid the consequences of the mandatory Texas forum selection clause. As previously discussed in Defendants' moving papers, the court in the Eastern District of Texas in the parties' parallel action concluded that the mandatory Texas forum selection clause at issue is valid, enforceable, and not unreasonable. *See Huawei Techs. Co.¸* 2018 WL 1964180, at *5. The Texas court rejected Huang's arguments that the forum selection clause is unreasonable or a product of fraud or overreaching. *Id*. at **5-6. Notwithstanding this highly persuasive decision, Plaintiffs have submitted **no new evidence** with their Opposition to Defendants'

present motion regarding any purported fraud or overreaching. Plaintiffs' Opposition instead incorporates by reference and relies on their previously submitted evidence. The Eastern District of Texas rejected similar evidence that Plaintiffs submitted in this action.

Plaintiffs' scant contention of purported fraud and overreaching in their incorporated declarations consists of Huang alleging that Futurewei did not provide him with a copy of the Employment Agreement with sufficient time to review, did not advise him that he could consult with an attorney, and left him with the risk of losing his job if he did not sign the Employment Agreement. Huang Decl., ¶¶ 5-8; Opposition, p. 8:8-12. Federal district courts in the Ninth Circuit have already rejected similar arguments. *See Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133 (9th Cir. 2004) ("To decline enforcement of a forum selection merely on the showing of non-negotiability and power difference made by Murphy would disrupt the settled expectations of the parties here and would threaten the ability of employers to require that disputes with their employees normally be settled in their neighborhood, absent some other exigency"); *Torrance v. Aames Funding Corp.*, 242 F. Supp. 2d 862, 869 (D. Or. 2002) (rejecting plaintiffs' arguments that they were allegedly presented with a large number of documents to sign, ***they did not remember signing the arbitration clause***, ***they did not recall defendant explaining the arbitration clause or advising them of the consequences of signing it***, the arbitration clause was not orally called to the attention of or explained to plaintiffs, and had plaintiffs understood the significance of the arbitration clause, they would not have signed it); *see also Huawei Techs. Co.*, 2018 WL 1964180, at *6 ("Because all of Defendants' arguments fall short, the Court finds Defendants failed to meet their 'heavy burden' to show the forum-selection clause is unenforceable. . . . It is undisputed that Huang executed the Employment Agreement.").

Even Plaintiffs' own authorities cited in their Opposition undermine their feeble arguments of fraud and overreaching. For example, Plaintiffs' Opposition relies on *Petersen v. Boeing Co.*, 715 F.3d 276, 283 (9th Cir. 2013) for the proposition that Futurewei's conduct purportedly resulted in "inequality of bargaining power . . . in which there is an absence of meaningful choice" other than to sign the Employment Agreement. *See* Opposition, p. 7, lines 2-11. The court in *Petersen* found an employer procured a forum selection clause through fraud and overreaching when its employee

3

purportedly signed an initial employment contract with no forum selection clause, received a new contract containing a Saudi forum selection clause upon his arrival in Saudi Arabia, did not receive time to read the agreement, and was told that failure to sign would result in his being forced to return immediately to the U.S. at his own expenses." *Petersen*, 715 F.3d at 283.  These facts in *Petersen* are amply distinguishable from the present action where Futurewei gave Huang only one version of the Employment Agreement (which contained the forum selection clause), Huang attended a lengthy orientation where Futurewei walked him through and had him fill out multiple sections of the Employment Agreement, and Futurewei did not threaten Huang with having to move overseas immediately (or move at all) at his own expense if he didn't sign. *Id.*

Even more, *Petersen* **undermines** Plaintiffs' fraud and overreaching argument because it distinguished itself from *Murphy*, which found no overreaching or fraud notwithstanding evidence where an employer expressly told its employee that the contract was not negotiable, the employee received the contract two months after he commenced employment, the employee had only completed formal education through the tenth grade, and the employee signed a new contract with a similar forum selection clause for four consecutive years out of fear that he would need to find a new job if he refused to sign. *See Petersen*, 715 F.3d at 282-83; *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004).  Plaintiffs' purported evidence is even weaker than the evidence in *Murphy*.

The court in *Shapiro v. Gulf Stream Coach Inc.*, No. EDCV0900789VAPCWX, 2009 WL 10670410, at *3 (C.D. Cal. July 9, 2009) -- another case cited in Plaintiffs' Opposition -- held that a forum selection clause is not necessarily unreasonable merely because it was presented on a take-it-or-leave-it basis or in a form contract.

Here, other than conclusory assertions, Huang submits no competent or persuasive evidence in his declaration of how he was purportedly defrauded, who were the primary actors, when he asked for and was denied the opportunity to seek counsel, and/or when he asked for and was denied an explanation of any agreement terms, let alone the forum selection clauses at issue. Huang is a highly educated individual and a C-suite executive of a technology company he helped establish, and his

declaration suggests that he had prior experience signing similar confidentiality and employment agreements. *See* Huang Decl., ¶ 5. Futurewei's Offer Letter to Huang also expressly notifies Huang that his employment offer is ***conditioned upon*** his execution of Futurewei's Employment Agreement. *Id.*, Ex. A, p. 1. ("This offer of employment is ***contingent*** upon receipt of proof of identity and eligibility to work in the United States, passing a background investigation screening ***and signing the Futurewei Technologies, Inc. Employment Agreement and Confidentiality Agreement.***") (emphasis added). Huang's assumptions or supposed lack of recollection about the contents of the Employment Agreement do not constitute any fraud or overreaching by Futurewei -- nor could they. *See, e.g.*, Huang Decl., ¶ 7 ("***I do not recall*** seeing the term "governing law" or "exclusive forum.") (emphasis added); *id.* at ¶ 8 ("***I do not recall*** being given a copy of the Employment Agreement prior to the new hire orientation session where I was required to sign it.") (emphasis added).

Moreover, Huang's claim that he did not have the opportunity to review the Employment Agreement is belied by the fact that he manually made material additions to the agreement. *See* FAC, Ex. A, pp. 9-10 ("Exhibit A and Inventions Disclosure"). Indeed, Defendants' practice is to walk new employees through their agreements during orientation, allow them to request copies of their employment agreements before and during their employment, and allow them to ask questions or seek advice of counsel. *See* Declaration of Lisa McKnight in Support of Defendants' Motion to Dismiss ("McKnight Decl."), ¶¶ 5-9; Declaration of Larry Gonzales in Support of Defendants' Motion to Dismiss, ¶¶ 5-8. There is no evidence Futurewei did not provide Huang the same opportunities here. Futurewei's Employee Handbook also informs employees that they can request copies of personnel documents. *See* McKnight Decl., ¶ 7.

Additionally, Huang does not deny Defendants' evidence that Huang would have regularly interacted with Futurewei's intellectual property attorneys in Texas. Moreover, the Offer Letter itself references Futurewei's Texas locations. *See* Huang Decl., Ex. A, p. 1. Thus, Huang could reasonably expect that any litigation involving Futurewei would occur in the state of Futurewei's corporate headquarters in Texas.

///

There is no evidence of fraud or overreaching beyond Huang's conclusory, self-serving allegations. Indeed, submitting bare allegations that Huang received the agreement without in-depth and highly detailed instructions and guidance are hardly sufficient to establish fraud or to meet the exacting standard of the Ninth Circuit's controlling authority of what is needed to disturb the enforceability of a forum selection clause. Simply put, this evidence, even accepted as true for purposes of this motion, is not enough to overcome the strong presumption in favor of enforcing forum selection clauses. *See Spradlin v. Lear Siegler Mgmt. Servs. Co.,* 926 F.2d 865, 868 (9th Cir. 1991). Futurewei clearly and conspicuously disclosed the forum selection clause to Huang in a separate section within the Employment Agreement and with a bold and underlined section heading. Thus, Futurewei reasonably communicated the forum selection clause under *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991). Huang should be bound to what he agreed to and thereby bound by the forum selection clause establishing venue in Texas.

### 2. Plaintiffs' Public Policy Arguments Are Consistently Rejected by Other California Federal Courts Analyzing the Enforcement of Forum Selection Clauses

Plaintiffs' Opposition argues that the forum selection clause violates California public policy, yet Plaintiffs cannot distinguish the overwhelming wealth of authorities cited in Defendants' moving papers that have already rejected such arguments. *See, e.g.*, *Mechanix Wear, Inc. v. Performance Fabrics, Inc.*, No. 2:16-cv-09152-ODW (SS), 2017 WL 417193, at *9 (C.D. Cal. Jan. 31, 2017) (**dismissed**); *Marth v. Innomark Commc'ns LLC*, No. CV 16-8136 DMG (RAO), 2017 WL 3081684, at *4 (C.D. Cal. Apr. 19, 2017) (**transferred to the Southern District of Ohio**); *Rowen v. Soundview Commc'ns, Inc.*, No. 14-CV-05530-WHO, 2015 WL 899294, at *8 (N.D. Cal. Mar. 2, 2015) (**transferred to the Northern District of Georgia**); *Meyer v. Howmedica Osteonics Corp.*, No. 14CV2496 AJB NLS, 2015 WL 728631, at *14 (S.D. Cal. Feb. 19, 2015) (**transferred to the District of New Jersey**); *Knapp v. Depuy Synthes Sales Inc.*, 983 F. Supp. 2d 1171, 1178 (E.D. Cal. 2013) (**dismissed**); *Harrison v. Synthes USA Sales, LLC*, No. 2:12-CV-02704-GEB-AC, 2013 WL 1007662, at *2-4 (E.D. Cal. Mar. 13, 2013) (**dismissed**); *Meras Eng'g, Inc. v. CH20, Inc.*, No. 11-CV-0389 EMC, 2013 WL 146341 (N.D. Cal. Jan. 14, 2013) (**dismissed**); *AJZN, Inc. v. Yu*, No. 12-

CV-03348-LHK, 2013 WL 97916 (N.D. Cal. Jan. 7, 2013) (**transferred to the District of Delaware**); *Hartstein v. Rembrandt IP Solutions, LLC*, No. 12-2270 SC, 2012 WL 3075084 (N.D. Cal. July 30, 2012) (**dismissed**); *Universal Operations Risk Management, LLC v. Global Rescue, LLC*, No. C 11-5969 SBA, 2012 WL 2792444 (N.D. Cal. July 9, 2012) (**dismissed**); *Mahoney v. Depuy Orthopedics*, No. CIV F 07-1321 AWI SMS, 2007 WL 3341389, at *8 (E.D. Cal. Nov. 8, 2007) (**dismissed**); *Swenson v. T-Mobile United States, Inc.*, 415 F. Supp. 2d 1101, 1104-05 (S.D. Cal. 2006) (**dismissed**); *Whipple Industries, Inc. v. Opcon AB*, No. CV-F-05-0902 REC SMS, 2005 WL 2175871, at *9-*10 (E.D. Cal. Sept. 7, 2005) (**dismissed**).

Additionally, Plaintiffs' argument that California Labor Code Section 925 reflects California's public policy against non-California forum selection clauses misses the point entirely and fails to distinguish the recent authorities cited in Defendants' moving papers that have rejected that very argument. *See Scales v. Badger Daylighting Corp.*, No. 1:17-cv-00222-DAD-JLT, 2017 WL 2379933, at *5 (E.D. Cal. June 1, 2017) (Plaintiff entered into the contract at issue here in August 2014 and terminated his employment with Defendant in July 2016, before Section 925 took effect. Therefore, by its very terms, Section 925 does not apply to the Agreement."); *Marth v. Innomark Commc'ns LLC*, No. CV 16-8136 DMG (RAO), 2017 WL 3081684, at *4, n.2 (C.D. Cal. Apr. 19, 2017) ("**section 925 does not affect the 2013 contracts in this case**.") (emphasis added). Here, like in *Scales* and *Marth*, Plaintiff entered into the relevant contract in January 2011, well *before* Section 925 went into effect.

Plaintiffs' argument that enforcement of the forum selection clause in employment agreements contravenes Business and Professions Code section 20040.05 also has been rejected. *See Scales*, 2017 WL 2379933, at *6 ("Accordingly, absent a showing that dismissal would foreclose all of plaintiff's remedies, the court rejects the argument that enforcement of the forum selection clause here would contravene California's public policy against covenants not to compete").

Simply put, Plaintiffs fail to explain with authority or persuasively why this Court should depart from the long-line of cases that consistently uphold forum selection clauses in similar disputes

7

1  and instead attempt to rely upon a statute that was not even in effect when Huang executed the

2  operative agreement.

3        **3.  Plaintiffs Provide No Legal Authority Explaining why CNEX and Huawei are Not Bound by the Forum Selection Clause as Closely Related Parties**

4  Plaintiffs' Opposition fails to provide any legal authority as to why CNEX and Huawei are

5  not bound by the forum selection clause under *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d

6  509, 514 (9th Cir. 1988) and its progeny. *See Adema Techs., Inc. v. Wacker Chemie AG*, No. 13-cv-

7  05599-BLF, 2014 WL 3615799, *6 (N.D. Cal. July 22, 2014) (dismissing nonsignatory's **Section**

8  **17200** and other claims based on Germany forum selection clause).  Plaintiffs' admissions that Huang

9  co-founded CNEX, sits on its board of directors, and is its Chief Technology Officer is fatal to

10 Plaintiffs' argument that CNEX is not bound by the forum selection clause. *See* Huang Decl., ¶ 1;

11 FAC, ¶ 14.  Indeed, this Court in *Universal Operations Risk Management, LLC v. Global Rescue,*

12 *LLC*, No. C 11–5969 SBA, 2012 WL 2792444, *5 (N.D. Cal. July 9, 2012) concluded that the

13 plaintiff nonsignatory company was closely related to the agreement containing the forum selection

14 clause at issue because the company was formed by signatory employees who became executives

15 within the company.

16 Plaintiffs' Opposition also does not dispute Defendants' argument that Huawei -- a

17 nonsignatory to Huang's Agreement -- is entitled to enforce the forum selection clause against

18 Plaintiffs as a closely related party.  Accordingly, CNEX and Huawei are both bound by the forum

19 selection clause as closely related parties.²

20       **4.  Plaintiffs Failed to Meet Their Heavy Burden of Showing that the Public Interest Facts Overwhelmingly Disfavor a Dismissal or Transfer**

21 The Court need only consider the public interest factors when analyzing a forum selection

22 clause. *Atlantic Marine*, 134 S. Ct. at 582.  A party acting in violation of a forum selection clause

23 bears the burden of showing that public interest factors ***overwhelmingly*** disfavor a transfer. *Atlantic*

---

² Plaintiffs' Opposition tries to distract the Court by referencing RICO claims that are not before this Court.  Defendants' RICO claims in the Texas action are well-supported under existing case law, as even Plaintiffs appear to concede in the Texas litigation.  In this regard -- and significantly -- Plaintiffs have ***abandoned*** their efforts to challenge Defendants' RICO and common law conspiracy claims at the motion-to-dismiss stage in the Texas litigation.  As such, Defendants' RICO and common law conspiracy claims will be the subject of extensive discovery in the Texas action.

*Marine*, 134 S. Ct. at 583. Nonetheless, "[b]ecause public-interest factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atlantic Marine*, 134 S. Ct. at 574; *see also In re Segal,* No. 11-10998-D, 2011 WL 1582517, *1 (11th Cir. Apr. 21, 2011).

Plaintiffs provide no competent evidence with their Opposition showing that the public interest factors overwhelmingly disfavor transfer. Plaintiffs' argument regarding the localized interest in having the claims resolved in the Northern District of California is based on flawed reasoning that only California law governs. But Plaintiffs admit that "the [First Amended Complaint] includes declaratory relief causes of action that mirror the affirmative causes of action asserted against CNEX and [Huang] in the Texas Action. …" *See* Opposition, p. 4, lines 3-4. Yet, notwithstanding that, Plaintiffs fail to explain how California law governs the Texas statutory and common law claims asserted in the Texas Action. The fact that Plaintiffs have asserted a Section 17200 claim does not prevent this Court from enforcing the forum selection clause, as this Court has previously found. *See Adema Techs.* 2014 WL 3615799, *6 ("the Supply Agreement contains a choice of law provision that is not before the Court . . . the only matter for the Court to decide is whether the contractual forum takes precedence, and Plaintiff has not identified "a fundamental public policy underlying California's Unfair Competition Act that relates to venue.") citing *E. Bay Women's Health, Inc. v. gloStream, Inc*., No. C 14-00712 WHA, 2014 WL 1618382, at *3 (N.D. Cal. Apr. 21, 2014). The federal court in the Eastern District of Texas has the ability to address Plaintiffs' Section 17200 claim. Unremarkably, out-of-state courts (including in the Eastern District of Texas) are fully capable (and, indeed, do) address Section 17200 claims. *See, e.g., Whittington v. Mobiloil Fed. Credit Union,* No. 1:16-CV-482, 2017 WL 6988193, at *8 (E.D. Tex. Sept. 14, 2017). Accordingly, this case should be dismissed or transferred to the Eastern District of Texas.

**B.     This Case Should Be Dismissed or Transferred in Favor of the First-Filed Texas Action**

Plaintiffs' Opposition does not deny, let alone address, Defendants' argument that the Texas action has priority because Plaintiffs' original Complaint for declaratory relief contained no substantive rights or causes of action. *See Harris Cty. Texas v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015) (holding that the Declaratory Judgment Act is a procedural device for granting a

9

remedy and does not create any substantive rights or causes of action); *see also* Declaratory Relief, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 10-A.

Additionally, Plaintiffs' newly added claims in the First Amended Complaint do not relate back to the original Complaint because they assert new facts based on Futurewei's litigation activities in the Texas action, including claims not dependent on the Employment Agreement. *See* FAC ¶¶ 65, 70, 75, 80, 85, 90, 95, 100, 105, 110, 115, 120, 125, 130, 135, 140, 145, 150, 155, 160; *Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278 (9th Cir. 1982); *see also* FAC, ¶ 2 ("Defendants also seek a declaration that they have not committed violations alleged by Defendants…including violations of Texas Common and Statutory Law.")

Plaintiffs' argument that the Texas court cannot consider the Section 17200 claim misconstrues the holding in *Atlantic Marine*. Specifically, *Atlantic Marine* did not address the ability for a court to award declaratory or injunctive relief for claims based on forum selection clauses. *Atlantic Marine* instead addressed the procedure for enforcing a forum selection clause for venue purposes. Plaintiffs provide no authorities holding that a Texas court cannot determine the enforceability of a forum selection clause with a California employee. Plaintiffs' Opposition conflates their procedural challenge regarding the Texas court's venue analysis with their claim for declaratory and injunctive relief against enforcement of the forum selection clause. Those are two separate issues. Nonetheless, whether the Section 17200 claim is before the Texas court does not defeat application of the first-to-file rule because the claim -- as Plaintiffs, themselves, argue -- is based on the same core facts regarding the enforceability and scope of the Employment Agreement. Thus, the Texas and California actions are substantially similar by Plaintiffs' admission. *Isle Capital Corp. v. Koch Carbon, Inc.*, No. 06-00525 MMC, 2006 WL 823186, *3 (N.D. Cal. March 28, 2006) ("[t]he form of relief sought does not determine the similitude of the issues.")

Plaintiffs narrowly limited their original Complaint to three claims for declaratory relief regarding (1) the inventions assignment provision in the Employment Agreement,(2) the applicable law governing that inventions assignment provision, and (3) whether CNEX engaged in any tortious interference. From these three claims, Plaintiffs' First Amended Complaint has drastically expanded

to more than twenty claims that "mirror" Defendants' substantive claims in the Texas action. The present action is duplicative and unnecessary. Accordingly, this Court can and should apply the first-to-file rule to dismiss or transfer this action.

**C.  Plaintiffs' Claims Should Also Be Dismissed Because They Are Defective**

**1.  Plaintiffs' Section 17200 Claim is Barred by the Statute of Limitations**

Plaintiffs' efforts to the contrary cannot cure their defective Section 17200 claim, which is barred by the four-year statute of limitations. *See* Bus. & Prof. Code § 17208. Plaintiffs' Opposition argues that their Section 17200 claim did not accrue until they purportedly suffered an injury-in-fact when Futurewei sought "enforcement" of the forum selection clause. *See* Opposition, p. 25, lines 3-5. Although Plaintiffs try to bury *Howard v. Octagon, Inc.*, No. C 13-1111 PJH, 2013 WL 5122191 (N.D. Cal. Sept. 13, 2013), in a footnote, they cannot distinguish its applicability. Specifically, Plaintiffs' Opposition argues that *Howard* "stated that '*to the extent that* plaintiff's § 17200 claim is based on the allegation that [the defendant ] '*required*' him to enter into an employment contract that contained unfair and illegal provisions, such a claim is *arguably* time barred. …' " *See* Opposition, p. 25, n.7 (emphasis added). The "requirement" issue is exactly what Plaintiffs allege in both their First Amended Complaint and Opposition. *See* FAC, ¶ 7 ("Defendants have engaged in unlawful business practices, as described above, ***by requiring*** employees residing and working in California to sign employment contracts containing unfair and unlawful provisions that violate California public policy."); Opposition, p. 24 lines 15-17 ("Plaintiffs seek to enjoin Futurewei's unlawful practice ***requiring*** California resident to sign employment contracts containing unfair and unlawful provisions that violate California public policy.").

Accordingly, Plaintiff's Section 17200 claims are time barred because it is based on Futurewei's alleged requirement that Huang enter into the Employment Agreement more than four years ago on January 19, 2011.

**2.  Plaintiffs Lack Standing to Bring Claims Regarding Futurewei's California Employees and Agreements that are Not Before this Court**

Plaintiffs' Opposition reflects Plaintiffs' pursuit of advisory opinions and claims not ripe for adjudication. *See, e.g.*, Opposition, p. 24, lines 2-5 ("Plaintiffs are seeking a declaration that will

11

alleviate the 'future uncertainty and controversy' of rights of other California residents who . . . intend to enter into employment agreements with Defendants.").

The holding in *Rosado v. eBay Inc.*, 53 F. Supp. 3d 1256 (N.D. Cal. 2014) -- which is cited in Plaintiffs' Opposition -- is distinguishable because that court recognized an ongoing conflict that may affect others facing ***similar circumstances*** as Plaintiff." (emphasis added).  Plaintiffs have failed to identify any purported individuals in similar circumstances, or what those similar circumstances are.

As previously discussed, Plaintiffs ask for sweeping declaratory and injunctive relief regarding agreements signed by any Futurewei California employee for an indefinite period of time. Rather than plead specific facts regarding any specific employees and illustrating which employees are in "similar circumstances" as Huang, Plaintiffs ask this Court to provide general, forward-looking guidance regarding Futurewei's agreements.  But in declaratory judgment actions, courts do not issue advisory opinions about the rights and duties of the parties -- even under particular agreements -- if no actual, justiciable controversy has yet developed between them. *See, e.g., Otay Land Co. v. Royal Indem. Co.,* 169 Cal. App. 4th 556, 562-63 (2008) (A ripe controversy "must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be on a hypothetical state of facts."); *Pac. Legal Found. v. California Coastal Com.*, 33 Cal. 3d 158, 172, 174 (1982) (speculative nature of possible projects and possible conditions on project permits pursuant to challenged guidelines made declaratory relief inappropriate); *see also Younger v. Super. Ct.* 21 Cal. 3d 102, 119-20 (1978). Plaintiffs' claims concerning persons and/or agreements not before this Court are improper under Article III. Thus, the Court should respectfully dismiss such claims.

   **3.**  **The Court Should Decline Jurisdiction Under the Declaratory Judgment Act**

This Court should also decline jurisdiction over this action under the Declaratory Judgment Act to avoid the needless determination of state law issues and duplicative litigation.  Plaintiffs' Opposition fails to address why this Court should rule on claims based on Texas statutory and common law that Plaintiffs admit "mirror" the Texas action, which is already well underway in Texas. *See Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964) ("There is an appropriateness…in

12

having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."). Such "mirror" claims are the epitome of duplicative litigation.

Additionally, Plaintiffs' alleged Section 17200 claim does not prevent this Court from declining jurisdiction under the Declaratory Judgment Act. As previously discussed, Plaintiffs' Section 17200 claim is defective on its face. Moreover, Plaintiffs erroneously argue that the Texas court can never determine the enforceability of the forum selection clause. Accordingly, this Court should invoke the abstention doctrine as the Texas action will more efficiently resolve all the issues in this dispute.

### D. Alternatively, the Court Should Stay This Action in the Interest of Judicial Comity

If this Court does not dismiss or transfer this action, it should stay the case until the Eastern District of Texas resolves the Texas action to avoid duplicative litigation. *See Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976); *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952). As previously discussed above, Plaintiffs conflate the issue of whether the Texas court can consider the forum selection clause for venue and declaratory or injunctive relief purposes. Plaintiffs fail to show why they cannot make the same arguments or assert the same claims in the Texas action.

Plaintiffs' pending mandamus appeal to the 5th Circuit *In re Yiren Ronnie Huang and CNEX Labs, Inc.*, Appeal No. 18-40555 (5th Cir. 2018), further supports a stay of this litigation pending resolution of the parties' Texas action. This is so based on this Court's inherent authority "to control the disposition of the cases [sic] on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

///

///

### III.   CONCLUSION

For all of the foregoing reasons, Defendants respectfully ask this Court to dismiss, transfer, or stay this action.

DATED: June 20, 2018                                    SEYFARTH SHAW LLP


By:   */s/ Robert B. Milligan*
Robert B. Milligan
D. Joshua Salinas
Attorneys for Defendants FUTUREWEI, TECHNOLOGIES, INC. and HUAWEI TECHNOLOGIES, CO., LTD.